IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
DEC 18 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Edward D. Washington
7124 Strathmore Street
Falls Church, VA 22042

   Plaintiff,

Elaine L. Chao
   Secretary of Labor
U.S. Department of Labor
200 Constitution Avenue, N.W.
Washington, D.C. 20210

   Defendant.

CASE NUMBER   1:06CV02149

JUDGE: Colleen Kollar-Kotelly

DECK TYPE: Pro se General Civil

DATE STAMP: 12/18/2006

**JURY TRIAL DEMANDED**

## COMPLAINT

1.   This civil action is filed under Section 717 of Title VII of the Civil Rights Act of 1964 (hereinafter "the Civil Rights Act") against Elaine L. Chao (hereinafter "Defendant" or "Secretary Chao"), in her official capacity as Secretary of the Department of Labor, (hereinafter "Department"). This action seeks money damages from Secretary Chao and the Department for illegal actions taken by personnel within the Department, when they discriminated against Mr. Edward D. Washington (hereinafter "Plaintiff") based on his race (African-American).

### A.   PARTIES

2.   Plaintiff, Edward D. Washington, is an African America male who is a citizen of the United States, and a resident of Falls Church, Virginia. He was a resident of this location at the time the discrimination took place and all relevant times thereafter.

Plaintiff is an applicant for employment within the meaning of § 717 of the Civil Rights Act.

3. Defendant is the head of the Department of Labor, a United States government agency, whose headquarters is located at 200 Constitution Avenue NW, Washington, D.C. 20210.

4. Defendant is subject to suit under Title VII of the Civil Rights Act of 1964 because the complaint arises from a claim of non-selection due to race discrimination caused by officials of the Department of Labor.

5. For the purpose of this complaint, all references to the Department refer to the Department and its managers, supervisors, employees and agents, including the selecting officials of whose actions are complained in this suit.

### B. JURISDICTION AND VENUE

6. This action is filed pursuant to §717 of Title VII of the Civil Rights Act of 1964. This Court has jurisdiction over Plaintiff's claim pursuant to 28 U.S.C. §1331.

7. Venue is governed by 42 U.S.C. 2000e-5(f)(3). Venue in this Court is appropriate because it is the District of Columbia in which the unlawful employment practice occurred and in which the employment records relevant to such practice are maintained and administered.

### C. EXHAUSTION OF ADMINISTRATIVE REMEDIES

8. Plaintiff timely filed with the Equal Employment Opportunity Commission (EEOC) a charge of discrimination against Defendant. Plaintiff received a notice of the right to sue from the EEOC on September 22, 2006, within 90 days of the filing of this complaint.

## D.  FACTUAL ALLEGATIONS

9. Plaintiff, an African American male, is a retired Army Veteran who held several positions within the government from 1969 - 1994. He spent four years as a Contract Specialist, where he received experience in vast areas of contract work including, analysis of contract proposals, negotiating price, terms and conditions of the contracts, conducting award audits, and other areas, giving him extraordinary experience as a Contract Specialist.

10. Since retiring from the Army, Plaintiff has worked as the managing director for a company that provides limousine services, contract consulting services, and food safety training. In his role, Plaintiff develops and executes strategic plans for the company.

11. In March 2004, Plaintiff applied for Vacancy Announcement ETA-04-047PN, Contract Specialist, GS-1102-09, issued by the U.S Department of Labor.

12. The vacancy announcement required the applicants to demonstrate their knowledge, skills and abilities as it pertained to the Contract Specialist job for which they were being hired. Plaintiff answered the questions fully, based on the directions and information required by each question.

13. His responses provided information showing that he met or exceeded all qualifications for the position of Contract Specialist.

14. On April 26, 2004, Plaintiff received an anonymous phone call from someone at the Department of Labor, informing him that he was the best qualified candidate, but the position would not be offered to him.

15. The anonymous caller was able to identify the selectee by name, Jennifer Snook, and by race, white.

16. Plaintiff saved the voice message and composed a letter to the Office of Inspector General, the same afternoon that he received the phone call, to inquire about the information that was shared with him.

17. Plaintiff was then directed by the Office of the Inspector General to contact the Civil Rights office for further assistance.

18. Following the anonymous phone call, Plaintiff received a letter dated May 3, 2004, from Mr. Keith Bond, Contracting Officer, informing him that another candidate had been selected for the position.

19. The composite rating sheet completed by the panelists showed his score of 99 by the selection committee, despite the fact that he brought four years of comparable and qualifying experience to the position, and he received and additional five points for his 24 years of military service.

20. The person selected to the position, Ms. Jennifer Snook, a white female, who had only one year of comparable and qualifying job experience as a contract worker, received a composite rating by the panelist of 100.

21. Ms. Snook was supervised by Ms. Magruder, a non-African American woman and one of the panelists evaluating the applicant applications.

22. In his follow-up discussions about his selection, Mr. Bond stated that Ms. Snook was selected because she had the qualifications for the position and he was familiar with her abilities. Specifically, Mr. Bond identified Ms. Snook's experience in processing architecture & engineering construction-type contracting, preparing

solicitation documents, including Requests for Proposal, and her knowledge of DOL regulations and policies.

23. This experience held by Ms. Snook was all acquired during her first year with the Department of Labor.

24. Mr. Bond stated that he did not select Plaintiff because he had not had a performance appraisal since 1992; he had no knowledge of A&E construction-type contracting; and his most recent Contract Specialist experience was in April 1994.

25. Mr. Bond made his decision based solely on the information asked in the applicant packet, as reviewed by the selection committee and Mr. Bond did not elect to interview either candidate, although their composite rating was only off by one point.

## ARGUMENT

26. Defendant discriminated against Plaintiff by treating him and his application differently by intentionally ignoring the Plaintiff's extensive experience as a contract specialist, by failing to conduct an interview particularly when the candidate score of the non-minority was so close, and by failing to inquire and investigate the Plaintiff's specific contracting experience and current knowledge prior to making a selection, and by considering factors outside the stated position duties and responsibilities in selecting the non-minority.

27. Mr. Bond had personal knowledge of Ms. Snook's experience; however, he was also aware that Ms. Snook had received no formal performance evaluations related to her ability to perform as a contract specialist. Rather, all she had was an email describing her performance. This email came from Ms. Snook's supervisor, Ms. Magruder, who was also one of the members of the selection committee.

28. On the other hand, the Plaintiff had several performance appraisals that were for the position of Contract Specialist for which he applied. He was appraised as a Contract Specialist in August 1992, receiving ratings of success, excellence and among the best by the government. All of his appraisals consistently demonstrated his ability to successfully work as a contract specialist. Additionally, his extensive record of training certifications illustrated his desire to constantly excel in his position.

29. When Mr. Bond chose to focus on the Plaintiff's alleged outdated knowledge of the Federal Acquisition Regulations (FAR), Mr. Bond was aware of the Office of Management and Budget's Policy Letter, dated April 2005, which was issued to the entire Executive Branch of the federal government stating that retraining and re-certification was unnecessary. This memorandum shows a strong basis for the Defendant to have given full credit to the Plaintiff's more extensive knowledge of federal contracting such that he should not have been downgraded to the time period in which this knowledge was obtained.

30. Further, none of the knowledge, skills and abilities questions required or asked applicants to share the knowledge, skill or experience in A&E construction-type contracting. Therefore, the Plaintiff did not include this information.

31. However, if the questions had asked for such experience such that Plaintiff would have been aware of the selection committee's apparent intent to rely on this information in determining his experience, he could have and would have included in his experience some two and a half years in A&E construction-type contracting with the government.

32. Based on the Plaintiff's superior qualifications, including his greater experience and veteran's preference for honorable discharge, he was clearly the most qualified candidate and should have been selected. The reasons stated for the Plaintiff's non-selection are pretextual and discriminatory.

33. Plaintiff knew prior to the letter acknowledging his non-selection that the person selected was a white female, and the Department was on notice prior to notifying him of the selection that there were questions about the selection process. The Department failed to timely act on that information and failed to investigate or take any action to stop the discriminatory action after notice.

34. Moreover, Plaintiff, a Black male, was not afforded the clearly preferential treatment given to Ms. Snook, a White female, including underrating his qualifications and overrating hers; using factors outside the position description and stated job duties to select her; failing to ask for additional information about his architecture and engineering construction-type contracting experience which was outside the scope of the standard questions and used as a factor to select her; and using information known to the selection officials about her outside the scope of the normal selection process without affording him the opportunity through clarification of his answers or in an interview whether and how he possessed similar and more experience.

35. It is clear that Mr. Bond's non-selection of Plaintiff was motivated by his desire and preference to employ Ms. Snook, a white female, over Mr. Washington, in direct violation of federal civil rights law.

### E. CLAIM FOR RELIEF

**Failure to Hire: Employment Discrimination Based on Race in Violation of 42 U.S.C. §717**

36.     Plaintiff Edward D. Washington re-alleges and incorporates by reference all allegations set forth in paragraphs 1 through 35 of this Complaint.

37.     Defendant discriminated against Plaintiff on the basis of his race (black) in violation of §717 of Title VII of the Civil Rights Act of 1964.

38.     On May 3, 2004, Mr. Bond unlawfully discriminated against Mr. Washington on the basis of race when he unlawfully denied the position of Contract Specialist, GS-1102-09, Vacancy Announcement ETA-04-047PN.

39.     In March 2004, Mr. Washington applied for the position of Contract Specialist GS-1102-09, Vacancy Announcement ETA-04-047PN.

40.     Mr. Washington was qualified for the vacancy. Further, his qualifications exceeded that of the selectee, Ms. Jennifer Snook, as Mr. Washington had four years of experience as a Contract Specialist in comparison to Ms. Snook's one year as a contract worker. Through his experience, Mr. Washington acquired knowledge of the legislation, policies, regulations, and methods used in contracting as well of knowledge of business and industry practices, and he worked with contract lawyers to obtain legal sufficiency reviews. Additionally, he has ten years of experience as a business owner where he has managed and consulted on various types of contracts related to his business.

41.     On April 26, 2004, Mr. Washington received an anonymous phone call, stating that he was the best qualified person, but a white female was being selected for the position.

42.     On May 3, 2004, Mr. Washington received a letter from Mr. Bond stating that the job was being offered to someone else.

43.     Mr. Washington learned that a white female with less contracting knowledge and experience had been selected for the position of Contract Specialist.

44.     Mr. Bond's articulated reason(s), i.e. outdated experience and lack of A&E construction-type contracting experience were unsupported by investigation, interview or fact, and were a pretext for his act of discrimination on the basis of race against Mr. Washington.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that the Court issue judgment against the Defendant granting the Plaintiff the following relief:

1.     Award Plaintiff compensatory and consequential damages in an amount to be determined;

2.     Issue an order declaring that the acts and practice complained of herein are in violation of Plaintiff Washington's civil rights;

3.     Order back pay to Mr. Washington retroactive to the date that he would have been hired plus interest;

4.     Order front pay to Mr. Washington from the date he should have been hired to the present;

5.     Order payment of related salary increases, retirement benefits and related that Mr. Washington would have received and been entitled to when he should have been hired.

6.     All costs and any legal fees incurred in the processing of the complaint at the EEOC and in pursuing in this Court to final adjudication or settlement; and

7.     To grant such other relief as this Court deems just.

                                                                      Respectfully Submitted,

                                                       Edward D. Washington
                                                       *Plaintiff Pro-Se*
                                                       7124 Strathmore Street
                                                       Falls Church, VA 22042
                                                       703-521-2100



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
Office of Federal Operations
P. O. Box 19848
Washington, D.C. 20036

Edward D. Washington,
Complainant,

v.

Elaine Chao,
Secretary,
Department of Labor,
Agency.

Request No. 05A60972

Appeal No. 01A62627
Agency No. 04-11-116

## DENIAL

Complainant timely requested reconsideration of the decision in *Edward D. Washington v. Department of Labor*, EEOC Appeal No. 01A62627 (August 10, 2006). EEOC Regulations provide that the Commission may, in its discretion, grant a request to reconsider any previous Commission decision where the requesting party demonstrates that: (1) the appellate decision involved a clearly erroneous interpretation of material fact or law; or (2) the appellate decision will have a substantial impact on the policies, practices, or operations of the agency. *See* 29 C.F.R. § 1614.405(b).

After reconsidering the previous decision and the entire record, the Commission finds that the request fails to meet the criteria of 29 C.F.R. § 1614.405(b), and it is the decision of the Commission to deny the request. The decision in EEOC Appeal No. 01A62627 remains the Commission's final decision. There is no further right of administrative appeal on the decision of the Commission on this request.

## COMPLAINANT'S RIGHT TO FILE A CIVIL ACTION (P0900)

This decision of the Commission is final, and there is no further right of administrative appeal from the Commission's decision. You have the right to file a civil action in an appropriate United States District Court **within ninety (90) calendar days** from the date that you receive this decision. If you file a civil action, you must name as the defendant in the complaint the

2                                                                      05A60972

... is the official agency head or department head, identifying that person by his or
... name and official title. Failure to do so may result in the dismissal of your case in
... "agency" or "department" means the national organization, and not the local office,
... or department in which you work.

### RIGHT TO REQUEST COUNSEL (Z1199)

... ide to file a civil action, and if you do not have or cannot afford the services of an
... you may request that the Court appoint an attorney to represent you and that the
... you to file the action without payment of fees, costs, or other security. *See* Title
... Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*; the Rehabilitation
... as amended, 29 U.S.C. §§ 791, 794(c). **The grant or denial of the request is
... the discretion of the Court.** Filing a request for an attorney does not extend your
... to file a civil action. Both the request and the civil action must be filed within
... its as stated in the paragraph above ("Right to File a Civil Action").
... COMMISSION:

*[signature]*

_____
... Madden, Director
... Federal Operations

_____
... 06

3                                                                  05A60972

## CERTIFICATE OF MAILING

For timeliness purposes, the Commission will presume that this decision was received within five (5) calendar days after it was mailed. I certify that this decision was mailed to the following recipients on the date below:

        Washington
        nore St
        , VA 22042

        T. Lockhart, Director
        Civil Rights
        of Labor
        tion Ave., NW #N4123
        , DC 20210

2006
_____

_____
Opportunity Assistant

06-2149
F
CKK

JS-44
(Rev.1/05 DC)

# CIVIL COVER SHEET

**I (a) PLAINTIFFS**
Edward D. Washington

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF 88888
(EXCEPT IN U.S. PLAINTIFF CASES)

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUM

**DEFENDANTS**
Elaine L. Chao
Secretary of Labor

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)

CASE NUMBER 1:06CV02149
JUDGE: Colleen Kollar-Kotelly
DECK TYPE: Pro se General Civil
DATE STAMP: 12/18/2006

**II. BASIS OF JURISDICTION**
(PLACE AN x IN ONE BOX ONLY)

- ☒ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. CASE ASSIGNMENT AND NATURE OF SUIT**
(Place a X in one category, A-N, that best represents your cause of action and **one** in a corresponding Nature of Suit)

**☐ A. Antitrust**
- ☐ 410 Antitrust

**☐ B. Personal Injury/Malpractice**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Medical Malpractice
- ☐ 365 Product Liability
- ☐ 368 Asbestos Product Liability

**☐ C. Administrative Agency Review**
- ☐ 151 Medicare Act

Social Security:
- ☐ 861 HIA ((1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g)
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g)

Other Statutes:
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

**☐ D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

**☐ E. General Civil (Other)  OR  ☒ F. Pro Se General Civil**

**Real Property**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent, Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**Personal Property**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**Bankruptcy**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**Property Rights**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**Federal Tax Suits**
- ☐ 870 Taxes (US plaintiff or defendant
- ☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
- ☐ 610 Agriculture
- ☐ 620 Other Food &Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 RR & Truck
- ☐ 650 Airline Regs
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**Other Statutes**
- ☐ 400 State Reapportionment
- ☐ 430 Banks & Banking
- ☐ 450 Commerce/ICC Rates/etc.
- ☐ 460 Deportation

- ☐ 470 Racketeer Influenced & Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Satellite TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 900 Appeal of fee determination under equal access to Justice
- ☐ 950 Constitutionality of State Statutes
- ☒ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ☐ G. *Habeas Corpus/ 2255*<br>☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☒ H. *Employment Discrimination*<br>☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ I. *FOIA/PRIVACY ACT*<br>☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br><br><br>*(If pro se, select this deck)* | ☐ J. *Student Loan*<br>☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |
|---|---|---|---|
| ☐ K. *Labor/ERISA (non-employment)*<br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ L. *Other Civil Rights (non-employment)*<br>☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ M. *Contract*<br>☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ N. *Three-Judge Court*<br>☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
☒ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify) ☐ Multi district Litigation ☐ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
42 U.S.C. 1717

**VII. REQUESTED IN COMPLAINT**   CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 ☐   DEMAND $   Check YES only if demanded in complaint   JURY DEMAND: ☒ YES ☐ NO

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   ☐ YES ☒ NO   If yes, please complete related case form.

DATE 18 DEC 06   SIGNATURE OF ATTORNEY OF RECORD  Edward D. Washington

---

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I. COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III. CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed <u>only</u> if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV. CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the <u>primary</u> cause of action found in your complaint. You may select only <u>one</u> category. You <u>must</u> also select <u>one</u> corresponding nature of suit found under the category of case.

VI. CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.

N:\forms\js-44.wpd