## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **EDWARD D. WASHINGTON** | ) |
| | ) |
| **Plaintiff pro se,** | ) |
| | ) |
| **v.** | )    **Civil Action No.:  06-2149 (CKK)** |
| | ) |
| **ELAINE L. CHAO,** | ) |
| **Secretary,** | ) |
| **U.S. Department of Labor,** | ) |
| | ) |
| **Defendant.** | ) |
| | ) |

### DEFENDANT'S ANSWER

Defendant, identified in Plaintiff's Complaint as Elaine L. Chao, Secretary, U.S.

Department of Labor, by and through undersigned counsel, hereby answers the numbered

paragraphs of Plaintiff's Complaint as follows:

### FIRST DEFENSE

The Complaint contains certain claims upon which relief may not be granted.

### SECOND DEFENSE

The Complaint is or may be barred by the applicable statute of limitations.

### THIRD DEFENSE

Defendant reserves the right to amend its Answer should facts learned in discovery so

warrant.  Defendant also reserve the right to assert any other matter that constitutes an avoidance

or affirmative defense under Fed. R. Civ. P. 8(c).

<u>FOURTH DEFENSE</u>

Defendant denies each and every allegation in the Complaint except as may be expressly and specifically admitted.  Defendant responds to the separately numbered paragraphs and prayers for relief as follows:


1.  The allegations of this paragraph constitute a legal conclusion on the part of Plaintiff and as such do not require an answer.  To the extent that an answer may be deemed to be required the allegations are denied.


2.  Defendant admits that Plaintiff has alleged illegal discrimination on the basis of race, African-American, but does not have sufficient information or belief to answer the remaining allegations of this paragraph.


3.  Defendant admits that Elaine Chao is the United States Secretary of Labor, and the Department of Labor is an agency of the federal government, with headquarters located at 200 Constitution Ave. N.W., Washington, D.C., 20210.  Defendant otherwise denies the remaining allegations of this paragraph.

4.  The allegations of this paragraph constitute a legal conclusion on the part of Plaintiff and as such do not require an answer.  To the extent that an answer may be deemed to be required the allegations are denied.

5.  This paragraph constitutes Plaintiff's characterization of the complaint and does not require an answer.

6.  The allegations of this paragraph constitute a legal conclusion on the part of Plaintiff and as such do not require an answer.  To the extent that an answer may be deemed to be required the allegations are denied.

7. The allegations of this paragraph constitute a legal conclusion on the part of Plaintiff and as such do not require an answer.  To the extent that an answer may be deemed to be required the allegations are denied.

8. Defendant does not have sufficient information and belief to either admit or deny the allegations of this paragraph.

9.  Defendant does not have sufficient information and belief to either admit or deny the allegations of this paragraph.

10. Defendant does not have sufficient information and belief to either admit or deny the allegations of this paragraph.

11. Admit.

12. Defendant admits the allegations of the first sentence of this paragraph. The allegations of the second sentence constitute Plaintiff's characterization of certain facts and as such do not require an answer. To the extent that an answer may be deemed required the allegations are denied.

13. Defendant admits that Plaintiff met the minimum qualifications for the position advertised as ETA-04-047PN referenced in paragraph 11, supra, and denies the remaining allegations of this paragraph.

14. Defendant does not have sufficient information and belief to either admit or deny the allegations of this paragraph.

15. Defendant does not have sufficient information and belief to either admit or deny the allegations of this paragraph.

16. Defendant does not have sufficient information and belief to either admit or deny the allegations of this paragraph.

17.  Defendant does not have sufficient information and belief to either admit or deny the allegations of this paragraph.

18.  Defendant admits that the selecting official, Mr. Keith Bond, sent a letter to Plaintiff dated May 3, 2004, advising him that another person had been selected for the position advertised as ETA-04-047PN, and otherwise denies the allegations of this paragraph.

19.  Defendant admits that the certificate of eligibles for the position advertised as ETA-04-047PN provided to the selecting official indicated a score of 100 for the selectee and 99 for Plaintiff and otherwise denies the remaining allegations of this paragraph.

20.  Defendant admits that the selectee for the position identified as ETA-04-047PN was Ms. Jennifer Snook, a white female who received a score of 100 by the ranking panel, and otherwise denies the remaining allegations of this paragraph.

21.  Admit.

22.   Defendant does not have sufficient information and belief to either admit or deny the allegations of this paragraph.

23.  Defendant admits that the selectee, Ms. Snook, worked for over one year for the Department of Labor as a contract specialist and acquired knowledge and experience regarding

the position advertised as ETA-04-047PN.  Defendant otherwise denies the remaining allegations of this paragraph.

24.  Defendant admits that Mr. Bond, the selecting official for the position advertised as ETA-04-047PN, stated in an affidavit prepared as part of the investigation of Plaintiff's administrative EEO complaint filed with the Department of Labor's Civil Rights Center that, among other reasons for not-selecting Plaintiff for the position, were the facts that he had no recent experience as a contract specialist, that he had no experience regarding sealed bidding type contracting that is common in construction contracting, and that he did not provide with his application a performance evaluation more recent than 1992.  Defendant otherwise denies the remaining allegations of this paragraph.

25.  Defendant admits that Plaintiff and the selectee were separated by one point on the certificate of eligibles, and that Mr. Bond, the selecting official, did not conduct interviews of any of the candidates.  Defendant further admits that he reviewed the applications of the applicants and relied in part on his personal observations of the work product of the selectee in making his decision.  Defendant denies the remaining allegations of this paragraph.

26.  Defendant admits that no interviews of the applicants were conducted and denies the remaining allegations of this paragraph.

27.  Defendant admits that Mr. Bond had personal knowledge of and the opportunity to

observe the job performance of the selectee in a contract specialist position and that the selectee's supervisor, Ms. Magruder, was one of the two qualification rating examiners for the position. Defendant also admits that Ms. Magruder executed a written performance evaluation of the selectee.  Defendant denies the remaining allegations of this paragraph.

28.  Defendant admits that Plaintiff submitted with his application for the position advertised as ETA-04-047PN performance evaluations prepared during his tenure with the United States Army that ended in 1994, and that one of these evaluations concerned his duties as a contract specialist with the Army in 1992.  The remaining portion of the allegations of this paragraph constitutes Plaintiff's interpretation and description of certain alleged facts and as such does not require an answer.  To the extent that an answer may be deemed required Defendant denies the remaining allegations of this paragraph.

29.  Denied.

30.  Defendant admits that the vacancy announcement ETA-04-047PN does not contain the specific language  "A & E Construction-type contracting," and otherwise denies the remaining allegations of this paragraph.

31.  Defendant does not have sufficient information and belief to either admit or deny the allegations of this paragraph.

32.  Denied.

33.  Defendant has no information or belief upon which to provide an answer to Plaintiff's allegation that he was aware of the race of the selectee at any time and denies the remaining allegations of this paragraph.

34.  Denied.

35.  Defendant admits that Mr. Bond concluded that the selectee was the best candidate for the position and otherwise denies the remaining allegations of this paragraph.

36.  The paragraph constitutes Plaintiff's characterization of the complaint and does not require an answer.  To the extent that an answer may be deemed to be required Defendant denies the allegations of this paragraph.

37.  Denied.

38.  Denied.

39.  Admit.

40.  Defendant admits that Plaintiff met the minimum qualifications for the position

advertised as ETA-04-047PN and denies that Plaintiff was more qualified for the position than the selectee. Defendant does not have sufficient information or belief upon which to admit or deny the allegations contained in the third and fourth sentences of this paragraph.

41. Defendant does not have sufficient information and belief to either admit or deny the allegations of this paragraph.

42. Defendant does not have sufficient information and belief to either admit or deny the allegations of this paragraph.

43. Defendant denies that the selectee had less knowledge and experience than Plaintiff and denies the remaining allegations of this paragraph.

44. Denied.

The remainder of the Complaint consists of Plaintiff's request for relief to which no response is required. To the extent that a response is deemed necessary, Defendant denies the allegations in subparagraphs (1) through (7) of Plaintiff's prayer for relief and denies that Plaintiff is entitled to any relief whatsoever.

Defendant denies each and every allegation of the Complaint not specifically and expressly admitted herein.

WHEREFORE, having fully answered, Defendant respectfully requests that this action be dismissed and that the Court grant such other relief as it deems appropriate.

Dated: March 5, 2007.

Respectfully submitted,

___/s_/_____
JEFFREY A. TAYLOR, D.C. BAR #498610
United States Attorney


__/s/_____
RUDOLPH CONTRERAS, D.C. BAR #434122
Assistant United States Attorney


__/s/_____
ALEXANDER D. SHOAIBI, D.C. BAR #423587
Assistant United States Attorney
5O1 Third Street, N.W., Rm E-4818
Washington, D.C.  20530
(202) 514-7236

## CERTIFICATE OF SERVICE

I hereby certify that on this  5th  day of March, 2007, I caused the foregoing **Defendant's Answer** to be served on plaintiff, postage prepaid, addressed as follows:

> Edward D. Washington
> 7124 Strathmore Street
> Falls Church, VA 22042

/s/
ALEXANDER D. SHOAIBI
Assistant United States Attorney

11