UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| EDWARD D. WASHINGTON ) | |
| ) | |
|     Plaintiff pro se, ) | |
| ) | |
| v. ) | Civil Action No.:  06-2149 (CKK) |
| ) | |
| ELAINE L. CHAO, ) | |
|     Secretary, ) | |
|     U.S. Department of Labor, ) | |
| ) | |
|     Defendant. ) | |
| ) | |

**LOCAL RULE 16.3 REPORT**

The parties, having conferred by telephone, provide this report to the Court in accordance with Local Rule 16.3(d).

Statement of the Case

Plaintiff is a retired Army veteran who applied for the position of Contract Specialist with the Department of Labor in March of 2004 pursuant to a vacancy announcement.  He filed this lawsuit pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a) ("Title VII"), alleging that he had been discriminated against on the basis of race. The sole issue in the case is whether defendant violated plaintiff's rights under Title VII by discriminating against him when he was not selected for a position for which a white female was selected.

Matters to be addressed under Rule 16.3(c):

1.   Dispositive motion:  Defendant believes this case may be disposed of by dispositive motion after discovery; plaintiff anticipates filing a response to a dispositive motion.

2.   Joinder, amendments, narrowing of issues:  No other parties are anticipated.  No amendments to the pleadings are anticipated.

3. <u>Magistrate judge</u>: The parties do not agree concerning assignment to a magistrate judge for any purposes.

4. <u>Possibility of Settlement</u>: While it is too early to tell if there is a reasonable possibility of settling the case, defendant does not currently see a basis for settlement.

5. <u>Alternative Dispute Resolution</u>:   Counsel for defendant has discussed ADR with the defendant agency and does not believe ADR would be appropriate at this time prior to discovery. Plaintiff also believes that ADR would not be appropriate now.

6. <u>Motions</u>:  Defendant believes this case will be suitable for a summary judgment motion at the close of discovery.   Motions should be filed within forty-five days of the close of discovery. Oppositions should be filed thirty days thereafter and replies filed within fifteen days of the oppositions.

7. <u>Initial Disclosures</u>:  The parties agree to dispense with initial disclosures.

8. <u>Discovery</u>: The parties agree to allow 120 days for discovery.  Neither side anticipates the need for more than seven depositions, 33 interrogatories, and 25 document requests apiece.  No unusual discovery issues are anticipated.

9. <u>Experts</u>:  The parties anticipate the need for expert witnesses with regard to economic issues.

10. <u>Class Actions</u>:  N/A.

11.-13. <u>Trial</u>:  The parties do not request a bifurcated trial.  They propose that a pretrial date be set at the close of all discovery, and after the resolution of any final dispositive motion, and that a trial date be scheduled for 30-60 days after the pretrial conference date.

                Respectfully submitted,

_____//_____  
EDWARD D. WASHINGTON  
7124 Strathmore Street  
Falls Church, VA 22042  
(703)521-2100  

Plaintiff Pro Se

_____//_____  
JEFFREY TAYLOR, D.C. Bar #498610  
United States Attorney  
_____//_____  
RUDOLPH CONTRERAS, D.C. Bar #434122  
Chief, Civil Division  

_____//_____  
ALEXANDER D. SHOAIBI, D.C. Bar #423587  
Assistant United States Attorney  
Civil Division  
555 4th Street, NW  
Room 4218E  
Washington, DC 20530  
(202) 514-7236  

Counsel for Defendant