UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| EDWARD D. WASHINGTON )<br>  )<br>    Plaintiff pro se, )<br>  )<br> v.  )<br>  )<br> ELAINE L. CHAO, )<br>    Secretary, )<br>    U.S. Department of Labor, )<br>  )<br>    Defendant. )<br>_____ ) | Civil Action No.: 06-2149 (CKK/AK) |

**DEFENDANT'S ANSWER TO FIRST AMENDED COMPLAINT**

Defendant, identified in Plaintiff's Complaint as Elaine L. Chao, Secretary, U.S. Department of Labor, by and through undersigned counsel, hereby answers the numbered paragraphs of Plaintiff's First Amended Complaint as follows:

FIRST DEFENSE

The Complaint contains claims upon which relief may not be granted.

SECOND DEFENSE

The Complaint is or may be barred by the applicable statute of limitations.

THIRD DEFENSE

Plaintiff has failed to exhaust his administrative remedies.

FOURTH DEFENSE

Defendant denies each and every allegation in the Complaint except as may be expressly and specifically admitted. Defendant responds to the separately numbered paragraphs and prayers for relief as follows:

1. In response to the allegations contained in paragraph one, defendant denies that any illegal actions were taken. Defendant further denies that Defendant took any discriminatory actions against Plaintiff. The remaining allegations of this paragraph require no response from Defendant.

2. The allegations of this paragraph constitute a legal conclusion on the part of Plaintiff and as such do not require an answer. To the extent that an answer may be deemed to be required the allegations are denied.

3. The allegations of this paragraph constitute a legal conclusion on the part of Plaintiff and as such do not require an answer. To the extent that an answer may be deemed to be required, the allegations are denied.

4. The allegations of this paragraph constitute a legal conclusion on the part of Plaintiff and as such do not require an answer. To the extent that an answer may be deemed to be required, the allegations are denied.

5. The allegations of this paragraph constitute a legal conclusion on the part of Plaintiff and as such do not require an answer. To the extent that an answer may be deemed to be required the allegations are denied.

6. The allegations of this paragraph constitute a legal conclusion on the part of Plaintiff and as such do not require an answer. To the extent that an answer may be deemed to be required the allegations are denied.

7. In response to the allegations contained in paragraph seven, Defendant admits that the selectee for the position at issue did receive a higher score from an evaluation panel than Plaintiff did. The remaining allegations of paragraph seven are denied.

8. The allegations of this paragraph constitute a legal conclusion on the part of Plaintiff and as such do not require an answer. To the extent that an answer may be deemed to be required the allegations are denied.

9. The allegations of this paragraph constitute a legal conclusion on the part of Plaintiff and as such do not require an answer. To the extent that an answer may be deemed to be required the allegations are denied.

10. The allegations contained in paragraph 10 are denied.

11. In response to the allegations contained in paragraph 11, Defendant admits that the Final Agency Decision (Agency Case No. 04-11-116) contains a footnote addressing the denial of Plaintiff's request that "the panel members be interviewed and statements obtained from them regarding their 'comments relating to the A-E experience of all applicants.'" The remaining allegations of this paragraph contain legal conclusions on the part of Plaintiff and as such do not require an answer. To the extent that an answer may be deemed to be required, the allegations are denied.

12. The allegations of this paragraph constitute a legal conclusion on the part of Plaintiff and as such do not require an answer. To the extent that an answer may be deemed to be required the allegations are denied.

13. In response to the allegations contained in paragraph 13, defendant admits that Mr. Keith Bond made the statement described. The remaining allegations of paragraph 13 are denied.

The remainder of the Complaint consists of Plaintiff's request for relief to which no response is required. To the extent that a response is deemed necessary, Defendant denies the allegations in subparagraphs (1) through (6) of Plaintiff's prayer for relief and denies that

Plaintiff is entitled to any relief whatsoever.

WHEREFORE, having fully answered, Defendant respectfully requests that this action be dismissed and that the Court grant such other relief as it deems appropriate.

Dated: September 19, 2007.

Respectfully submitted,

\_\_\_/s\_/_____
JEFFREY A. TAYLOR, D.C. BAR #498610
United States Attorney


\_\_/s/_____
RUDOLPH CONTRERAS, D.C. BAR #434122
Assistant United States Attorney


\_\_/s/_____
ALEXANDER D. SHOAIBI, D.C. BAR #423587
Assistant United States Attorney
5O1 Third Street, N.W., Rm E-4218
Washington, D.C.  20530
(202) 514-7236

## CERTIFICATE OF SERVICE

I hereby certify that on this __19th__ day of September, 2007, I caused the foregoing Defendant's Answer to Plaintiff's First Amended Complaint to be served on plaintiff, postage prepaid, addressed as follows:

> Edward D. Washington
> 7124 Strathmore Street
> Falls Church, VA 22042

/s/
ALEXANDER D. SHOAIBI
Assistant United States Attorney