**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

CLERK
US DISTRICT & BANKRUPTCY
COURTS

2007 DEC 21  PM 11: 46

RECEIVED

---------------------------------------------

| | |
|---|---|
| Edward D. Washington<br>7124 Strathmore Street<br>Falls Church, VA  22042 | * <br> * <br> * <br> * |
| Plaintiff, pro se | * <br> * <br> * |
| Elaine L. Chao<br>Secretary of Labor<br>U.S. Department of Labor<br>200 Constitution Avenue, N.W.<br>Washington, D.C.  20210 | *    Civil Action No.:  06-2149 (CKK)<br> * <br> * <br> * <br> * <br> * |
| Defendant. | * <br> * <br> * <br> * |

**PLAINTIFF'S RESPONSE TO DEFENDANDT'S MOTION TO DISMISS OR,**
**IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT**

**INTRODUCTION**

Section 1 of Executive Order 11478, <u>Equal Employment Opportunity in the Federal</u>
<u>Government</u> § 1 states [T] his policy of equal opportunity applies to and must be an integral part
of every aspect of personnel policy and practice in the employment, development, advancement,
and treatment of civilian employees of the Federal Government."

The documents, exhibits, interrogatories, and correspondence provide the burdens and
persuasions that demonstrate the Defendant's unlawful actions adversely impacted an individual
of a protected group, although, it should not happen to any person.  As the nation's chief enforcer
of labor laws, the U.S. Department of Labor circumvented its own laws, rules and regulations for
the benefit of its self-interest.

When applicants seeking employment must resort to consulting an attorney before, during, or after the process, it should be a high indicator that something is broken and needs to be fixed by holding the person or agency accountable for their actions. While most likely, the head of the agency is not aware of problems such as this lawsuit; still, she bears responsibility for the actions of those whom she is charged to lead.

The Plaintiff respectfully requests that the Defendant's Motion for Summary Judgment be denied.

RECEIVED

2007 DEC 21 PM 11: 46

US DISTRICT & BANKRUPTCY
CLERK
COURTS

## PLAINTIFF'S RESPONSE TO DEFENDANT'S ARGUMENT

I.    PLAINTIFF'S DISCRIMINATION CLAIM FAILS BECAUSE DISCRIMINATION
PLAYED NO PART IN DEFENDANT'S DECISION NOT TO HIRE PLAINTIFF.

Plaintiff suffered racial disparate treatment because the Defendant used an unlawful
employment practice, e.g., 42 U.S.C. § 2000e-2 (a) (1) "to fail or refuse to hire or to discharge
any individual, or otherwise to discriminate against any individual with respect to his
compensation, terms, conditions, or privileges of employment, because of such individual's race,
color, religion, sex, or national origin; or (2) to limit, segregate, or classify his employees or
applicants for employment in any way which would deprive or tend to deprive any individual of
employment opportunities or otherwise adversely affect his status as an employee, because of
such individual's race, color, religion, sex, or national origin."

The AJ in *White v. Secretary of the Interior* EEOC 0192110 (1993), recommended a
finding of discrimination because of disturbing procedural irregularities in the assignment of
interview scores, and on the overall candidate selection plan scores after comparing
qualifications of the selectee and the appellant.

During the administrative stage of processing, the Plaintiff attempted to obtain sworn
statements before the Final Agency Decision (FAD) was issued [24]; when the FAD was appealed
to DOL [25]; and subsequently to EEOC.  [26] Defendant denied the request.  EEOC decisions on
both the initial appeal and request for reconsideration on the denial did not include any response.
DOL's and EEOC's responses were that the Selecting Official had articulated a legitimate
nondiscriminatory reason for selecting the selectee instead of the Plaintiff.

- 3 -

Plaintiff did not admit that racial animus was absent from Defendant's motivation. See
Government Exhibit 4, pages 49 and 50: "Why do you think he wanted to hire her?" "I can only
give you the reasons he stated in the investigative file..."

A.    PLAINTIFF PROVIDES NO EVIDENCE TO SUPPORT HIS ALLEGATION
      OF RACE DISCRIMINATION.

1.    Standard for Analyzing Claims of Race Discrimination

The Courts have treated direct evidence and circumstantial evidence on an equal footing.
Plaintiff may use both types. Congressional definition of demonstrates: "meet the burdens of
production and persuasion". See *Desert Palace, Inc. v. Costa*, 539 U.S. 90, 100 (2003) ("The
reason for treating circumstantial and direct evidence alike is both clear and deep-rooted;
Circumstantial evidence is not only sufficient, but may also be more certain, satisfying and
persuasive than direct evidence.") (citation omitted). The 1991 Act does not impose any special
evidentary requirement.

RECEIVED

2007 DEC 21  PM 11: 46

CLERK
US DISTRICT & BANKRUPTCY
COURTS

Defendant masked his real reasons for hiring the selectee rather than the Plaintiff. The Selecting Official (SO) was the decisionmaker.  See <u>Government Exhibit 6</u>, Declaration of Keith A. Bond.  SO was responsible for, and wrote the criteria for Vacancy Announcement ETA-04-07PN, Plff. Exhibit 20 .  SO modified the template of a previous GS-09 contract specialist announcement to make the evaluation factors responsive to the work performed in the Division of Contract Services.  When asked by the DOL official who conducted the Informal Investigation , Plff. Exhibit 27, why he chose the selectee, SO stated [b] ecause she was the first applicant on the certificate..."  When asked by the official who conducted the Formal Investigation, Plff. Exhibit 28, why he chose the selectee, SO stated [s] elected best qualified applicant based on the method of evaluation stated in the job announcement..."  He further states from same reference that [t] here is no indication in Mr. Washington's application that he has knowledge of A&E and Construction type contracting (Sealed Bidding).  A significant amount of the contracting work performed under this announcement is A&E and Construction type contracting.  See Plaintiff's Exhibit 20.

This factor was not published in the vacancy announcement.  The FAD, EEOC responses, and Defendant's Response to the Complaint admit and stress the significance of this excluded factor from the vacancy announcement.  Subjective criteria that favors one applicant over another, as in this case, results in racial discrimination.


2.      Plaintiff has not established a prima facie case of race discrimination.

The Plaintiff has established a prima facie case.  He is a minority; applied and qualified by a rating of 99 on the Qualification Evaluation Sheet; rejected for the position despite his qualifications; and the selectee is outside his protected class.  Under McDonnell Douglas, the

Plaintiff is required to raise inference that misconduct has occurred.  See *McDonnell Douglas v. Green*, 411 U.S. 792, 802 (1973).  In *Texas Dept. of Community Affairs v. Burdine*, 450 U.S. 248, 253 (1981), the Supreme Court stated that "[t]he burden of establishing a prima facie case of disparate treatment is not onerous."

3.     In the Alternative, Defendant Has A Legitimate Reason for Plaintiff's Non-Selection and There is No Evidence that Race Played Any Role in this Non-Selection.

Title VII is clear in that the purpose of Congress is to assure the equality of opportunities and to eliminate those discriminatory practices and devices which have fostered racially stratified job environments to the disadvantage of minority citizens.  Removing artificial, arbitrary, and unnecessary employment barriers that operate individously to discriminate on the basis of racial or other impermissible classifications, levels the playing field for everyone; quoting from McDonnell (citations omitted).

Plaintiff and the Selecting Official are African-Americans.  See *St. Mary's Honor Center v. Hicks*, 113 S. Ct. 2742 (1993), [t] he fact that its hiring officer was of the same minority group as the plaintiff will be irrelevant, because the plaintiff's case can be proven "indirectly by showing that the employer's proffered explanation is unworthy of credence."

Plaintiff admits that he cannot, with specificity, identify the person who called him. Subsequent facts do prove that he correctly identified the selectee by name and race before completion of the Informal Investigation.  See Plff. Exhibit 16.

Plaintiff admits that he did not keep a copy of the message left on his voice mail. He does not possess the legal acumen to determine the legality of such action; nor did the Plaintiff have reason to believe that he should obtain legal counsel when seeking employment.

Plaintiff made a rational and reasonable decision to not "play the race card," or make any allegations without having enough credible information. That is the major reason he initially contacted the Office of the Inspector General, and not DOL's Civil Rights Center.

4.      Plaintiff Has Failed to Establish Either that Race Was a Motivating Factor in the
        Non-Selection or that Defendant's Reasons for the Non-Selection are Pretext
        for Racial Discrimination.

The United States is a nation of laws. They exist because its citizens granted approval for their elected leaders to establish and maintain a fair, and impartial system of government. When people ignore, violate, or circumvent the "system" for their own personal self-interests, they should be held accountable for their actions.

Both DOL and EEOC had ample opportunities to fairly investigate the Plaintiff's complaint during the administrative phase. The Plaintiff provided documentation that articulated his qualifications, and rebuted the SO's undermining of his qualifications. See _Stabler v. Secretary of the Navy_, EEOC 05910080 (1991). The AJ relied on the testimony of the SO, who

is empowered by EEOC regulations to [o] rder the production of documents, records, and affidavits. The AJ's decision was vacated and the appellant's request was granted.

In *Abdo v. Secretary of Veteran Affairs*, EEOC 05920685 (1993), the AJ did not address the qualifications of appellant and the selectee as part of the pretext in his analysis, nor did he reach the appropriate inferences from the evidence in the record as a whole. The FAD was reversed. Cf., *Penderson v. Department of Justice*, EEOC 05940339 (1995), the AJ found no discrimination, had relied solely on the representations of the various agency witnesses with little regard or attention to gaps in the factual record. Truncating this process while material facts are still in dispute and the credibility of the agency's witnesses is still ripe for challenge, improperly deprives the complainant of a full and fair investigation. In such situations there is a need for strident cross-examination and summary judgment on such evidence is improper.

See Also *Peavely v. United States Postal Service, EEOC 0590628 (1996)*, and *Chronister v. United States Postal Service, EEOC 0594057(1995)*, quoting from *Wachter v. Halter, EEOC 01986053 (2001)*, where the AJ relied on the representations of the Rating Official despite the fact that the complainant provided extensive documentary and testimonial evidence to support her assertion that her work in the relevant categories deserved a rating of [O] utstanding.

4.    Plaintiff Has Failed to Establish the "Even Tougher Background Circumstances Necessary when the Alleged Discriminating Official is the Same Race as the Plaintiff.

Plaintiff and the Selecting Official are African-Americans. See *St. Mary's Honor Center v. Hicks*, 113 S. Ct. 2742 (1993), [t] he fact that its hiring officer was of the same minority group

as the plaintiff will be irrelevant, because the plaintiff's case can be proven "indirectly by showing that the employer's proffered explanation is unworthy of credence."

In *Watson v. Forth Worth Bank & Trust, 487 US. 977 (1978)*, the Court concluded that disparate impact analysis may be applied to a subjective or discretionary promotion system, Id. 487, US. 980 [T] he employer's burden of justifying an employment practice that produces a disparate impact is not lessened simply because the practice relies upon subjective assessments. Establishing a general rule allowing an employer to escape liability simply by articulating vague, inoffensive-sounding subjective criteria would disserve Title VII's goal of eradicating employment discrimination by encouraging employers to abandon attempts to construct neutral selection mechanisms in favor of broad generalities. Id., 487 U.S. 987, [I] n Griggs. v. Duke Power Co., 401 U.S. 424 (1971), this Court held that a plaintiff need not necessarily prove intentional discrimination in order to establish that an employer has violated § 703. In certain cases, facially neutral employment practices that have significant adverse affects on protected groups have been held to violate the Act without proof that the employer adopted those practices with a discriminatory intent. Id., 487 U.S. 998, [T] hus when a plaintiff had made out a prima facie case of disparate impact, and when the defendant has met is burden of producing evidence that its employment practices are based on legitimate business reasons, the plaintiff must "show that other tests or selection devices, without a similarly undesirable racial effect, would also serve the employer's legitimate interest in efficient and trustworthy workmanship."

## PLAINTIFF'S ADDITIONAL FACTS TO JUSTIFY DENIAL OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

1.    Interragtory of Ms. Dela Cerna, Plff. Exhibit 29, states that she has knowledge and reason to believe Mr. Bond used discriminatory hiring practices.  She further states that Ms. Magruder was aware of Mr. Bond's employment practices.

2.    Ms. Magruder, Plff. Exhibit 30 supervises the selectee, stated that she did not evaluate applicants' qualifications or experience in Construction and A&E contracting.  This sworn statement is not credible; see Plff. Exhibit 31, 32.  She and Ms. Dela Cerna were the only two members of the evaluation panel.

3.    The selectee states that she has no recollection of how she was informed of the subject position availability, Plff. Exhibit33.  This indicates mendacity, compared to all other documents in the investigative file, and this complaint.

Respectfully submitted,

Edward D. Washington
Plaintiff Pro-Se
7124 Strathmore Street
Falls Church, VA  22042
703-521-2100

December 21, 2007

- 10 -

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

CLERK
US DISTRICT & BANKRUPTCY
COURT

2007 DEC 21 PM 11: 47

RECEIVED

------------------------------------------------

Edward D. Washington       *
7124 Strathmore Street       *
Falls Church, VA  22042       *
      *
Plaintiff, pro se       *
      *
      *
      *     Civil Action No.:  06-2149 (CKK)
Elaine L. Chao       *
Secretary of Labor       *
U.S. Department of Labor       *
200 Constitution Avenue, N.W.       *
Washington, D.C.  20210       *
      *
Defendant.       *
      *
      *

## PLAINTIFF'S RESPONSE TO DEFENDANDT'S STATEMENT OF MATERIAL FACTS

Pursuant to Local Rule 7(h), Plaintiff pro se, Edward D. Washington, responds to

Defendant's Statement of Material Facts ("Statement").  Although Plaintiff disputes certain

assertions contained in Defendant's Statement, Plaintiff does not believe that those disputes

present any genuine issues of fact that are material to the resolution of this case.  Accordingly,

Plaintiff avers that there are no genuine issues of material fact in dispute and that judgment

should be entered in favor of Plaintiff.

    1.      Plaintiff does not dispute this statement.

    2.      Plaintiff does not dispute this statement.

    3.      Plaintiff does not dispute this statement.

    4.      Plaintiff does not dispute this statement.

    5.      Plaintiff does not dispute this statement.

6.    Plaintiff does not dispute this statement.

7.    Plaintiff does not dispute this statement.

8.    Plaintiff does not dispute this statement, except the last sentence: "Mr. Bond had no input or influence regarding these rankings," is contradicted by a member of the evaluation panel, Marissa Dela Cerna, Exhibit 29. She states on page 4 that the selectee, and other hired by Mr. Bond that "[J]illian, Jennifer, Lance, or Chanta did not have a thorough knowledge of procurement processes and regulations when they were hired." Id. In an official email from Mr. Bond to her dated October 6, 2004, he states: "They are excellent employees and are the future of DCS."

9.    Plaintiff does not dispute this statement.

10.    Plaintiff does not dispute this statement.

11.    Plaintiff disputes this statement. Plaintiff does not have sufficient information and belief to verify the contents of this statement.

12.    Plaintiff does not dispute this statement.

13.    Plaintiff does not dispute this statement.

14.    Plaintiff does not dispute this statement.

15.    Plaintiff does not dispute this statement.

16.    Plaintiff does not dispute this statement.

17.    Plaintiff disputes this statement. It constitutes a conclusion on the part of Defendant.

18.    Plaintiff disputes this statement. It constitutes a conclusion on the part of Defendant.

19.    Plaintiff does not dispute this statement.

20.    Plaintiff disputes this statement. Defendant severely misstates the qualifications of the Plaintiff. See Plaintiff's Exhibits 1-17.

21.    Plaintiff disputes this statement. Defendant severely misstates the qualifications of the Plaintiff. See Plaintiff's Exhibits 1-17.

22.    Plaintiff disputes this statement. Defendant severely misstates the qualifications of the Plaintiff. See Plaintiff's Exhibits 1-17.

23.    Plaintiff disputes this statement. It mischaracterizes my actions and rationale. Plaintiff admits that he cannot, with specificity, identify the person who called him. Subsequent facts do prove that he correctly identified the selectee by name and race before completion of the Informal Investigation. Plaintiff admits that he did not keep a copy of the message left on his voice mail. He does not possess the legal acumen to determine the legality of such action; nor did the Plaintiff have reason to believe that he should obtain legal counsel when seeking employment.

24.    Plaintiff disputes this statement. It mischaracterizes my actions and rationale. Plaintiff made a rational and reasonable decision to not "play the race card," or make any allegations without having enough credible information. That is the major reason he initially contacted the Office of the Inspector General, and not DOL's Civil Rights Center.

25.    Plaintiff disputes this statement.. Plff. Depo. at 49: 16-19, Q: Mr. Washington, tell me why you think Jennifer Snook was selected for this position over you or over any of the other applicants. A: Because that was Mr. Bond's preference.

26.    Plaintiff does not dispute this statement.

Respectfully submitted,

Edward D. Washington
Plaintiff Pro-Se
7124 Strathmore Street
Falls Church, VA  22042
703-521-2100

December 21, 2007

RECEIVED

2007 DEC 21  PM 11: 47

CLERK
US DISTRICT & BANKRUPTCY
COURTS

- 4 -

# TABLE OF AUTHORITIES

## FEDERAL CASES

Desert Palace, Inc., v. Costa, 539, U.S. 90 (2003) ....................................

McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973) ..........

St. Mary's Honor Center v. Hicks, 113 S. Ct. 2742 (1993) ...........

Texas Department of Community Affairs v. Burdine, 450 U.S. 248, 253 (1981) .....

## EQUAL EMPLOYMENT OPPORTUNITY COMMUNITY CASES

Abdo v. Secretary of Veteran Affairs, EEOC 05920685 (1993).......

Chronister v. United States Postal Service, EEOC 0594057 (1995).....

Peaavely v. United States Postal Service, EEOC 0590628 (1996).....

Penderson v. Department of Justice, EEOC 05940339 (1995).......

White v. Secretary of the Interor, EEOC 0192110 (1993).......

RECEIVED

2007 DEC 21  PM 11: 47

CLERK
US DISTRICT & BANKRUPTCY
COURTS

## FEDERAL STATUTES

42 U.S.C. § 2000E-2(a)(1)..............................................................

RECEIVED

2007 DEC 21  PM 11: 47

US DISTRICT & BANKRUPTCY
CLERK
COURTS

## PLAINTIFF EXHIBITS

| Number | Document |
|--------|----------|
| 1 | Resume |
| 2 | Evaluation Factors (KSAs) |
| 3 | College Credits |
| 4 | DD Form 214 |
| 5 | Award-ADMINCEN Distinguished Educator |
| 6 | Certificate-Management of Defense |
| 7 | Contracting Officer Warrant |
| 8 | Certificate-Federal Contract Law |
| 9 | Certificate-Contracting Officers |
| 10 | Information Paper-Contract Close-Out |
| 11 | Contract Status Report, 23 May 86 |
| 12 | Evaluation Report (Nov 84-Feb 85) |
| 13 | Evaluation Report (Mar 85 - Sep 85) |
| 14 | Evaluation Report (Jun 86-May 87) |
| 15 | Evaluation Report (Mar 88-Feb 89) |
| 16 | Evaluation Report (Aug 91 - Jul 92) |
| 17 | Enlisted Rank Chart |
| 18 | Federal Acquisition Regulation-Contracting |
| 19 | Certificate-Contracting Officer |
| 19 | Defense Acquisition Univ.-Contracting |
| 20 | Vacancy Announcement |
| 21 | Transcript, BA Degree in French (Ms. |
| 22 | Optional Form 612-Ms. Snook |
| 23 | Supervisory Appraisal-Ms. Snook |
| 24 | Letter to DOL Investigator, 5 Oct 05 |
| 25 | Letter to EEOC-Appeal of FAD, 20 Mar 06 |
| 26 | Denial of Reconsideration, 22 Sep 06 |

**PLAINTIFF EXHIBITS**

| Number | Document |
| --- | --- |
| 26 | Letter to EEOC-Request for |
| 26 | EEOC Denial of Appeal, 10 Aug 06 |
| 27 | Letter-Receipt of Formal Complaint, 6 Aug |
| 28 | Witness Questionnaire of Selecting Official, |
| 29 | Interrogatory-Ms. Dela Cerna |
| 30 | Interrogatory-Ms. Magruder |
| 31 | Qualification Evaluation Sheet-Ms. Snook |
| 32 | Qualification Evaluation Sheet-Mr. Washington |
| 33 | Interrogatory-Ms. Snook |

RECEIVED

2007 DEC 21 PM 11: 47

CLERK
US DISTRICT & BANKRUPTCY
COURTS

# Resume

Edward D. Washington
944 South Wakefield Street
Arlington, VA  22204

Office                                                         Fax 

**Apr 94 – Present**        **Ace Diversified Services, Inc.**

Serves as Managing Director of a multi-facet company that provides limousine services, contract consulting services and food safety training.  Develops and executes strategic plans.  Directs all activities pertaining to the budget and accounting functions.

**Aug 69 – Apr 94**        **U.S. Army**

**Contract Specialists, 4 years**
Procures supplies and services for small and large purchase requests.  Develops statements of work, analyzes contractor proposals and negotiates price, terms, and conditions.  Conducts post award audits and prepares contract closeout actions.  Accurately records actions as they occur in the contract file, showing an audit trail and supporting contracting actions.  Ensures that contractors comply with statues and laws to fulfill contract provisions.  Analyzes and resolves complex contracting technical issues.  Conducts a variety of meetings to discuss and coordinate responsibilities of the government and the contractor.  Independently determines proper contract solution and administrative actions.  Prepares detailed findings and recommendations for resolving disputes and controversies.  Ensures that closeout files are complete and accurate; and contain only the proper documentation.  Analyzes contract price proposals to establish price objectives and profit elements.  Prepares historical cost data and operating statistics for review by supervisors.  Ensures that contract changes are properly negotiated and the contract is properly modified.

**Recruiting Duties, 11 years**
Prospects, interviews, and determine enlistment eligibility for applicants who seek enlistment.  Recognized for consistently exceeding enlistment quotas.  Manages a sales force of 75 recruiters in five districts, set quotas, evaluate performance, and conducts one-on-one and group training.  Provides technical expertise and guidance to the advertising contractor responsible for electronic (TV and radio) advertisements, lead fulfillment services, focus group research and conventions support.  Certified as a Distinguished Educator. Serves as principal developer and writer for the proficiency examination administered to 10,000 recruitment personnel.

**Management Analyst, 5 years**
Reviews and analyzes force structure documents to determine the manpower requirements for civilian and military positions.  Designed a database to track 70,000 requirements by position, grade level, and division within each State National Guard Headquarters and units.


CA 06-2149
Plaintiff Exhibit
2

Full legal name and mailing address:

Edward D. Washington 

Citizenship:      U.S. Citizen

Veterans Preference:  5 points (DD Form 214 attached)

Daytime telephone number

Cellular telephone number

E-mail address

## **Contract Training and Appointment**

Defense Small Purchase Course, 1985
Contracting Officer Appointment, 17 Sep 85
Contracting Officers Representative Course, 29 Mar 85
Management of Defense Acquisition Contracts Course (Basic), 1 May 92
Federal Contract Law Course, 8 Oct 93

## **Civilian and Military Education, 150 semester hours**

| | |
|---|---|
| Aug 69 | High School Graduate, Baltimore City College |
| 72-74 | University of Baltimore, 48 semester hours |
| 75-76 | Essex Community College, 15 semester hours |
| 1998 | South Eastern University, 6 semester hours |
| 1999 | Strayer College, 6 semester hours |
| | Military courses, 75 semester hours |

## **Evaluation Reports**

| | |
|---|---|
| Aug 91 - Jul 92 | Contract Specialist |
| Mar 88 - Feb 89 | Management Analyst (Senior Staff NCO) |
| Jun 86 - May 87 | Management Analyst (Senior Staff NCO) |
| Mar 85 - Sep 85 | Senior Enlisted Advisor (Advertising) |
| Nov 84 - Feb 85 | Senior Enlisted Advisor (Advertising) |



ETA-04-047PN, Contract Specialist, GS-09
CA-062149

**Evaluation Factors**

**1.    Basic knowledge of procurement procedures, laws, regulations and techniques to effectively carry out a full range of procurement assignments.**

My assignment as the Contracting Officer's Representative (COR) on the national advertising contract involved extensive travel with the contractor to insure that the products provided and services performed, conform to the contract provisions and Department of Defense policies. Using the Federal Acquisition Regulation (FAR) and other directives, reviews purchase requests, awards small purchase contracts, reviews modification proposals, and issue modifications. Insert the appropriate contract clauses required for the specific type of procurement to protect the interests of the government and the contractor. A team of 7 contract attorneys were available to review proposals, discuss complex issues, and recommended revisions to remove any ambiguous items. Provides oral and written responses to contractors' questions, such as privity of contract between the government and a subcontractor, cost and pricing data submissions, or the applicability of contract clauses.

**2.    Knowledge of commonly applied procurement methods and types of contract such as fixed price or cost reimbursement contracts, formula-funded or discretionary grants, and the required clauses and special provisions to plan and carry out the procurement to recommend award.**

Acquisition planning ensures that the Government meets its needs in an economic and timely manner. The plan elements include cost, capability or performance, delivery requirements, and risk factors for the government and the contractor. A firm-fixed-price contract is generally used when the risk involved is minimal, or can be predicted with a high degree of certainty. Cost-type contracts are used when uncertainties in contract performance do not permit costs to be estimated with sufficient accuracy, and a fixed profit is set. Contract clauses and provisions ensure conformance, performance, and that delivery schedules are met.

**3.    Knowledge of source of supply and characteristics of assigned services sufficient to identify potential suppliers, assure adequate price competition, and evaluate responsiveness and responsibilities of the bidders.**

There are several sources from which the Government can identify potential bidders. Required sources such as the Federal Bureau of Prisons or other agencies are given priority over other sources. Place orders against contracts that were issued through another agency. The GSA Schedules are an excellent source because the price, terms, and conditions have been negotiated; and at the same time, document competition when there is more than one supplier. The Small Business Administration maintains a list of qualified suppliers. Using a source from the SBA achieves the government objectives of including minorities, women, and other disadvantaged suppliers.

CA062149 (KSAs)                    Page 1 of 1
ETA-04-047PN, Contract Specialist, GS-09


CA 06-2149
Plaintiff Exhibit
2

### Evaluation Factors (cont'd)

In this electronic age, reviewing web sites could provide a host of sources. When a contract is awarded without competition, the contract file must accurately document the reasons, and include approval(s) by the contracting officer or other contracting authority. Bids and proposals are evaluated to determine their responsiveness, i.e., submitted on time, performance capabilities, and proposal evaluation factors. Contractor responsibilities include eligibility to submit bids or proposals, i.e., debarment or other factors, and certifications with contract clauses and provisions. The contract file is documented, and when necessary, assists the Government in preparing its case for settling contract protests and disputes.

**4.     Knowledge of price analysis sufficient to review contractor proposals, and to perform analysis using previous history or other data sources to assure reasonableness of prices.**

Price analysis evaluates a total sum, without analyzing its separate cost elements. Develop a comparison schedule to review independent in-house estimates, with the proposed prices from contractors. Use yardstick measurement factors such as price per hour, or per square foot. Encourage or direct price breakouts versus bottom-line pricing to analyze and determine price reasonableness. When warranted, consider economic price adjustment clauses.

**5.     Skill in oral and written communications to negotiate contract prices with contractors.**

Negotiating a contract type and price are closely related in that it provides the contractor with incentives to be efficient, and economical in its performance. Complex procurements, especially those unique to the government, increases risk. A time-line or performance schedule assists in determining when to increase the contractor's risk. In-house estimates should include a cost analysis that includes a measurement of allowable, allocable, and reasonable costs. Armed with this data, a price objective meeting is scheduled with the contracting officer, and the briefing conducted. Understanding/ knowing the risk elements for both parties is a major element of properly preparing to negotiate with the contractor. I am an accounting major and major investor in a business services enterprise. When it involves money, either inflow or outflow, I put on my "cost accounting" hat to evaluate financial matters.


CA 06-2149
Plaintiff Exhibit
2

**Edward D. Washington**

| Credit Source | ACE Guide, 1996 Edition |
|---|---|
| | LC = Lower Category (100-200) |
| | UC = Upper Category (300-400) |

| Course Number | Military Courses | LC | UC | Total | Page |
|---|---|---|---|---|---|
| AR 1408-0158 | **Mgmt of DoD Acquisition** | | | | 1-8 |
| | Logistics Management | | 3 | | |
| AR 1406-0056 | **Instructor Training Course** | | | | 1-77 |
| | Methods of Instruction | 3 | | | |
| AR 1406-0057 | **Job and Task Analysis** | | | | 1-77 |
| | Job and Task Analysis | 3 | | | |
| AR 1406-0101 | **ARNG Recruiting Advanced** | | | | 1-81 |
| | Sales Management | 2 | | | |
| | Interpersonal Communications | 1 | | | |
| AR 1406-0102 | **Personnel Sgt NCO Advanced** | | | | 1-81 |
| | Personnel Management | | 3 | | |
| | Personnel Supervision | 2 | | | |
| | Business Communications | 1 | | | |
| AR 1406-0158 | **Recruiting/Ret NCO Advanced** | | | | 1-87 |
| | Interpersonal Communications | 1 | | | |
| | Salesmanship | 2 | | | |
| | Human Relations | 1 | | | |
| AR 1408-0149 | **Sergeant Major Course** | | | | 1-94 |
| | Management | | 6 | | |
| | Psychology/Sociology | | 6 | | |
| | International Relations | | 6 | | |
| AR 1408-0187 | **Defense Small Purchases** | | | | 1-99 |
| | Basic Purchasing | | 3 | | |
| AR 1408-0189 | **Contracting Officer Rep** | | | | 1-100 |
| | Business Communications | 2 | | | |
| | **TOTAL** | 18 | 27 | 45 | |

CA-062149


CA 06-2149
Plaintiff Exhibit
3

**Edward D. Washington**

UB=University of Baltimore (72-74)
Essex Comm College (75-76)
Southeastern Univ (98)
Strayer (99)

| Course | Level | UB | Essex | SEU | Strayer | Total |
|---|---|---|---|---|---|---|
| Principles of Accounting | 101 | 3 | | | | |
| Principles of Accounting | 102 | 3 | | | | |
| Principles of Psychology | 201 | 3 | | | | |
| Intro to Data Processing | 101 | 3 | | | | |
| Business Law | 151 | 3 | | | | |
| Business Law | 251 | 3 | | | | |
| Public Speaking | 103 | 3 | | | | |
| Fundamentals of Marketing | 201 | 3 | | | | |
| Intro to Sociology | 202 | 3 | | | | |
| Financial Management | 331 | 3 | | | | |
| Principles of Economics | 201 | 3 | | | | |
| Human Resources Admin | 263 | 3 | | | | |
| Money and Banking | 307 | 3 | | | | |
| Sales Force Management | 323 | 3 | | | | |
| Marketing Management | 401 | 3 | | | | |
| Intermediate Accounting | 201 | 3 | | | | |
| Intermediate Accounting | 202 | | 3 | | | |
| Tax Accounting I | 205 | | 3 | | | |
| Composition & Rhetoric (ENG) | 101 | | 3 | | | |
| Social Problems | 201 | | 3 | | | |
| Written Communications (MGT) | 239 | | 3 | | | |
| Intermediate Accounting | 202 | | | 3 | | |
| Intermediate Accounting | 203 | | | 3 | | |
| Tax Accounting | | | | | 3 | |
| Cost Accounting | | | | | 3 | |
| **TOTAL** | | **48** | **15** | **6** | **6** | **75** |


CA 06-2149
Plaintiff Exhibit
3

**Edward D. Washington**

**Credit Source**  ACE Guide, 1996 Edition
LC = Lower Category (100-200)
UC = Upper Category (300-400)

| Specialty Code | Duty Title | LC | UC | Total | Page |
|---|---|---|---|---|---|
| MOS 00E50 | **Recruiter Supervisor** | | | | 2-1 |
| | Audio Visual | 3 | | | |
| | Clerical Procedures | 3 | | | |
| | Field Expr-Marketing | | 3 | | |
| | Human Resource Mgmt | | 3 | | |
| | Marketing | 3 | | | |
| | Personnel Management | | 3 | | |
| | Principles of Advertising | 3 | | | |
| | Publicity Release Writing | | 2 | | |
| | Social Psychology | 3 | | | |
| | Vocational Counseling | | 2 | | |
| | Advertising Media | | 3 | | |
| MOS 71L50 | **Administrative Supervisor** | | | | 2-138 |
| | Budget Administration | 2 | | | |
| | Business Communications | 3 | | | |
| | Communication Skills | 6 | | | |
| | Filing | 1 | | | |
| | Human Resources | 3 | | | |
| | Intro to Aduio Visual Equip | 2 | | | |
| | Office Management | 3 | | | |
| | Applied Psychology | 3 | | | |
| | Public Relations | | 3 | | |
| MOS75Z50 | **Personnel Senior Sergeant** | | | | 2-146 |
| | Field Expr in Management | 3 | | | |
| | Human Resource Management | | 3 | | |
| | Human Resources | 3 | | | |
| | Management Problem Solving | | 3 | | |
| | Office Management | 3 | | | |
| | Records Management | 3 | | | |
| | Computer Applications | 3 | | | |
| | **TOTAL** | 53 | 25 | 78 | |



CA 06-2149
Plaintiff Exhibit
3

CAUTION: NOT TO BE USED FOR
IDENTIFICATION PURPOSES

THIS IS AN IMPORTANT RECORD.
SAFEGUARD IT.

ANY ALTERATIONS IN SHADED
AREAS RENDER FORM VOID

## CERTIFICATE OF RELEASE OR DISCHARGE FROM ACTIVE DUTY

| 1. NAME (Last, First, Middle)<br>WASHINGTON   EDWARD DELON | 2. DEPARTMENT, COMPONENT AND BRANCH<br>ARMY / RA / | 3. SOCIAL SECURITY NO. |
|---|---|---|

| 4.a. GRADE, RATE OR RANK<br>Sergeant Major | 4.b PAY GRADE<br>E9 | 5. DATE OF BIRTH (YYMMDD) | 6. RESERVE OBLIG. TERM. DATE<br>Year 00  Month 00  Day 00 |
|---|---|---|---|

| 7.a. PLACE OF ENTRY INTO ACTIVE DUTY | 7.b HOME OF RECORD AT TIME OF ENTRY (City and state, or complete address if known) |
|---|---|

| 8.a. LAST DUTY ASSIGNMENT AND MAJOR COMMAND<br>USA ELM OSD                    DF | 8.b STATION WHERE SEPARATED<br>FORT MYER, VIRGINIA |
|---|---|

| 9. COMMAND TO WHICH TRANSFERRED USAR CONTROL GROUP (RETIRED),<br>ARPERCEN, 9700 PAGE BLVD, ST. LOUIS, MO 63132-5200 | 10. SGLI COVERAGE          None<br>Amount: $200,000 |
|---|---|

| 11. PRIMARY SPECIALTY (List number, title and years and months in specialty. List additional specialty numbers and titles involving periods of one or more years.)<br>75Z50/Personnel Senior Sergeant,<br>17 Years, 07 Months<br>00E50/Recruiter, 17 Years, 07 Months<br>79D5H/Retention NCO, 17 Years, 07 Months<br>71L5H/Administrative Supervisor<br>17 years, 07 Months | 12. RECORD OF SERVICE | Year(s) | Month(s) | Day(s) |
|---|---|---|---|---|
| | a Date Entered AD This Period | 80 | 06 | 01 |
| | b Separation Date This Period | 94 | 04 | 30 |
| | c Net Active Service This Period | 13 | 11 | 00 |
| | d Total Prior Active Service | 06 | 01 | 03 |
| | e Total Prior Inactive Service | 04 | 06 | 01 |
| | f Foreign Service | 01 | 02 | 00 |
| | g. Sea Service | 00 | 00 | 00 |
| | h. Effective Date of Pay Grade | 86 | 10 | 04 |

**13. DECORATIONS, MEDALS, BADGES, CITATIONS AND CAMPAIGN RIBBONS AWARDED OR AUTHORIZED (All periods of service)**
Meritorious Service Medal(1OLC)//Army Commendation Medal//Army Achievement Medal//Army Good
Conduct Medal(6th Awd)//Armed Forces Reserve Medal//Army Reserve Component Achievement
Medal//NCO Professional Development Ribbon(4)//Army Service Ribbon//National Defense Service

**14. MILITARY EDUCATION (Course title, number of weeks, and month and year completed)**
Senior NCO Course/1wk/81//Meps G/Couns/2wk/81//Sergeant Major
Course/1yr/84//Contracting/2wk/85//Dep of Def Mgmt of Def Acquisition Contracts
Course/4wk/92//NOTHING FOLLOWS

| 15.a. MEMBER CONTRIBUTED TO POST-VIETNAM ERA VETERANS' EDUCATIONAL ASSISTANCE PROGRAM | Yes | No<br>X | 15.b HIGH SCHOOL GRADUATE OR EQUIVALENT | Yes | No<br>X | 16. DAYS ACCRUED LEAVE PAID<br>0.0 |
|---|---|---|---|---|---|---|

| 17. MEMBER WAS PROVIDED COMPLETE DENTAL EXAMINATION AND ALL APPROPRIATE DENTAL SERVICES AND TREATMENT WITHIN 90 DAYS PRIOR TO SEPARATION | Yes | X | No |
|---|---|---|---|

**18. REMARKS**
CONT'D OF ITEM 13: Medal wBronze Star//Overseas Service Bars(2)//Republic of Vietnam Campaign
Medal//Vietnam Service Medal//Republic of Vietnam Gallantry Cross Unit Citiation
wDev//Republic of Vietnam Civil Actions Medal//Republic of Vietnam Presidential Unit
Citiation//Immediate reenlistments this period: 800601-890531; 890601-950531;
Extension of service was at the request and for the convenience of the government//Subject to
active duty recall by the Secretary of the Army//Data herein subject to computer matching
within DoD or with other agencies for verification purposes and determining eligibility or
compliance for federal benefits//NOTHING FOLLOWS

| 19.a. MAILING ADDRESS AFTER SEPARATION (Include Zip Code) | 19.b NEAREST RELATIVE (Name and address - include Zip Code) |
|---|---|

| 20. MEMBER REQUESTS COPY 6 BE SENT TO VA | DIR. OF VET AFFAIRS X | Yes | No | 22. OFFICIAL AUTHORIZED TO SIGN (Typed name, grade, title and signature) |
|---|---|---|---|---|
| 21. SIGNATURE OF MEMBER BEING SEPARATED | | | | EDWARD C. TROXELL / DAC, Chief, Trans Point |

| DD Form 214, NOV 88 | Previous editions are obsolete. | MEMBER - 1 |
|---|---|---|

CA 06-2149
Plaintiff Exhibit
4

*PAGE* Tab F-4 pg. 5

# DEPARTMENT OF THE ARMY

## SERGEANT FIRST CLASS EDWARD D. WASHINGTON

## IS OFFICIALLY COMMENDED

### FOR

having demonstrated sustained outstanding proficiency as an instructor, training developer, and recruiting field envoy. An outstanding instructor and trainer for MOS 79D and USAR/ARNG MOS 00E, he has been singularly responsible for truly significant and major improvements in the USAIA/ADMINCEN training mission which will continue to impact on the Army and its soldiers for years to come. Sergeant First Class Washington's accomplishments fully merit his selection as an:

ADMINCEN DISTINGUISHED EDUCATOR

27 May 1980



SINCLAIR L. MELNER
Major General, USA
Commanding



DD FORM 2481,
Feb 87

# DEPARTMENT OF DEFENSE



# CERTIFICATE OF TRAINING

*This is to certify that*

**Edward D. Washington**

*has successfully completed*

**Management of Defense Acquisition Contracts Course (Basic)**

*this* 1st *day of* May 19 92 .

GA 06-2149
Plaintiff's Exhibit
6

# Certificate of Appointment

Under authority vested in the undersigned and in conformance with
Subpart 1.6 of the Federal Acquisition Regulation

MSG EDWARD D. WASHINGTON

is appointed

# Contracting Officer

for the

# United States of America

Subject to the limitations contained in the Federal Acquisition Regulation and to the following:

"Sole authority to (a) sign and award purchases not to exceed $25,000; sign and issue modifications not to exceed $25,000, (b) sign and issue delivery orders without monetary limitations; (c) issue notices of termination for the convenience of the Government; issue termination agreements not to exceed $25,000."

On Active Duty and assigned to NCB-JA-C, Andrews AFB, MD.

_____
(Organization)

Unless sooner terminated, this appointment is
effective as long as the appointee is assigned to:

MSG EDWARD D. WASHINGTON

"Sole authority to (a) sign and award purchases not to exceed $25,000;
sign and issue modifications not to exceed $25,000.00;
(b) sign and issue delivery orders without monetary limitations;
(c) issue notices of termination for the convenience of the Government;
issue termination agreements not to exceed $25,000."

NATIONAL GUARD BUREAU
(Agency/Department)

JAMES C. HISE, Chief, Office of Legal Advisor
Principal Assistant Responsible for Contracting
17 September 1985                    85-169
(Date)                               (No.)

CA 06-2149
Plaintiff Exhibit
7

STANDARD FORM 1402 (10-83)
Prescribed by GSA
FAR (48 CFR) 53.201-1

# Certificate of Training



ED D. WASHINGTON

## Has Successfully Completed

## a Program of Instruction in

### FEDERAL CONTRACT LAW

LOCATION: Vienna, Virginia
DATES: October 4-8, 1993
HOURS: 40
CPE: 35    CEU: 3.0
NASBA Sponsor Number 92-00363-94

Management Concepts Incorporated
1964 Gallows Road
Vienna, Virginia 22182

Thomas F. Dungan
President

# United States Army
# Logistics Management Center

Fort Lee, Virginia



This

## Certificate

is awarded to

MSG EDWARD D WASHINGTON

for successful completion of the

CONTRACTING OFFICERS REPRESENTATIVE COURSE (ALMC-CL)

THIS 29TH DAY OF MARCH 1985



Course Director

Commandant

### INFORMATION PAPER

**SUBJECT:** Contract Close-Out, DAHA90-87-D-0001 (Advertising)
Bozell, Inc.

|                | ARMY | AIR | PUB AFFAIRS | TOTAL |
|----------------|------|-----|-------------|-------|
| TOTAL ORDERS   | 262  | 106 | 127         | 495   |
| ORDERS CLOSED  | 258  | 104 | 127         | 489   |
| PERCENTAGE     | .98  | .98 | 100.0       | .98   |

|             | NEGOTIATED     | AMT BILLED     | BALANCE      |
|-------------|----------------|----------------|--------------|
| ARMY        | 43,163,699.95  | 40,604,172.58  | 2,559,527.37 |
| AIR         | 6,483,053.87   | 5,969,739.58   | 513,314.29   |
| PUB AFFAIRS | 3,095,051.50   | 3,094,351.90   | 699.60       |
| TOTAL       | $52,741,805.32 | 49,668,264.06  | 3,073,541.26 |

Four Delivery Orders have not been final-billed:

    FY91 ARMY = Num 490, Lead Processing
                   Num 544, National Media

    FY91 AIR  = Num 491, Lead Processing
                   Num 501, National Media

SGM WASHINGTON, NGB-CS
12 Jun 92/756-4913


CA 06-2149
Plaintiff Exhibit
10

*PA* Tab F-4 pg. 21

**ADVERTISING STATUS REPORT**

**JUL 85 THRU MAY 86**

### ARMY NATIONAL GUARD

| ITEM | JUL | AUG | SEP | OCT | NOV | DEC | JAN | FEB | MAR | ARP | MAY | TOTAL |
|------|-----|-----|-----|-----|-----|-----|-----|-----|-----|-----|-----|-------|
| DOR's Received | 25 | 15 | 6 | 2 | 2 | 2 | 6 | 2 | 6 | 7 | 7 | 80 |
| PD's to Agency | 0 | 14 | 0 | 8 | 2 | 3 | 7 | 15 | 2 | 4 | 11 | 66 |
| CP's Received | 0 | 0 | 4 | 1 | 7 | 5 | 1 | 6 | 12 | 9 | 5 | 50 |
| Projects Nego. | 0 | 1 | 0 | 3 | 7 | 5 | 2 | 1 | 11 | 4 | 12 | 46 |
| Projects Cancel | | | | | | | | | | | | 12 |
| NTE-TOE Projects | | | | | | | | | | | | 9 |

### AIR NATIONAL GUARD

| ITEM | JUL | AUG | SEP | OCT | NOV | DEC | JAN | FEB | MAR | APR | MAY | TOTAL |
|------|-----|-----|-----|-----|-----|-----|-----|-----|-----|-----|-----|-------|
| DOR's Received | 4 | 0 | 2 | 2 | 0 | 2 | 1 | 3 | 14 | 0 | 9 | 37 |
| PD's to Agency | 0 | 0 | 0 | 3 | 1 | 2 | 1 | 7 | 14 | 0 | 9 | 37 |
| CP's Received | 0 | 0 | 0 | 2 | 2 | 2 | 1 | 0 | 4 | 8 | 1 | 19 |
| Projects Nego. | 0 | 0 | 0 | 1 | 2 | 2 | 0 | 0 | 2 | 2 | 10 | 19 |
| Projects Cancel | | | | | | | | | | | | 1 |
| NTE-TOE Projects | | | | | | | | | | | | 4 |

### PUBLIC AFFAIRS

| ITEM | JUL | AUG | SEP | OCT | NOV | DEC | JAN | FEB | MAR | APR | MAY | TOTAL |
|------|-----|-----|-----|-----|-----|-----|-----|-----|-----|-----|-----|-------|
| DOR's Received | 4 | 0 | 0 | 3 | 1 | 4 | 1 | 1 | 4 | 4 | 0 | 22 |
| PD's to Agency | 0 | 4 | 0 | 0 | 2 | 0 | 5 | 1 | 2 | 5 | 0 | 19 |
| CP's Received | 0 | 0 | 4 | 0 | 0 | 0 | 1 | 3 | 4 | 2 | 2 | 16 |
| Projects Nego. | 0 | 0 | 0 | 1 | 3 | 0 | 1 | 3 | 3 | 0 | 0 | 11 |
| Projects Cancel | | | | | | | | | | | | 2 |
| NTE-TOE Projects | | | | | | | | | | | | 0 |

### TOTALS BY MONTH

| ITEM | JUL | AUG | SEP | OCT | NOV | DEC | JAN | FEB | MAR | APR | MAY | TOTAL |
|------|-----|-----|-----|-----|-----|-----|-----|-----|-----|-----|-----|-------|
| DOR's Received | 33 | 15 | 8 | 7 | 3 | 8 | 8 | 6 | 24 | 11 | 16 | 139 |
| PD's to Agency | 0 | 18 | 0 | 11 | 5 | 5 | 13 | 23 | 18 | 9 | 20 | 122 |
| CP's Received | 0 | 0 | 8 | 3 | 9 | 7 | 2 | 9 | 20 | 19 | 8 | 85 |
| Projects Nego. | 0 | 0 | 0 | 6 | 12 | 7 | 3 | 4 | 16 | 6 | 22 | 76 |
| Projects Cancel | | | | | | | | | | | | 15 |
| NTE-TOE Projects | | | | | | | | | | | | 13 |

| | ARNG* | ANG | PA | TOTAL |
|------|-------|-----|-----|-------|
| Negotiated Projects | 1,472,584.68 | 491,132.34 | 78,921.82 | 2,042,638.84 |
| NTE-TOE Projects | 1,527,523.25 | 547,465.70 | 000.00 | 2,074,988.95 |
| TOTALS | 3,000,107.93 | 1,038,598.04 | 78,921.82 | 4,117,627.79 |

\* Does not include video projectors, "What's Next" Booklets, or the "Test Skills" Workshop

CA 06-2149
Plaintiff Exhibit
11

MSG Washington
NGB-JA-C, 23 May 86

$p_1$

IN AR 623-205, APPENDIX E.

NOV 84 – FEB 85

ENLISTED EVALUATION REPORT
(AR 623-205)

Proponent agency for this form is the US Army Military Personnel Center.

## PART I. ADMINISTRATIVE DATA

**A. LAST NAME – FIRST NAME – MIDDLE INITIAL**
WASHINGTON, EDWARD D.

**B. SSN** [redacted]

**C. RANK (ABBR)** MSG

**D. DATE OF RANK** 810201

**E. PRIMARY MOSC** 00E5H

**F. SECONDARY MOSC** 79D5H

**G. UNIT, ORGANIZATION, STATION, ZIP CODE/APO, MACOM**
Advertising Support Center, National Guard Bureau

**H. CODE/TYPE OF REPORT** Change of Rater

**I. PERIOD OF REPORT** FROM YEAR 84 MONTH 11 THRU YEAR 85 MONTH 02

**J. RATED MONTHS** 4

**K. NONRATED MONTHS**

**L. NONRATED CODES**

## PART II. DUTY DESCRIPTION

**A. PRINCIPAL DUTY TITLE:** Senior Enlisted Advisor (Advertising)

**B. DUTY MOSC:** 00E50

**C. DESCRIPTION OF DUTIES:** Develop, implement, and clarify plans and policies for the Chief, NGB Advertising Support Center. Compose correspondence in response to headquarters and field inquiries. Provide guidance to program managers and contract advertising agency. Prepare project descriptions and government estimates for the purchase of advertising goods and services. Coordinate and monitor the Field Service Program and the national recruit lead processing system. Develop a data base management system for the Advertising Distribution Center.

## PART III. EVALUATION OF PROFESSIONALISM AND PERFORMANCE

| RATER | INDORSER | A. PROFESSIONAL COMPETENCE | | RATER | INDORSER | B. PROFESSIONAL STANDARDS |
|---|---|---|---|---|---|---|
| 5 | 5 | 1. Demonstrates initiative. | | 5 | 5 | 1. Integrity. |
| 5 | 5 | 2. Adapts to changes. | | 5 | 5 | 2. Loyalty. |
| 5 | 5 | 3. Seeks self-improvement. | | 5 | 5 | 3. Moral courage. |
| 5 | 5 | 4. Performs under pressure. | | 5 | 5 | 4. Self-discipline. |
| 5 | 5 | 5. Attains results. | | 5 | 5 | 5. Military appearance. |
| 5 | 5 | 6. Displays sound judgment. | | 5 | 5 | 6. Earns respect. |
| 5 | 5 | 7. Communicates effectively. | | 5 | 5 | 7. Supports EO/EEO. |
| 5 | 5 | 8. Develops subordinates. | | 35 | 35 | SUBTOTALS |
| 5 | 5 | 9. Demonstrates technical skills. | | | | |
| 5 | 5 | 10. Physical fitness. | | | | |
| 50 | 50 | SUBTOTALS | | | | |

SCORING SCALE (High) 5 4 3 2 1 0 (Low)

(Add the Rater's SUBTOTALS (A&B) and enter sum in the appropriate box in PART VI, SCORE SUMMARY. Do the same for Indorser.)

**C. DEMONSTRATED PERFORMANCE OF PRESENT DUTY** 8406/PASS

68/146  YES

**1. Rater's Evaluation:** Drawing on his knowledge and experience as a production recruiter and advertising project officer, MSG Washington quickly grasped the intricacies of contract administration and materials distribution. He analyzed the word processing and data management requirements of each functional area and developed appropriate applications for two dissimilar but compatible systems to expedite work flow, improve productivity, and achieve operating efficiencies. MSG Washington's detailed understanding of National Guard advertising programs ensured strict compliance with contractual provisions by program managers and contractor personnel. Working closely with project officers, he successfully streamlined the reporting requirements of the lead processing system to eliminate extraneous data and to orient its objectives toward maximum use by field recruiters. He established procedures to track the processing of requests for advertising materials and to measure contractor performance.

**2. Indorser's Evaluation:** MSG Washington is an outstanding NCO who has contributed immeasurably to the success of the National Guard's advertising, recruiting, and retention programs. His performance in a high-pressure, service-oriented organization has enabled the Army and Air Guard program managers to meet or exceed their advertising production and delivery dates. His exemplary performance and leadership qualities have motivated other staff members to maintain a high level of service and operational economies. MSG Washington is quick to accept challenges and to seize opportunities for operational improvements. He is dedicated to personal and professional achievement, and encourages his associates to strive for excellence.

**DA FORM 2166-6** OCT 81
REPLACES DA FORM 2166-5A, OCT 79, WHICH IS OBSOLETE.

Tab F-4 pg. 18

**PART IV. EVALUATION OF POTENTIAL**

1. Rater's Evaluation: (Place score in applicable box)

| 40-38 | 37-20 | 19-0 | 40-0 |
|---|---|---|---|
| [40] Promote ahead of peers. | [ ] Promote with peers. | [ ] Do not promote. | [ ] E9 Soldiers Only. |

Nov 84 - Feb 85

Comments: (potential for higher-level school, assignment, and supervisory responsibility)
MSG Washington is a confident, accomplished individual whose talents and potential are unlimited. His record of achievement is indicative of an ability to perform at the highest levels. He is especially qualified for leadership responsibilities in a headquarters or an academic environment. MSG Washington is acutely sensitive to promoting opportunities for junior enlisted personnel to further their careers while improving the readiness of the National Guard.

2. Indorser's Evaluation: (Place score in applicable box)

| 40-38 | 37-20 | 19-0 | 40-0 |
|---|---|---|---|
| [40] Promote ahead of peers. | [ ] Promote with peers. | [ ] Do not promote. | [ ] E9 Soldiers Only. |

Comments: (potential for higher-level school, assignment, and supervisory responsibility)
MSG Washington possesses a contagious positive attitude and desire to excel. His demonstrated performance is indicative of his ability to assume increasingly more demanding managerial and supervisory responsibilities at senior levels of command.

**PART V. AUTHENTICATION**

A. NAME OF RATER (Last, First, MI)

GOLDSTEIN, NORMAN J.

SSN ___

SIGNATURE *Norman J. Goldstein*

RANK, ORGANIZATION, AND DUTY ASSIGNMENT
LTC | Chief, Advertising Support Center, National Guard Bureau

Refer to AR 623-205 for requirements to discuss contents of report with the rated soldier.

DATE 3 April 1985

B. NAME OF INDORSER (Last, First, MI)

POLLARD, GORDON K.

SSN ___

SIGNATURE *Gordon K. Pollard*

RANK, ORGANIZATION, AND DUTY ASSIGNMENT
COL | Director, Joint Staff, National Guard Bureau

DATE 4 April 1985

C. NAME OF RATED SOLDIER (Last, First, MI)

WASHINGTON, EDWARD D.

I have verified Administrative Data, PART I, and Duty Description, PART II. I have seen this report as prepared by the Rater and Indorser. I understand that my signature does not constitute agreement nor disagreement with their evaluations.

DATE 10 JULY 1985

Signature: *Edward D. Washington*

D. NAME OF REVIEWER (Last, First, MI)
DENMAN, HAROLD R.

SSN ___

I have reviewed this report in accordance with AR 623-205 on 30 May 1985

RANK, ORGANIZATION, AND DUTY ASSIGNMENT
COL | Executive, National Guard Bureau

Signature: *Harold R. Denman*

**PART VI. SCORE SUMMARY**

| PART | RATER SCORE | INDORSER SCORE |
|---|---|---|
| III. | 85 | 85 |
| IV. | 40 | 40 |
| Sum | 125 | 125 |
| REPORT SCORE (R + I ÷ 2) | | 125 |

**PART VII. MILPO CERTIFICATION**

A. SOLDIER'S COPY:

[X] Given to Soldier  10 JUL 85  (date)
[ ] Forwarded to Soldier ___ (date)
[ ] Mailed to Soldier ___ (date)

B. FORWARDING ADDRESS:

C. NO. OF INC.

D. DATE ENTERED ON DA FORM 2-1

E. MILPO SIGNATURE

F. MILPO CODE

See Privacy Act Statement
in AR 623-205, APPENDIX E.

Case 1:06-cv-02149-CKK    Filed 12/21/2007    Page 1 of 2

ppoint agency i... ... rm is the US
Army Military Personnel... Center.

## ...TED EVALUATION REPORT
### (AR 623-205)

MAR 85 - SEP 85

### PART I. ADMINISTRATIVE DATA

LAST NAME—FIRST NAME—MIDDLE INITIAL

| | B. SSN | C. RANK (ABBR) | D. DATE OF RANK |
|---|---|---|---|
| ASHINGTON, EDWARD D. | ~~████~~ | MSG | 810201 |

| PRIMARY MOSC | F. SECONDARY MOSC | G. UNIT, ORGANIZATION, STATION, ZIP CODE/APO, MACOM |
|---|---|---|
| 0E5H | 79D5H | HQ, STARC, Ohio ARNG    Atch to NGB<br>National Guard Bureau, NGB-JA-C, The Pentagon, Washington, DC 20310 |

| CODE/TYPE OF REPORT | I. PERIOD OF REPORT | | | | | | J. RATED MONTHS | K. NONRATED MONTHS | L. NONRATED CODES |
|---|---|---|---|---|---|---|---|---|---|
| Change of Rater | FROM | YEAR 85 | MONTH 03 | THRU | YEAR 85 | MONTH 09 | | | |

### PART II. DUTY DESCRIPTION

PRINCIPAL DUTY TITLE: **Senior Enlisted Advisor (Advertising)**

DESCRIPTION OF DUTIES: **Provides advice and counsel to the Contracting Officer on matters pertain**ng to the NGB advertising contract. **Assist NGB directorates in developing, and executing** dvertising plans for the Army and Air NG, and the NGB Command Information program. **Prepare** overnment Estimates, Project Descriptions, perform Technical Evaluations, and assist in the egotiation process with the contractor. **When directed, assist subordinate enlisted and** ubordinate civilian personnel in planning for upward mobility, and provide guidance on ethods to increase productivity.

B. DUTY MOSC **00E50**

### PART III. EVALUATION OF PROFESSIONALISM AND PERFORMANCE

| ATER | INDORSER | A. PROFESSIONAL COMPETENCE | SCORING SCALE | RATER | INDORSER | B. PROFESSIONAL STANDARDS |
|---|---|---|---|---|---|---|
| | 5 | 1. Demonstrates initiative. | (High) | 5 | 5 | 1. Integrity. |
| | 5 | 2. Adapts to changes. | | 5 | 5 | 2. Loyalty. |
| | 5 | 3. Seeks self-improvement. | 5 | 5 | 5 | 3. Moral courage. |
| | 5 | 4. Performs under pressure. | 4 | 5 | 5 | 4. Self-discipline. |
| | 5 | 5. Attains results. | | 5 | 5 | 5. Military appearance. |
| | 5 | 6. Displays sound judgment. | 3 | 5 | 5 | 6. Earns respect. |
| | 5 | 7. Communicates effectively. | 2 | 5 | 5 | 7. Supports EO/EEO. |
| | 5 | 8. Develops subordinates. | 1 | 35 | 35 | SUBTOTALS |
| | 5 | 9. Demonstrates technical skills. | | | | |
| | 5 | 10. Physical fitness. | 0 | | | |
| 0 | 50 | SUBTOTALS | (Low) | | | [Add the Rater's SUBTOTALS (A&B) and enter sum in the appropriate box in PART VI, SCORE SUMMARY. Do the same for Indorser.] |

DEMONSTRATED PERFORMANCE OF PRESENT DUTY    PASS 8507    HT/WT: Yes

Rater's Evaluation:

ergeant Washington's broad base knowledge of the Army, NGB organization, mission, and tructure is consistently used to assist the NGB in achieving its strength objectives. On is own, he developed a computerized data base management system for the $7 million dollar dvertising contract. He is a fluent and prolific writer who produces clear and concise taff papers. Regardless of the task I've assigned him, it is always completed within the stablished guidelines, and in a professional manner. His positive approach to solving com- lex issues is a trait that every leader looks for in a subordinate. Sergeant Washington's fforts have resulted in a significant improvement of the NGB advertising contract. His reparation of Government Estimates, Project Descriptions, and advice during negotiations ith the contractor have proved to be invaluable. He is the epitome of a Senior NCO.

Indorser's Evaluation:

ergeant Washington uses his technical knowledge in the areas of recruiting and retention assist the various NGB directorates in planning, and implementing their annual advertising an. His analytical abilities, creative thinking, and aggressive professionalism ranks him an exceptional Senior NCO needed in today's Army. He adapts to stress very well by react- g in an exemplary fashion. Because of these qualities, and his high personal and pro- ssional standards, his contributions to the Office of Legal Advisor, the NGB Contracting pport Branch, and NGB directorates have been well received by superiors, peers, and bordinates alike.

CA 06-2149
Plaintiff Exhibit
13

FORM 2166-6    REPLACES DA FORM 2166-5A, OC1 79, WHICH IS OBSOLETE.

**AT IV. EVALUATION OF POTENTIAL**

**1. Rater's Evaluation: (Place score in applicable box)**

MAR 85 - SEP 85

| 40-38 | 37-20 | 19-0 | 40-0 |
|---|---|---|---|
| **40** Promote ahead of peers. | Promote with peers. | Do not promote. | E9 Soldiers Only. |

Comments (potential for higher-level school, assignment, and supervisory responsibility)

Sergeant Washington would be a valuable asset to any organization that strives for excellence. His potential, demonstrated performance, and high desires to excel are characteristics that every commander seeks in a subordinate. If I had the authority, I would promote him immediately.

**2. Indorser's Evaluation: (Place score in applicable box)**

| 40-38 | 37-20 | 19-0 | 40-0 |
|---|---|---|---|
| **40** Promote ahead of peers. | Promote with peers. | Do not promote. | E9 Soldiers Only. |

Comments (potential for higher-level school, assignment, and supervisory responsibility)

I concur with the rater's comments. His "can-do attitude", and professional competence are positive indicators of his ability to serve at senior levels of command.

**PART V. AUTHENTICATION**

**A. NAME OF RATER (Last, First, MI)**
MONACHINO, JOSEPH V. *Attorney*
SSN —
SIGNATURE *Joseph V Monachino*

**RANK, ORGANIZATION, AND DUTY ASSIGNMENT**
LTCOL Chief, NGB Contracting Support Branch
Refer to AR 623-205 for requirements to discuss contents of report with the rated soldier.
DATE 10 Sept 85

**B. NAME OF INDORSER (Last, First, MI)**
HISE, JAMES C. *Attorney*
SSN
SIGNATURE *James C Hise*

**RANK, ORGANIZATION, AND DUTY ASSIGNMENT**
GM15 Chief, Office of Legal Advisor, NGB
DATE 10 Sept 85

**C. NAME OF RATED SOLDIER (Last, First, MI)**
WASHINGTON, EDWARD D.
DATE 10 Sep 85

I have verified Administrative Data, PART I, and Duty Description, PART II. I have seen this report as prepared by the Rater and Indorser. I understand that my signature does not constitute agreement nor disagreement with their evaluations.
Signature: *Edward D. Washington*

**D. NAME OF REVIEWER (Last, First, MI)**
POLLARD, GORDON K.
SSN

I have reviewed this report in accordance with AR 623-205 10 Sep 85
Signature: *Gordon Pollard*

**RANK, ORGANIZATION, AND DUTY ASSIGNMENT**
COL Director, Joint Staff, NGB

**PART VI. SCORE SUMMARY**

| PART | RATER SCORE | INDORSER SCORE |
|---|---|---|
| III. | 85 | 85 |
| IV. | 40 | 40 |
| Sum | 125 | 125 |
| REPORT SCORE (R + I ÷ 2) = | 125 | |

**PART VII. MILPO CERTIFICATION**

**A. SOLDIER'S COPY:**
☐ Given to Soldier _____ (date)
☐ Forwarded to Soldier _____ (date)
☐ Mailed to Soldier _____ (date)

**B. FORWARDING ADDRESS**

CA 06-2149 Plaintiff Exhibit 13

**C. NO. OF INCL.** | **D. DATE ENTERED ON DA FORM 2-1** | **E. MILPO SIGNATURE** | **F. MILPO CODE**

JUN 86 - MAY 87

See Privacy Act Statement
in AR 623-205, APPENDIX E.

# ENLISTED EVALUATION REPORT
## (AR 623-205)

Proponent agency of this form is the US
Army Military Personnel Center.

## PART I. ADMINISTRATIVE DATA

| LAST NAME  FIRST NAME – MIDDLE INITIAL | B. SSN | C. RANK (ABBR) | D. DATE OF RANK |
|---|---|---|---|
| WASHINGTON, EDWARD D.    JUN 86 TO   MAY 87 | | SGM | 86 10 04 |

| PRIMARY MOSC | SECONDARY MOSC | G. UNIT, ORGANIZATION, STATION, ZIP CODE/APO, MACOM |
|---|---|---|
| 75Z5HV7 | 00E50 | HQ STARC, OHARNG, Worthington, OH  43085 atch National Guard Bureau, Washington, DC  20310 |

| CODE/TYPE OF REPORT | I. PERIOD OF REPORT | | | | | J. RATED MONTHS | K. NONRATED MONTHS | L. NONRATED CODES |
|---|---|---|---|---|---|---|---|---|
| 02 ANNUAL | FROM | YEAR 86 | MONTH 06 | THRU | YEAR 87 | MONTH 05 | 12 | | |

## PART II. DUTY DESCRIPTION

PRINCIPAL DUTY TITLE: Senior Staff NCO

B. DUTY MOSC  75Z50

DESCRIPTION OF DUTIES:
Documents manpower requirements and authorizations for the ARNG AGR Title 32 program. Provides technical advice and assistance to the Program Managers for the States. Maintains the automated data base for Full-Time Unit Support requirements and authorizations. Develop and supervise two NCOs. Assists in the planning and development of manpower requirements based on Force structure changes.

## PART III. EVALUATION OF PROFESSIONALISM AND PERFORMANCE

A. PROFESSIONAL COMPETENCE

| RATER | INDORSER | | SCORING SCALE | RATER | INDORSER | PROFESSIONAL STANDARDS |
|---|---|---|---|---|---|---|
| 5 | 5 | 1. Demonstrates initiative. | (High) | 5 | 5 | 1. Integrity |
| 5 | 5 | 2. Adapts to changes. | | 5 | 5 | 2. Loyalty |
| 5 | 5 | 3. Seeks self-improvement. | 5 | 5 | 5 | 3. Moral courage. |
| 5 | 5 | 4. Performs under pressure. | | 5 | 5 | 4. Self discipline. |
| 5 | 5 | 5. Attains results. | 4 | 5 | 5 | 5. Military appearance. |
| 5 | 5 | 6. Displays sound judgment. | 3 | 5 | 5 | 6. Earns respect. |
| 5 | 5 | 7. Communicates effectively. | 2 | 5 | 5 | 7. Supports EO EEO. |
| 5 | 5 | 8. Develops subordinates. | 1 | 35 | 35 | SUBTOTALS |
| 5 | 5 | 9. Demonstrates technical skills. | 0 | | | |
| 5 | 5 | 10. Physical fitness. | (Low) | | | |
| 50 | 50 | SUBTOTALS | | Add the Rater's SUBTOTALS together and enter sum in the appropriate box in PART IV. SCORE SUMMARY. Do the same for Indorser. | | |

68/150 PASS 8704

DEMONSTRATED PERFORMANCE OF PRESENT DUTY

Rater's Evaluation:
During this rating period SGM Washington performed all assigned tasks in an examplary manner. He is intelligent, articulate and extremely knowledgeable. He developed an excellent working relationship with Active Guard/Reserve (AGR) program managers of the states. He is well respected by them and is constantly praised for timely and accurate full-time support documentation. During this rating period SGM Washington developed and supervised the loading of FTS requirements and authorizations into an automated data base. SGM Washington is a true professional and could only be rated as outstanding. He is a credit to the Army National Guard and the United States Army.

Indorser's Evaluation:
SGM Washington's documentation of all Army National Guard Title 32 Active Guard and Reserve (AGR) manpower requirements and authorization was timely and accurate. Although this is simple to state, it was a very difficult process to execute because of the myriad of tasks, organizations and personalities involved. His coordination with the 54 states and territories was professional and his execution exact. He provided outstanding technical advice and assistance to the 54 program managers and as a result has earned an outstanding reputation. He has a keen insight as to how the enhance documentation of the AGR program and is constantly working to do this. He has been particularly successful in automating the AGR data base and this in itself has enhanced the support of the states and territories. SGM Washington's performance of duties has been above and beyond that expected and can only be categorized as outstanding.

A FORM 2166-6    REPLACES DA FORM 2166-5A, OCT 79, WHICH IS OBSOLETE.    Tab E-4 pg 14

| 40-38 ☐ Promote ahead of peers. | 37-20 ☐ Promote with peers. | 19-0 ☐ Do not promote. | 40-0 [40] Es Soldiers Only. |
|---|---|---|---|

Comments (potential for higher-level school, assignment, and supervisory responsibility)

~ all ~ MAY 87

Jun 86 - MAY 87

SGM Washington is capable and ready for a Command Sergeant Major position at any level or staff position at the highest level.

2. Indorser's Evaluation: (Place score in applicable box)

| 40-38 ☐ Promote ahead of peers. | 37-20 ☐ Promote with peers. | 19-0 ☐ Do not promote. | 40-0 [40] Es Soldiers Only. |
|---|---|---|---|

Comments (potential for higher-level school, assignment, and supervisory responsibility)

I highly recommend that SGM Washington's potential be exploited by placing him in positions of increased responsibility. He has the potential to serve equally well at Headquarters Department of the Army or battalion level.

## PART V. AUTHENTICATION

**A. NAME OF RATER** *(Last, First, MI)*

TIPA, RONALD J.

SSN | SIGNATURE

**RANK, ORGANIZATION, AND DUTY ASSIGNMENT**

LTC | NGB, Chief, Requirements and Documentation Branch

DATE 5 OCT 87

Refer to AR 623-205 for requirements to discuss contents of report with the rated soldier

**B. NAME OF INDORSER** *(Last, First, MI)*

ELLIOTT, DAVID R.

SSN | SIGNATURE

**RANK, ORGANIZATION, AND DUTY ASSIGNMENT**

COL | NGB, Chief, Army Manpower Division

DATE 9 Oct 87

**C. NAME OF RATED SOLDIER** *(Last, First, MI)*

WASHINGTON, EDWARD D.

SSN | DATE 9 Oc- 87

I have verified Administrative Data, PART I, and Duty Description, PART II. I have seen this report as prepared by the Rater and Indorser. I understand that my signature does not constitute agreement with or disagreement with their evaluations.

Signature: Edward D. Washington

**D. NAME OF REVIEWER** *(Last, First, MI)*

BURDICK, DONALD

SSN

I have reviewed this report in accordance with AR 623-205 on 14 Oct 87

Signature:

**RANK, ORGANIZATION, AND DUTY ASSIGNMENT**

MG | NGB, Director, Army National Guard

| PART VI. SCORE SUMMARY | | | PART VII. MILPO CERTIFICATION | |
|---|---|---|---|---|
| PART | RATER SCORE | INDORSER SCORE | A. SOLDIER'S COPY. | F. FORWARDING ADDRESS |
| III. | 85 | 85 | ☐ Given to Soldier _____ (date) | |
| IV. | 40 | 40 | ☒ Forwarded to Soldier 1 5 OCT 1997 (date) | |
| Sum | 125 | 125 | ☐ Mailed to Soldier _____ (date) | |

| REPORT SCORE (R + I ÷ 2) = | 125 | C. NO. OF INCL. 0 | D. DATE ENTERED ON DA FORM 2-1 | E. MILPO SIGNATURE | F. MILPO CODE 39 |
|---|---|---|---|---|---|

PAGE

Tab F-4 pg. 15

MAR 88 - FEB 89

## PART I - ADMINISTRATIVE DATA

| a. NAME (Last, First, Middle Initial) | b. SSN | c. RANK | d. DATE OF RANK | e. PMOSC |
|---|---|---|---|---|
| WASHINGTON, EDWARD D. | | SGM | 86 10 04 | 75Z50HV7 |

MAR 88 TO
FEB 89

| f. UNIT, ORG., STATION, ZIP CODE OR APO, MAJOR COMMAND | g. REASON FOR SUBMISSION |
|---|---|
| HQ STARC OHARNG, Columbus, OH 43265 atch NGB, Washington, DC 20310 (W39L) | 02 ANNUAL |

| h. PERIOD COVERED | | | | i. RATED MONTHS | j. NON-RATED CODES | k. NO OF ENCL | l. RATED NCO COPY (Check one and Date) | | m. PSC Initials | n. CMD CODE | o. PSC CODE |
|---|---|---|---|---|---|---|---|---|---|---|---|
| FROM | | THRU | | | | | 1. Given to NCO | Date | | | |
| YY | MM | YY | MM | 12 | | X | 2. Forwarded to NCO | 21 APR 1989 | | GB | 35 |
| 88 | 03 | 89 | 02 | | | | | | | | |

## PART II - AUTHENTICATION

| a. NAME OF RATER (Last, First, Middle Initial) | SSN | SIGNATURE | |
|---|---|---|---|
| DOYLE, PAUL J. | | | DATE |
| RANK, PMOSC/BRANCH, ORGANIZATION, DUTY ASSIGNMENT | | | |
| LTC, TC, NGB, Chief, Requirements and Documentation Branch | | | 13 Mar 89 |

| b. NAME OF SENIOR RATER (Last, First, Middle Initial) | SSN | SIGNATURE | |
|---|---|---|---|
| ALBERTELLA, RAYMOND C. | | | DATE |
| RANK, PMOSC/BRANCH, ORGANIZATION, DUTY ASSIGNME | | | |
| COL, GS(FA), NGB, Chief, Manpower Division | | | 28 Mar 89 |

c. RATED NCO. I understand my signature does not constitute agreement or disagreement with the evaluations of the rater and senior rater. Part I, height/weight and APFT entries are verified. I have seen this report completed through Part V. I am aware of the appeals process (AR 623-205).

| SIGNATURE | DATE |
|---|---|
| Edward D. Washington | 13 MAR 89 |

| d. NAME OF REVIEWER (Last, First, Middle Initial) | SSN | SIGNATURE | |
|---|---|---|---|
| NAVAS, WILLIAM A., JR. | | | |
| RANK, PMOSC/BRANCH, ORGANIZATION, DUTY ASSIGNME | | | DATE |
| BG, GS, Deputy Director, Army National Guard | | | 17 Ap 89 |

| e. [X] CONCUR WITH RATER AND SENIOR RATER EVALUATIONS | [ ] NONCONCUR WITH RATER AND/OR SENIOR RATER EVAL (See attached comment) |
|---|---|

## PART III - DUTY DESCRIPTION (Rater)

| a. PRINCIPAL DUTY TITLE | b. DUTY MOSC |
|---|---|
| Senior Staff NCO | 75Z50 |

c. DAILY DUTIES AND SCOPE (To include, as appropriate, people, equipment, facilities and dollars)
Responsible for the editing and reconciliation of the documentation for approximately 70,000 requirements and authorizations for the ARNG Full-Time Support Program. Conducts on site manpower surveys to validate staffing guide requirements for MTOE units. Coordinates staff actions with HQ DA and FORSCOM for all Active Component soldiers assigned to ARNG MTOE units. Supervises two NCOs.

d. AREAS OF SPECIAL EMPHASIS
Analyzes plans and concepts to determine automation requirements for the branch. This includes establishing milestones for each major module of development.

e. APPOINTED DUTIES Serves on the Enlisted Tour Advisory Council, and as the Army Manpower Division Sergeant Major for enlisted personnel.

| f. Counseling dates from checklist/record | INITIAL | LATER | LATER | LATER |
|---|---|---|---|---|
| | | | | |

## PART IV - VALUES/NCO RESPONSIBILITIES (Rater)

a. Complete each question. (Comments are mandatory for "No" entries; optional for "Yes" entries.)

| | | | YES | NC |
|---|---|---|---|---|
| **V** **A** **L** **U** **E** **S** | PERSONAL Commitment Competence Candor Courage | 1 Places dedication and commitment to the goals and missions of the Army and nation above personal welfare. | 1 X | |
| | | 2 Is committed to and shows a sense of pride in the unit - works as a member of the team. | 2 X | |
| | | 3 Is disciplined and obedient to the spirit and letter of a lawful order. | 3 X | |
| | | 4 Is honest and truthful in word and deed. | 4 X | |
| | | 5 Maintains high standards of personal conduct on and off duty. | 5 X | |
| | | 6 Has the courage of convictions and the ability to overcome fear - stands up for and does, what's right. | 6 X | |
| | ARMY ETHIC Loyalty Duty Selfless Service Integrity | 7 Supports EO/EEO | 7 X | |
| | | Bullet comments

o He always leads by example.

o Uses tact and diplomacy when communicating with others.

o Accomplishes the mission efficiently, and with integrity. | | |

DA FORM 2166-7, SEP 87          REPLACES DA FORM 2166-6, OCT 81, WHICH IS OBSOLETE

Tab F-4 pg. 12

| RATER NCO'S NAME (Last, First, Middle) WASHINGTON, EDWARD D. | MAR 88 – FEB 89 | SSN | THRU DATE 89 02 |
|---|---|---|---|

**PART IV (Rater) - VALUES/NCO RESPONSIBILITIES** — Specific Bullet examples of "EXCELLENCE" or "NEEDS IMPROVEMENT" are mandatory. Specific Bullet examples of "SUCCESS" are optional.

**b. COMPETENCE**
- o Duty proficiency; MOS competency
- o Technical & tactical; knowledge, skills, and abilities
- o Sound judgment
- o Seeking self-improvement; always learning
- o Accomplishing tasks to the fullest capacity; committed to excellence

EXCELLENCE (Exceeds std) [X]   SUCCESS (Meets std) [ ]   NEEDS IMPROVEMENT (Some) [ ] (Much) [ ]

- °Superiors and peers seek his advice and counsel because of his technical competence, and organizational skills.
- °Set new benchmarks in providing the front-end analysis for upgrade of the manpower data base.
- °Developed a handbook for States to electronically communicate with the corporate data base.

**c. PHYSICAL FITNESS & MILITARY BEARING**
- o Mental and physical toughness
- o Endurance and stamina to go the distance
- o Displaying confidence and enthusiasm; looks like a soldier

| APFT PASS/8810 | HEIGHT/WEIGHT 68/150 YES |
|---|---|

EXCELLENCE (Exceeds std) [X]   SUCCESS (Meets std) [ ]   NEEDS IMPROVEMENT (Some) [ ] (Much) [ ]

- °His military bearings and appearance are always impeccable.
- °Articulates his thought processes in a superb manner.

**d. LEADERSHIP**
- o Mission first
- o Genuine concern for soldiers
- o Instilling the spirit to achieve and win
- o Setting the example: Be, Know, Do

EXCELLENCE (Exceeds std) [X]   SUCCESS (Meets std) [ ]   NEEDS IMPROVEMENT (Some) [ ] (Much) [ ]

- °Used positive counselling sessions to increase a soldier's sub-standard performance to successful performance.
- °His daily interactions with the officer and civilian personnel project team effort and motivation.
- °Set new benchmarks to upgrade the manpower data base.

**e. TRAINING**
- o Individual and team
- o Mission focused: performance oriented
- o Teaching soldiers how; common tasks, duty-related skills
- o Sharing knowledge and experience to fight, survive and win

EXCELLENCE (Exceeds std) [X]   SUCCESS (Meets std) [ ]   NEEDS IMPROVEMENT (Some) [ ] (Much) [ ]

- °Conducted training on the NCO-ER rating system to all members of the division.
- °During the past 12 months, conducted individual manpower management training sessions at State SPMO Offices.
- °Conducted training classes in the AGR Manager's Course

**f. RESPONSIBILITY & ACCOUNTABILITY**
- o Care and maintenance of equip./facilities
- o Soldier and equipment safety
- o Conservation of supplies and funds
- o Encouraging soldiers to learn and grow
- o Responsible for good, bad, right & wrong

EXCELLENCE (Exceeds std) [X]   SUCCESS (Meets std) [ ]   NEEDS IMPROVEMENT (Some) [ ] (Much) [ ]

- °Quarterly, performs an internal audit of the corporate data base to ensure data integrity.
- °Assist the enlisted personnel in being good followers as well as good leaders.

**PART V - OVERALL PERFORMANCE AND POTENTIAL**

**a. RATER.** Overall potential for promotion and/or service in positions of greater responsibility.

AMONG THE BEST [X]   FULLY CAPABLE [ ]   MARGINAL [ ]

**b. RATER.** List 3 positions in which the rated NCO could best serve the Army at his/her current or next higher grade.
- Bde/Div CSM
- State CSM
- NGB CSM

**e. SENIOR RATER BULLET COMMENTS**
- o  Unlimited potential across a wide spectrum of activities
- o  Makes hard jobs look easy
- o  A leader - appoint now as CSM

**c. SENIOR RATER.** Overall performance [X]  1 2 3 Successful  4 Fair  5 Poor

**d. SENIOR RATER.** Overall potential for promotion and/or service in positions of greater responsibility [X]  1 2 3 4 5

Tab F-4 pg. 13

# NCO EVALUATION REPORT

For use of this form, see AR 623-205; the proponent agency is DCSPER

SEE PRIVACY ACT STATEMENT IN AR 623-205, APPENDIX E.

## PART I - ADMINISTRATIVE DATA

| a. NAME (Last, First, Middle Initial) | b. SSN | c. RANK SGM | d. DATE OF RANK | e. PMOSC |
|---|---|---|---|---|
| WASHINGTON, EDWARD D. | | | 86 10 04 | 75Z5V7 |

| f. UNIT, ORG., STATION, ZIP CODE OR APO, MAJOR COMMAND | g. REASON FOR SUBMISSION |
|---|---|
| atch ARNG Opn Act Ctr (W39IAA), Alexandria, VA 22032  OHARNG, Columbus, OH 43265 | 02 ANNUAL |

| h. PERIOD COVERED | | | | i. RATED MONTHS | j. NON-RATED CODES | k. NO. OF ENCL | l. RATED NCO COPY (Check one and Date) | | m. PSC Initials | n. CMD CODE | o. PSC CODE |
|---|---|---|---|---|---|---|---|---|---|---|---|
| FROM | | THRU | | 12 | | Ø | 1. Given to NCO | Date | OBW | | |
| YY 91 | MM 08 | YY 92 | MM 07 | | | X | 2. Forwarded to NCO | 10 AUG 1992 | | | |

## PART II - AUTHENTICATION

| a. NAME OF RATER (Last, First, Middle Initial) | SSN | SIGNATURE | |
|---|---|---|---|
| DALTON, ARTHUR L. | | Arthur L. Dalton | |
| RANK, PMOSC/BRANCH, ORGANIZATION, DUTY ASSIGNMENT | | | DATE |
| GS-13, DAC, Chief, Supply & Services Branch, Contracting Support Office | | | 23 Jul 92 |

| b. NAME OF SENIOR RATER (Last, First, Middle Initial) | SSN | SIGNATURE | |
|---|---|---|---|
| CARROLL, MICHAEL C. | | Michael D Carroll | |
| RANK, PMOSC/BRANCH, ORGANIZATION, DUTY ASSIGNMENT | | | DATE |
| LTC, QM, NGB, Principal Assistant Responsible for Contracting | | | 4 AUG 92 |

| c. RATED NCO: I understand my signature does not constitute agreement or disagreement with the evaluations of the rater and senior rater. Part I, height/weight and APFT entries are verified. I have seen this report completed through Part V. I am aware of the appeals process (AR 623-205). | SIGNATURE | |
|---|---|---|
| | Edward D. Washington | DATE 23 Jul 92 |

| d. NAME OF REVIEWER (Last, First, Middle Initial) | SSN | SIGNATURE | |
|---|---|---|---|
| STILLEY, KENNETH J. | | Kenneth J. Stilley | |
| RANK, PMOSC/BRANCH, ORGANIZATION, DUTY ASSIGNMENT | | | DATE |
| COL, GS, NGB, Assistant Director, Joint Staff | | | 9 Aug 92 |

| e. [X] CONCUR WITH RATER AND SENIOR RATER EVALUATIONS | [ ] NONCONCUR WITH RATER AND/OR SENIOR RATER EVAL (See attached comments) |
|---|---|

## PART III - DUTY DESCRIPTION (Rater)

| a. PRINCIPAL DUTY TITLE | b. DUTY MOSC |
|---|---|
| Contract Specialist | 76Z50 |

c. DAILY DUTIES AND SCOPE (To include, as appropriate, people, equipment, facilities and dollars)
Using the Federal Acquisition Regulation and other directives, reviews purchase requests and statements of work to procure supplies and services. Determines government negotiation strategies; and negotiates price, terms, and conditions. Prepares final contract documents and interprets contract clauses. Enhances competitive acquisition. Negotiates contractual changes and supplemental agreements. Documents contract audit trail.

d. AREAS OF SPECIAL EMPHASIS
Makes contract awards for the national advertising convention program. Performs contract administration duties to close-out the NGB advertising contract.

e. APPOINTED DUTIES
Serves as the Senior Staff NCO for military duties and functions.

| f. Counseling dates from checklist/record | INITIAL 910828 | LATER 911119 | LATER 920220 | LATER 920514 |
|---|---|---|---|---|

## PART IV - VALUES/NCO RESPONSIBILITIES (Rater)

a. Complete each question. (Comments are mandatory for "No" entries, optional for "Yes" entries.)

| V A L U E S | PERSONAL Commitment Competence Candor Courage  ARMY ETHIC Loyalty Duty Selfless Service Integrity | | YES | NO |
|---|---|---|---|---|
| | 1. Places dedication and commitment to the goals and missions of the Army and nation above personal welfare. | 1 | X | |
| | 2. Is committed to and shows a sense of pride in the unit - works as a member of the team. | 2 | X | |
| | 3. Is disciplined and obedient to the spirit and letter of a lawful order. | 3 | X | |
| | 4. Is honest and truthful in word and deed. | 4 | X | |
| | 5. Maintains high standards of personal conduct on and off duty. | 5 | X | |
| | 6. Has the courage of convictions and the ability to overcome fear - stands up for and does, what's right. | 6 | X | |
| | 7. Supports EO/EEO | 7 | X | |

Bullet comments

o Demonstrates the ability to choose the hard right over the easy wrong.

o Promotes team cohesiveness to accomplish the mission.

FORM 2166-7, SEP 87

REPLACES DA FORM 2166-6, OCT 81, WHICH IS OBSOLETE

CA 06-2149 Plaintiff Exhibit 16

RATED NCO'S NAME (Last, First, Middle Initial)
**WASHINGTON, EDWARD D.**

SSN

THRU DATE
92 07

**PART IV (Rater) - VALUES/NCO RESPONSIBILITIES**

**b. COMPETENCE**
- o Duty proficiency; MOS competency
- o Technical & tactical; knowledge, skills, and abilities
- o Sound judgment
- o Seeking self-improvement; always learning
- o Accomplishing tasks to the fullest capacity; committed to excellence

| EXCELLENCE (Exceeds std) | SUCCESS (Meets std) | NEEDS IMPROVEMENT (Some) (Much) |
|---|---|---|
| ☒ | ☐ | ☐ ☐ |

o Executes contract awards within 5 days vs. the 30-day standard.

o Awarded 172 contracts, totaling more than $289,000.00.

o Completed a $55 million dollar close-out in 4 months.

**c. PHYSICAL FITNESS & MILITARY BEARING**
- o Mental and physical toughness
- o Endurance and stamina to go the distance
- o Displaying confidence and enthusiasm; looks like a soldier

| EXCELLENCE (Exceeds std) | SUCCESS (Meets std) | NEEDS IMPROVEMENT (Some) (Much) |
|---|---|---|
| ☐ | ☒ | ☐ ☐ |

APFT PASS 9205    HEIGHT/WEIGHT 68/150    YES

o Military appearance is always impeccable.

**d. LEADERSHIP**
- o Mission first
- o Genuine concern for soldiers
- o Instilling the spirit to achieve and win
- o Setting the example; Be, Know, Do

| EXCELLENCE (Exceeds std) | SUCCESS (Meets std) | NEEDS IMPROVEMENT (Some) (Much) |
|---|---|---|
| ☐ | ☒ | ☐ ☐ |

o Uses, and interprets the NCO Support Channel for military and civilian personnel.

o Always support the mission to enhance cohesiveness.

**e. TRAINING**
- o Individual and team
- o Mission focused; performance oriented
- o Teaching soldiers how; common tasks, duty-related skills
- o Sharing knowledge and experience to fight, survive and win

| EXCELLENCE (Exceeds std) | SUCCESS (Meets std) | NEEDS IMPROVEMENT (Some) (Much) |
|---|---|---|
| ☒ | ☐ | ☐ ☐ |

o Achieved a score of 92 upon completion of the Basic Contracting 4-week course.

o Conducts NCO Professional Development training.

**f. RESPONSIBILITY & ACCOUNTABILITY**
- o Care and maintenance of equip./facilities
- o Soldier and equipment safety
- o Conservation of supplies and funds
- o Encouraging soldiers to learn and grow
- o Responsible for good, bad, right & wrong

| EXCELLENCE (Exceeds std) | SUCCESS (Meets std) | NEEDS IMPROVEMENT (Some) (Much) |
|---|---|---|
| ☒ | ☐ | ☐ ☐ |

o Audited 488 contract delivery orders to verify billings against actual payments.

o Developed a data base program to systemically track negotiated labor hours vs. actual performance.

**PART V - OVERALL PERFORMANCE AND POTENTIAL**

**a. RATER. Overall potential for promotion and/or service in positions of greater responsibility.**

| AMONG THE BEST | FULLY CAPABLE | MARGINAL |
|---|---|---|
| ☒ | ☐ | ☐ |

**b. RATER. List 3 positions in which the rated NCO could best serve the Army at his/her current or next higher grade.**

G8 Command Sergeant Major
IV/Corps Command Sergeant Major
Personnel Sergeant Major

**c. SENIOR RATER BULLET COMMENTS**

o Accomplishments reflect professionalism and enthusiasm.

o Completes complex tasks in a professional and timely manner.

o He is an articulate and very skillful SGM who truly enjoys being a soldier.

CA 06-2149
Plaintiff Exhibit
16

**SENIOR RATER. Overall performance**

| | 1 | 2 | 3 | 4 | 5 |
|---|---|---|---|---|---|
| X | | | | | |

**d. SENIOR RATER. Overall potential for promotion and/or service in positions of greater responsibility.**

| X | | | | | |
|---|---|---|---|---|---|



# Enlisted Rank

| E-1 | E-2 | E-3 | E-4 | E-4 |
|---|---|---|---|---|
| No Insignia | | | | |
| Private | Private | Private First Class | Specialist | Corporal |

| E-5 | E-6 | E-7 | E-8 | E-8 |
|---|---|---|---|---|
| Sergeant | Staff Sergeant | Sergeant First Class | Master Sergeant | First Sergeant |

| E-9 | E-9 | E-9 | | |
|---|---|---|---|---|
| Sergeant Major | Command Sergeant Major | Sergeant Major of the Army | | |

*See DD Form 214* (handwritten annotation with arrow)

E-8s and E-9s have 15 to 30 years on the job, and are commanders' senior advisers for enlisted matters.

http://www.defenselink.mil/specials/insignias/enlisted.html



CA 06-2149
Plaintiff Exhibit
17

CA062149
Enlisted Ranks

# Federal Acquisition Regulation

## 1.602 -- Contracting Officers.

### 1.602-1 -- Authority.

(a) Contracting officers have authority to enter into, administer, or terminate contracts and make related determinations and findings. Contracting officers may bind the Government only to the extent of the authority delegated to them. Contracting officers shall receive from the appointing authority (see 1.603-1) clear instructions in writing regarding the limits of their authority. Information on the limits of the contracting officers' authority shall be readily available to the public and agency personnel.

(b) No contract shall be entered into unless the contracting officer ensures that all requirements of law, executive orders, regulations, and all other applicable procedures, including clearances and approvals, have been met.

### 1.602-2 -- Responsibilities.

Contracting officers are responsible for ensuring performance of all necessary actions for effective contracting, ensuring compliance with the terms of the contract, and safeguarding the interests of the United States in its contractual relationships. In order to perform these responsibilities, contracting officers should be allowed wide latitude to exercise business judgment. Contracting officers shall --

(a) Ensure that the requirements of 1.602-1(b) have been met, and that sufficient funds are available for obligation;

(b) Ensure that contractors receive impartial, fair, and equitable treatment; and

(c) Request and consider the advice of specialists in audit, law, engineering, information security, transportation, and other fields, as appropriate.

### 1.602-3 -- Ratification of Unauthorized Commitments.

(a) *Definitions.*

"Ratification," as used in this subsection, means the act of approving an unauthorized commitment by an official who has the authority to do so.

"Unauthorized commitment," as used in this subsection, means an agreement that is not binding solely because the Government representative who made it lacked the authority to enter into that agreement on behalf of the Government.


CA 06-2149
Plaintiff Exhibit
15

# Federal Acquisition Regulation

## 1.603 -- Selection, Appointment, and Termination of Appointment.

### 1.603-1 -- General.

Subsection 414(4) of title 41, United States Code, requires agency heads to establish and maintain a procurement career management program and a system for the selection, appointment, and termination of appointment of contracting officers. Agency heads or their designees may select and appoint contracting officers and terminate their appointments. These selections and appointments shall be consistent with Office of Federal Procurement Policy's (OFPP) standards for skill-based training in performing contracting and purchasing duties as published in OFPP Policy Letter No. 92-3, Procurement Professionalism Program Policy -- Training for Contracting Personnel, June 24, 1992.

### 1.603-2 -- Selection.

In selecting contracting officers, the appointing official shall consider the complexity and dollar value of the acquisitions to be assigned and the candidate's experience, training, education, business acumen, judgment, character, and reputation. Examples of selection criteria include --

(a) Experience in Government contracting and administration, commercial purchasing, or related fields;

(b) Education or special training in business administration, law, accounting, engineering, or related fields;

(c) Knowledge of acquisition policies and procedures, including this and other applicable regulations;

(d) Specialized knowledge in the particular assigned field of contracting; and

(e) Satisfactory completion of acquisition training courses.

### 1.603-3 -- Appointment.

(a) Contracting officers shall be appointed in writing on an SF 1402, Certificate of Appointment, which shall state any limitations on the scope of authority to be exercised, other than limitations contained in applicable law or regulation. Appointing officials shall maintain files containing copies of all appointments that have not been terminated.

(b) Agency heads are encouraged to delegate micro-purchase authority to individuals who are employees of an executive agency or members of the Armed Forces of the United States who will be using the supplies or services being purchased. Individuals delegated this authority are not required to be appointed on an SF 1402, but shall be appointed in writing in accordance with agency procedures.


CA 06-2149
Plaintiff Exhibit
16

# Federal Acquisition Regulation

## 3.101 -- Standards of Conduct.

### 3.101-1 -- General.

Government business shall be conducted in a manner above reproach and, except as authorized by statute or regulation, with complete impartiality and with preferential treatment for none. Transactions relating to the expenditure of public funds require the highest degree of public trust and an impeccable standard of conduct. The general rule is to avoid strictly any conflict of interest or even the appearance of a conflict of interest in Government-contractor relationships. While many Federal laws and regulations place restrictions on the actions of Government personnel, their official conduct must, in addition, be such that they would have no reluctance to make a full public disclosure of their actions.

# Subpart 4.1 -- Contract Execution

## 4.101 -- Contracting Officers Signature.

Only contracting officers shall sign contracts on behalf of the United States. The contracting officer's name and official title shall be typed, stamped, or printed on the contract. The contracting officer normally signs the contract after it has been signed by the contractor. The contracting officer shall ensure that the signer(s) have authority to bind the contractor (see specific requirements in 4.102 of this subpart).



CA 06-2149
Plaintiff Exhibit

Defense Acquisition University

A contracting officer is the only person in the government contracting "world" with the authority to bind the government with her/his signature. When a contracting officer signs a government contract document as a warranted contracting officer, it has significant meaning. Every time a contracting officer signs in her/his capacity as a contracting officer, that signature represents the independent judgment of the signing contracting officer.

References:

- · Federal Acquisition Regulation (48 CFR) and FAR Subparts 1.601 and 1.602-1(a),
  - o This answers you question...."Contracts may be entered into and signed on behalf of the Government only by contracting officers."
- · DFARS 201.602-2 Responsibilities
- · FAR 2.1 is just the definition of "Contracting Officer"

A Contracting Officer's authority is derived from a warrant. Only a Contracting Officer can negotiate a contract with industry and bind the government contractually. This warrant may give the individual unlimited authority or may limit one to a certain dollar threshold and/or commodity.

Contracting Officers must display this document in a conspicuous place to inform everyone of their express contracting authority. A Contracting officer cannot delegate this authority to another individual.

The Procuring Contracting Officer (PCO) is responsible for all contractual activities from receipt of the initial procurement package, preparing and issuing the Request for Proposal (RFP), participating in the source selection process, to awarding the contract.

Some examples of the Contracting Officer's responsibilities are:

a. Formal notification to industry of the proposed Acquisition

b. Releasing of a draft Request for Proposal for industry comment

c. Conducting a pre-solicitation conference

d. Ensuring evaluation criteria in the Request for Proposal is consistent with the acquisition strategy

e. Handling protests

g. Contract administration

h. Preparation of solicitations and contracts

i. Communications with potential offerors

j. Ensuring consistency of the source selection plan with requirements of the Federal Acquisition Regulation (FAR) and the Defense Federal Acquisition Regulation Supplement (DFARS)

k. Award of the contract

CA 06-2149
Plaintiff Exhibit
19



**JOB ANNOUNCEMENT**
**COMPETITIVE NOTICE**

U.S. DEPARTMENT OF LABOR
An Equal Opportunity Employer

| | |
|---|---|
| **Position:** Contract Specialist | **Announcement No:** ETA-04-047PN |
| **Series/Grade:** GS-1102-09 | **Opening Date:** March 15, 2004 |
| | **Closing Date:** March 26, 2004 |
| **Salary Range:** $41,815 - $54,360 (includes locality pay of 14.63%) | **Number of Vacancies:** One (1) |
| | **Bargaining Unit:** Inside Bargaining Unit |
| **Organizational/Geographic Location:** Employment & Training Administration Office of Financial and Administrative Management Office of Grants and Contacts Management Division of Contract Services | **Promotion Potential:** GS-11* |
| | **Civil Service Status Required:** No. |
| | **Temporary Position:** No-Permanent Position |
| | **Part-time Position:** No-Full-Time Position |
| **Duty Station:** Washington D.C. | **Area of Consideration:** All Eligible Candidates and *ICTAP Eligibles Within the Local Commuting Area |

Applications will also be accepted from persons who qualify under noncompetitive hiring authorities, such as (but not limited to) Veterans Readjustment Appointment (VRA eligibles), 30% or more compensable veterans, persons with disabilities, Outstanding Scholar, or present/ former Peace Corps personnel. Additionally, veterans who are preference eligibles or who have been separated from the armed forces under honorable conditions after substantially completing three years of continuous active military service may apply under the Veterans Employment Opportunity Act.

Detailed application instructions and an on-line application form are available on the Employment and Training Administration, Office of Human Resources web site at URL: http://wdsc.doleta.gov/jobs/

**Position Duties and Responsibilities:**

This position is located in the Employment and Training Administration (ETA), Office of Financial and Administrative Management (OFAM), Office of Grants and Contract Management (OGCM), Division of Contract Services (DCS). The DCS is responsible for providing centralized services to the National Office, ETA for federal acquisition (procurement) requirements to ensure effective and uniform implementation of Federal and Departmental procurement and assistance regulations and guidelines within ETA.

The incumbent serves as a Contract Specialist responsible for acquisition duties, such as, procurement planning, pre/post award contract administration, cost/ price analysis, negotiations and contract administration for services, materials and equipment.

Specific duties include but are not limited to:

Analyzes solicited and competitive proposals and assures full compliance with procurement regulations, policies, and procedures under the guidance of a Senior Contract Specialist.

Reviews requisitions and determines appropriate method and type of procurement, citing the authority in determinations and findings reports prepared for the Contracting Officer.

Prepares solicitation documents such as Requests for Proposals (RFPS), Invitations for Bids (IFBs), Requests for Information (RFIs), and Requests for Quotations (RFQs), referring to Senior Contract Specialists as needed. Works closely with Program Officials in order to produce "Specification/Description/Work Statements," "Instruction to Offerors," and "Recommendation Evaluation for Award" publication information for the Contracting Officer's signature.

Determines adequacy and completeness of purchase description, conducts appropriate research and analysis, and initiates any corrective actions required.

Prepares and issues solicitation documents; selects appropriate clauses, ensures clear and complete specifications, and serves as a central point of contact on assigned procurements.

Performs detailed analysis of proposals received to determine responsiveness and responsibility of offerors including review of past awards and performance, request pre-award survey, and establishment of price reasonableness by either price or limited cost analysis.

Drafts final contracts, modifications, and purchase orders including appropriate specifications and standards and specials clauses, for signature of the Contracting Officer, assuring compliance with procurement regulations, policies, and procedures.



CA 06-2149
Plaintiff Exhibit
2C

Tab F-3 pg. 1

\* If selected at the GS-9 grade level, may be promoted to the GS-11 grade level without further competition.

**Qualification Requirements: (Applicants must meet qualification, legal, and regulatory requirements for the position by closing date of this vacancy announcement.)**

To be eligible, applicants must have 2 full academic years of progressively higher level graduate education or masters or equivalent graduate degree or LL.B. or J.D.; or <u>one year of specialized experience at the GS-7 grade level in the Federal Service.</u>

To qualify solely on education for GS-1102 positions on the basis of graduate education, graduate education in one or a combination of the following fields is required: accounting, business, finance, law, contracts, purchasing, economics, industrial management, marketing, quantitative methods, or organization and management.

Specialized experience is experience in or directly related to the position, such as contract specialist responsible for acquisition duties, such as, procurement planning, pre/post award contract administration, cost/ price analysis, negotiations and contract administration for services, materials and equipment which has equipped the applicants with specific knowledge, skills and abilities to perform successfully the duties of the position.

\***ICTAP (Interagency Career Transition Assistance Program candidates):**Applicants applying for special selection priority under 5 CFR Part 330 Subparts C or G (ICTAP), must be well qualified and submit proof of eligibility, i.e., RIF separation notice, certificate of expected separation, or other agency certification that you are in a surplus occupation; submit the last or current performance rating of record of at least fully successful or equivalent; apply for a vacancy at or below the grade level from which separated; file an application for a specific vacancy within the time frame indicated in the announcement; and be well qualified for the position.    If separated through compensable injury or disability, no performance rating is required.  Well qualified is defined as: A rating of at least Good on evaluation factors designed as High (H).

## CONDITIONS OF EMPLOYMENT

The following statements apply if checked:

| | | | |
|---|---|---|---|
| ___ | Requires a security clearance | ___ | Requires a valid drivers license |
| ___ | Requires a medical examination | ___ | Subject to geographic mobility |
| ___ | Subject to financial disclosure requirements | ___ | Subject to drug test prior to appointment |
| ___ | Requires a supervisory/managerial probationary period if the requirement has not been met | X | Subject to receipt of an official college transcript if qualification was based solely on education or a combination of education and experience. |
| ___ | Subject to frequent overtime | | |
| ___ | Subject to frequent travel | | |

## METHOD OF EVALUATION

Applicants meeting the minimum qualification requirements for this position may be further evaluated against other job related factors to determine who will be referred to the selecting official.  The rating and ranking of candidates to determine the best qualified will be accomplished by comparing the candidate's knowledge, skills and abilities against those of other eligible candidates for each of the evaluation factors.  The most important factors will be designated by the letter (H), indicating high.  These factors are essential to the successful performance of the duties of the position.  The candidate's experience, training, awards and performance appraisal will be considered in the evaluation process.  It is the responsibility of the applicant to provide all of the information needed by the closing date of this announcement.  Current and/or past supervisors may be contacted unless specified otherwise.  Applicants may be interviewed by a panel and/or the selecting official or his/her designee.

In addition to meeting the minimum qualifications and eligibility requirements for special priority consideration, ICTAP candidates must meet the desired level of performance as indicated by the knowledge, skills, and abilities and be rated well qualified.  Well qualified is defined as a rating of at least Good on evaluation factors designed as High (H).

**EVALUATION FACTORS:** It is highly recommended, but not required, that all candidates address and submit the evaluation factors on a separate sheet of paper.  To be considered Highly Qualified (HQ), applicants need to receive a rating of "High" (H) in all factors listed below designated (H).  For ICTAP eligibles to be considered well qualified, they must receive a rating of "High" (H) in factors 1, 2, & 3, & 5 and a rating of Medium (M) in factor 4.  Failure to address these evaluation factors may impact your final rating and/or ranking.

CA 06-2149
Plaintiff Exhibit
20

**EVALUATION FACTORS: Factors designated (H) are rated high.**

1. Basic knowledge of procurement procedures, laws, regulations and techniques to effectively carry out a full range of procurement assignments. (H)

2.  Knowledge of commonly applied procurement methods and types of contracts, such as, fixed price or cost reimbursement contracts, formula-funded or discretionary grants, and the required clauses and special provisions to plan and carry out the procurement to recommend award. (H)

3.  Knowledge of source of supply and characteristics of assigned services sufficient to identify potential suppliers, assure adequate price competition, and evaluate bid responsiveness and responsibilities of the bidders. (H)

4.  Knowledge of price analysis sufficient to review contractor proposals, and to perform analysis using previous history or other data sources to assure reasonableness of prices. (H) (M) for ICTAP Candidates

5.  Skill in oral and written communications to negotiate contract prices and terms with contractors. (H)

## HOW TO APPLY

You may submit an Optional Application for Federal Employment (OF-612), a resume or any other written format, including a Standard Form (SF) 171, you choose. Certain information is needed in order to evaluate your qualifications for the job, therefore, your application **must** contain the following information:

-   Vacancy announcement number, title, series, grade for the job for which you are applying
-   Full legal name and mailing address
-   Social Security Number (SSN)
-   Country of Citizenship – MUST BE U.S. CITIZEN
-   Veterans Preference
-   Daytime and evening telephone numbers
-   For experiences most relevant to the position, include name of employer, dates of employment, job title, start and end dates, a description of your duties and responsibilities and hours worked per week for each job listed
-   Title, series and grade and dates of highest Federal civilian position held
-   For education, include name, city, and state of high school and colleges/universities attended as well as date of diploma or GED. Also include type and year of any degrees received and majors. If no degree, include total credits earned and indicate whether semester or quarter hours. Do not send transcripts unless checked below.
-   To receive credit for relevant training, list seminar/course titles, dates, number of hours and name of the institutions from which training was received.
-   Description of honors, awards, and special qualifications such as language skills, computer skills along with dates acquired, if relevant to position.
-   If applying for reinstatement or transfer, attach a copy of the appropriate SF-50, Notification of Personnel Action, which confirms your status.

The following material is required if checked:

**X** – Most recent supervisory performance appraisal <u>or</u> a statement with reasons why you do not have a supervisory appraisal is required for all applicants.

**X** – SF-50, Notification of Personnel Action (Required for all current or former federal applicants).

**X** – College transcript (Required if qualifying based solely on education or a combination of education and experience.

**X** – Other: DD-214 and/or SF-15 for VETERANS

**X** – Other: ICTAP Letter for ICTAP Eligibles

**X** – Please complete and submit the attached Applicant Background Questionnaire, OMB No. 1225-0072, with your application. Submission of this form is optional. Data collected will be used only in aggregate, to assess the effectiveness of outreach efforts. Consideration for this job will not be affected by failure to submit this form. We will acknowledge receipt of your application, if it is accompanied with this form.

\* You must submit a copy of your college transcript(s) with your application if you are trying to qualify based solely on education. <u>If not, you will be found ineligible.</u>

*Mail your application to, or secure forms or information from:*

U.S. Department of Labor
Employment and Training Administration
Office of Human Resources
200 Constitution Avenue, NW, Room N-4656
Washington, DC 20210
Attn: Shelley DeCrane
   Commercial: (202) 693-3922
   Fax: (202) 693-3734
   TTY: (202) 693-3924

The area of consideration for this position is limited to <u>All Eligible Candidates and</u> <u>*ICTAP Eligibles Within the Local Commuting Area.</u>

An incomplete application package may result in your being considered ineligible. To receive consideration for this opportunity, <u>your complete application must be in the Office of Human Resources by the closing date of this announcement.</u>

CA 06-2149
Plaintiff Exhibit
25

01/24/02 — UNDERGRADUATE TRANSCRIPT SENT TO:

1 PAGE

MLLE JENNIFER SNOOK

THE PENNSYLVANIA STATE UNIVERSITY
OFFICE OF THE UNIVERSITY REGISTRAR - UNIVERSITY PARK, PA 16802

| LAST NAME | SNOOK |
| FIRST NAME | JENNIFER |
| MIDDLE NAME | ANNE |
| STUDENT NUMBER | |

JOHNSONBURG AREA HIGH SCHOOL  JOHNSONBURG PA                FALL 97
HIGH SCHOOL NAME AND ADDRESS                                DATE OF ADMISSION

| COURSE | NO | TITLE | CREDIT | GRADE | | COURSE | NO | TITLE | CREDIT | GRADE |
|---|---|---|---|---|---|---|---|---|---|---|
| | | **FALL SEM 1997** | | | | FR | 402W | ADV GRAM & WRTNG | 3.0 | B |
| PHLL | 197B | ETHICS IN COMM | 3.0 | B+ | | PL SC | 197C | DEMOC IN THE US&PA | 3.0 | A |
| L A | 283 | CMPTR APPL LA I | 3.0 | C | | FR | 352 | INTRO FR LIT II | 3.0 | B |
| PSY | 002 | PSYCHOLOGY | 3.0 | C | | | | | | |
| FR | 003 | INMD FRENCH | 4.0 | B | | | | **SPRING SEM 2000** | | |
| ENGL | 030 | HONORS FRESH COMP | 3.0 | B+ | | FR | 499 | FR FOREIGN STDY | 3.0 | B+ |
| | | | | | | FR | 499 | FR FOREIGN STDY | 3.0 | A |
| | | **SPRING SEM 1998** | | | | FR | 499 | FR FOREIGN STDY | 3.0 | A |
| FR | 201 | ORAL COMM & RDNG | 4.0 | A- | | B A | 499 | B A FOREIGN STDY | 3.0 | A |
| ASTRO | 001 | ASTRO UNIVERSE | 3.0 | B+ | | B A | 499 | B A FOREIGN STDY | 3.0 | B |
| CAMS | 045 | CLASSICAL MYTH | 3.0 | C+ | | | | | | |
| SOC | 001 | INTRO SOCIOLOGY | 3.0 | A | | | | **FALL SEM 2000** | | |
| MATH | 022 | COLLEGE ALGEBRA II | 3.0 | B | | PL SC | 418 | INT REL THEORY | 3.0 | A |
| | | | | | | SPAN | 010 | INTENSIVE SPAN | 6.0 | WN |
| | | **SUMMER SEM 1998** | | | | FR | 310 | FR PRESS | 3.0 | A- |
| THEA | 100 | ART OF THEATRE | 3.0 | C | | COMM | 150 | CINEMA ART | 3.0 | A |
| FR | 139 | FRNCE & FR-SPK WLD | 3.0 | B+ | | FR | 452W | 19 CENTURY FR LIT | 3.0 | A |
| ENGL | 050 | INTR CREATIVE WRIT | 3.0 | A- | | | | | | |
| | | | | | | | | **SPRING SEM 2001** | | |
| | | **FALL SEM 1998** | | | | ESACT | 159 | ICE SKAT--ADV BEG | 1.5 | A |
| PL SC | 001 | INTR TO AM NAT GOV | 3.0 | B+ | | ENGL | 202A | WRITING/SOC SCI | 3.0 | A |
| STAT | 100 | STAT CONCEPTS | 3.0 | A | | FR | 416 | INTRO TO FR LING | 3.0 | A- |
| GEOSC | 010 | NATIONAL PARK GEOL | 3.0 | A | | PL SC | 455 | GOVT & POL-W EUR | 3.0 | WN |
| ASTRO | 011 | ELEM ASTRO LAB | 1.0 | A | | HIST | 418 | FR REV & NAPOLEON | 3.0 | A |
| ECON | 002 | MICROEC ANLY | 3.0 | A | | FR | 529 | SEMINAR 16TH CENT | 3.0 | A |
| FR | 202 | GRAMMAR & COMP | 3.0 | B+ | | | | | | |
| | | | | | | | | | | |
| | | **SPRING SEM 1999** | | | | | | | | |
| FR | 330 | FR CULT AND CIV | 3.0 | A- | | | | | | |
| FR | 351 | INTRO FR LIT I | 3.0 | B+ | | | | | | |
| GEOG | 128 | GEOG INTNATL AFFRS | 3.0 | A | | | | | | |
| PL SC | 014 | INTNATL RELATIONS | 3.0 | A- | | | | | | |
| ANTH | 045 | CULTURAL ANTH | 3.0 | B- | | | | | | |
| | | | | | | | | | | |
| | | **SUMMER SEM 1999** | | | | | | | | |
| SPCOM | 100B | EFFECTIVE SPEECH | 3.0 | B+ | | | | | | |
| BB H | 046 | INTRO HUMAN SEX | 3.0 | A | | | | | | |
| METEO | 003 | INTRO METEO | 3.0 | A | | | | | | |
| ESACT | 183 | KARATE | 1.5 | A | | | | | | |
| | | | | | | | | | | |
| | | **FALL SEM 1999** | | | | | | | | |
| HIST | 120 | EUROPE SINCE 1848 | 3.0 | A | | | | | | |
| PL SC | 442 | AM FOREIGN POLICY | 3.0 | A | | | | | | |

SPECIAL ACTIONS AND NOTES

SP00 ED ABROAD AT PARIS, FRANCE
05-01 BACHELOR OF ARTS CONFERRED IN MULTIPLE MAJORS -
COLLEGE OF THE LIBERAL ARTS - FRENCH
LANGUAGE/CULTURE OPT    BA-French
COLLEGE OF THE LIBERAL ARTS - INTERNATIONAL POLTCS
05-01 MINOR IN INTERNATIONL STUDIES

No Business Courses

Transcript Key is printed on back of Official Transcript

An Official Transcript is printed on a blue Penn State background

The word COPY will appear if photocopied

Discoloration of this document indicates unauthorized alterations

| TERM/SEM. | MAJOR | TERM/SEMESTER | | | CUMULATIVE | | | TOTAL CREDITS |
|---|---|---|---|---|---|---|---|---|
| | | CREDIT | GRADE PTS | AVERAGE | CREDIT | GRADE PTS | AVERAGE | EARNED |
| FALL 97 | L A | 16.0 | 42.66 | 2.67 | 16.0 | 42.66 | 2.67 | 16.0 |
| SPRING 98 | L A | 16.0 | 52.66 | 3.29 | 32.0 | 95.32 | 2.98 | 32.0 |
| SUMMER 98 | L A | 9.0 | 27.00 | 3.00 | 41.0 | 122.32 | 2.98 | 41.0 |
| FALL 98 | *FR BA | 16.0 | 59.98 | 3.75 | 57.0 | 182.30 | 3.20 | 57.0 |
| SPRING 99 | *FR BA | 15.0 | 52.02 | 3.47 | 72.0 | 234.32 | 3.25 | 72.0 |
| SUMMER 99 | *FR BA | 8.5 | 31.99 | 3.76 | 80.5 | 266.31 | 3.31 | 80.5 |
| FALL 99 | *FR BA | 15.0 | 53.01 | 3.53 | 95.5 | 319.32 | 3.34 | 95.5 |
| SPRING 00 | *FR BA | 15.0 | 52.02 | 3.47 | 110.5 | 371.34 | 3.36 | 110.5 |
| FALL 00 | *FR BA | 12.0 | 46.02 | 3.84 | 122.5 | 417.36 | 3.41 | 122.5 |
| SPRING 01 | *FR BA | 13.5 | 52.02 | 3.85 | 136.0 | 469.38 | 3.45 | 136.0 |

*DEANS LIST
END OF TRANSCRIPT

CA 06-2149

21

J. James Wager

## Section D – Education

1. Last High School (HS)/GED school. Give the school's name, city, state, ZIP Code (if known), and year diploma or GED received:

Johnsonburg Area High School, Johnsonburg, Pennsylvania 15845
Diploma – 1997

2. Mark highest level completed:   Some HS ☐   HS/GED ☐   Associate ☐   Bachelor ☒   Master ☐   Doctoral ☐

| 3. Colleges and universities attended. Do not attach a copy of your transcript unless requested. | Total Credits Earned | | Major(s) | Degree (if any), Year Received |
|---|---|---|---|---|
| | Semester | Quarter | | |
| **3a. Name** The Pennsylvania State University | 136 | | French, Language and Culture Option and International Politics | B.A., 2001 |
| **City** University Park | **State** PA | **Zip Code** 16802 | | |
| **3b. Name** | | | | |
| **City** | **State** | **Zip Code** | | |
| **3c. Name** | | | | |
| **City** | **State** | **Zip Code** | | |

## Section E – Other Qualifications

Job-related training courses (give title and year). Job-related skills (other languages, computer software/hardware, tools, machinery, typing speed, etc.). Job-related certificates and licenses (current only). Job-related honors, awards, and special accomplishments (publications, memberships in professional/honor societies, leadership activities, public speaking, and performance awards). Give dates, but do not send documents unless requested.

(See Attached)

## Section F – General

1a. Are you a U.S. citizen?   Yes ☒   No ☐  →   1b. If no, give the Country of your citizenship

2a. Do you claim veterans' preference?   If yes, mark your claim of 5 or 10 points below.
2b. 5 points   Attach your *Report of Separation from Active Duty* (DD 214) or other proof.
2c. 10 points   Attach an *Application for 10-Point Veterans' Preference* (SF 15) and proof required.

3. Were you ever a Federal civilian employee?   No ☒   Yes ☐  →   If yes, list highest civilian grade for the following:

| 3a. Series | 3b. Grade | 3c. From *(mm/yyyy)* | 3d. To *(mm/yyyy)* |
|---|---|---|---|
| | | | |

4. Are you eligible for reinstatement based on career or career-conditional Federal status?   No ☒   Yes ☐
If requested in the vacancy announcement, attach *Notification of Personnel Action* (SF 50), as proof.

## Section G – Applicant Certification

I certify that, to the best of my knowledge and belief, all of the information on and attached to this application is true, correct, complete, and made in good faith. I understand that false or fraudulent information on or attached to this application may be grounds for not hiring me or for firing me after I begin work, and may be punishable by fine or imprisonment. I understand that any information I give may be investigated.

| 1a. Signature *Jennifer A. Snook* | 1b. Date *(mm/dd/yyyy)* 03/19/2004 |
|---|---|

U.S. Office of Personnel Management
Previous edition usable
NSN 7540-01-351-9178
50812-101
Page 2 of 2
Optional Form 612
Revised December 2002

CA 06-2149 Plaintiff Exhibit 22

/ Tab F-4 pg. 26

Jennifer A. Snc

**Supervisory Appraisal**

Although I am currently working at a rate equal to that of a GS-9, I am not a federal employee, and therefore; do not receive an official Supervisory Performance Appraisal. In place of this, please find attached, an informal performance review conducted by Brenda Williams, Contracting Officer. Also attached is a copy of an email from Chari Magruder, my supervisor, commending my work on a recent presentation.

*TAB F-4 Pg. 29*

*SITS ON PANEL TO EVALUATE APPLICANTS' QUALIFICATIONS*

**MID TERM REVIEW FOR JENNIFER SNOOK**

**Tab F-4 pg. 30**

DATE: August 13, 2003

Your overall level of performance is this review period has been highly effective. You are managing your workload and grasping the procurement process for A/E and Construction well. You immediately correct mistakes when brought to your attention. You are establishing good working relationship with fellow team members and others. You have a positive attitude towards your work

23

October 5, 2005

Mr. Roderick Faulkner
Office of the Assistant Secretary for
  Administration and Management
U.S. Department of Labor
Washington, D.C. 20210

Re: Response from Edward D. Washington via CRC Case No. 04-11-116
                                    EEOC Appeal No. 01A51489

1.  I have reviewed the investigative report and respectfully submit my comments.

2.  I do not request a final decision until DOL provides me an updated copy of the report with my comments included.

3.  Request for Documents/Actions

    a.  Ms. Snook mentioned on her Supervisory Appraisal (Tab F4, Pg 29) that Ms. Magruder, via an email commended her work on a recent presentation.  It was not included with the report I received; please provide a copy of this email.

    b.  Any statements or affidavits made by Ms. Delacerna and Ms. Magruder, or any other person whom you obtained information from to prepare this report.

    c.  If Ms. Delacerna or Ms. Magruder has not submitted any statements, I request that they be interviewed and specifically state their rationale for including or excluding any comments relating to the A-E experiences of all applicants, and that I be provided a copy of their input/responses.

4.  Based on the data contained in this report, and the anonymous telephone calls I received, I conclude and reaffirm that I am a victim of discrimination for the following reasons:

    a.  Ms. Snook is supervised by Ms. Magruder, who is one of the panel members that evaluated applicants' applications.

    b.  Ms. Magruder is supervised by Mr. Bond, the Contracting Officer and selection official; obvious conflicts of interest/collusion.

    c.  Ms. Magruder and Mr. Bond stated that Ms. Snook has Architect-Engineering (A-E) and construction contract experience while I do not, or did not indicate this type of experience in my application.  Neither of them should have evaluated any applicant based on this type of experience but it WAS NOT stated in the vacancy announcement.


CA 06-2149
Plaintiff Exhibit
24

d.  Mr. Reeves at CRC conducted the informal investigation.  At your Tab B, Pg 2 his findings were:

(1)  Mr. Bond states that he selected Ms. Snook because she was the first applicant on the list; has the experience and qualifications, and was familiar with her abilities because he was working with her.

(2)  Confirmed the contents of the anonymous telephone call I received: Ms. Snook is a white female, with no previous job experience as a Contract Specialist or anything related; just one year of on-the-job training.

e.  Mr. Bond states that Ms. Snook has one year experience as a <u>contract specialist trainee.</u>  Supporting documents in my application clearly demonstrate four years of contract experience, with completion of several contract-related courses.

5.  Detailed comments are provided as an attachment to this correspondence.

6.  This matter is beyond the 180-day period; what time frame must CRC respond to my comments?

7.  I look forward to your response, and thanks for your courteous, and professional assistance.  As I had earlier promised, a copy of my book "Why Should I Vote?" is enclosed. This is simply a courtesy copy that you did not ask for, I freely volunteered it.  If it creates a problem for you, simply discard it; no offense taken.


Sincerely,


Edward D. Washington

CF:  EEOC



CA062149
Ltr100505FAD

## Witness Questionnaire -- Mr. Keith Bond (Tab F-2)

4.  Why Mr. Washington was not selected ...

    (1) The application review panel ranked him number two ..

    (3) No indication of Architect-Engineering and Construction ...

**MY RESPONSE**

a.  On the "Qualification Evaluation Sheet", Item 2 (H-category) one of the evaluators stated that I lack A-E experience, while others have more experience in A-E than I do.  Item 2 of this form <u>does not specifically</u> state that A-E experience is a must.

    (1) OPM's Qualification Standards for General Schedule Positions -- identifying specialized experience cites an example that allows agencies to pinpoint specific requirements in vacancy announcements ...

    (2) Neither Mr. Bond nor the evaluator should rate any applicant on any criteria outside of the job announcement.

    (3) Using "blind" criteria that even hints of the appearance of conflict-of-interest does nothing good for the individuals; in fact it harm's the agency, especially DOL since it is one of the primary enforcer's of the nation's labor laws and veterans rights.

    (4) Ms. Snook was given the maximum rating because of her A-E on-the-job training experience by one of the evaluators.

b.  The rating awarded to Ms. Snook affirms the reason(s) for my receiving the anonymous telephone calls.

    (2) No current experience as a contract specialist ...

**MY RESPONSE**

a.  OMB Policy Letter 05-01, dated April 15, 2005 states in Item 8-b2:  Employees are not required to retake classes ...

b.  NCO Evaluation Report dated 10 Aug 92

    (1) Rater:  GS-13, Branch Chief for Supply and Services

    (2) Indorser:  Lieutenant Colonel, Principal Assistant Responsible for Contracting

    (3) Part III, Item C - Daily Duties and Scope
        Determines government negotiation strategies; and negotiates price, terms, and conditions.  Enhances competitive acquisition.  Negotiates contractual changes and supplemental agreements.  Documents contract audit trail.


CA 06-2149
Plaintiff Exhibit
57

c. NCO Evaluation Report dated 10 Sep 85

    (1) Rater: Branch Chief and Contract Attorney

    (2) Indorser: GM-15 Contract Attorney and Principal Assistant Responsible for Contracting

    (3) Description of Duties
        Prepare Government Estimates, Project Descriptions, perform Technical Evaluations and assist in the negotiation process with the contractor

d. As the sole stockholder for Ace Diversified Services, Inc. since 1994, I have the business experience, a lot of which I learned while serving as a contracting officer and contract specialist. I <u>did not</u> include an example because of the proprietary data. A proposal submitted to the Manager of Contracts and Compliance at the American Red Cross is included at ░░░░ 3. Contract provisions such as a Certificate of Conformance, advance and progress payments are standard contract terms used throughout the acquisition community. If verification of any data submitted with my application were required, I would have provided it.

    (4) Contracting Officer's Warrant ... (Tab F-4)

## MY RESPONSE

a. Mr. Bond's statement that the warrant is limited to $25,000 is true. However, item (b) states: "sign and issue delivery orders without monetary limitations" grants me the authority to obligate the United States of America for any contracts already negotiated. GSA Schedules and similar contract instruments allow procurements to be accomplished in an efficient manner, and if required, insert specific clauses that pertain to the procurement.

b. While there may be many contract specialists within an agency, to the best of my knowledge, there are a lot fewer warranted contracting officers, regardless of the dollar limitation specified in the contracting warrant.

c. NCO Evaluation Report dated 10 Aug 92, (Tab F-4, Pg 10)

    Information Paper, 12 Jun 92, Contract Close-Out, (Tab F-4, Pg 21)

    Information Paper, 23 May 86, Advertising Status Report, (Tab F-4, Pg 22)

    (1) The national advertising contract had 495 orders with negotiated prices totaling $52 million dollars. Not only did I negotiate some of these orders, I also completed the contract administrative function of reviewing all orders, verified payments against them within four months; whereas the normal completion time would take 6-8 months.

    (2) May 86 report details $4 million in negotiated projects.

d. These items clearly document that I have experience in working on procurements exceeding $100,000.


CA 06-2149
Plaintiff Exhibit
24

(5)  More definitions under the evaluation factors ...

## MY RESPONSE

a.   The ratings under the various categories speak for themselves; especially in Part V; Overall Performance and Potential, which I was <u>rated among the best.</u>

b.   Compare my 12-month rating to the Mid Term Review (Tab F-4, Pg 30) for Ms. Snook dated August 13, 2003.  By matching the start date of 20 Feb 03 to Aug 03, this six-month period does not come close to the level of detail in my evaluation reports.

<strong><u>Other Detailed Comments</u></strong>

1.   Tab F-5, Pg 1

   Item 5 on the Qualification Evaluation Sheet lists Ms. Magruder as one of the raters, who states in item 2 (h-category) that I lack A-E experience.

2.   Tab F-2, Pg 3

   Mr. Bond states there is no indication of my having A-E and construction type contracting. A significant amount of the contracting work performed under this announcement is A-E and construction type contracting.

3.   Tab F-2, Pg 4 (Item 6 (2))

   Mr. Bond states Ms. Snook's experience in A-E and construction and contracting by negotiated procurements.

4.   Tab F-2, Page 5

   Mr. Bond articulates his personal knowledge about Ms. Snook's capabilities because she had worked in the Division of Contracts for the period January 2003 through March 2004.

5.   Tab F-2, Page 6 (Item 11)

   Mr. Bond acknowledges that Ms. Snook is 20-25 year old white female, and had worked for one year as a <u>contract specialist trainee.</u>

## MY RESPONSE

a.   Ms. Magruder and Mr. Bond are interested stakeholders in the evaluation and selection process.  One could only reasonably conclude that regardless of other applicants' qualifications, Ms. Snook would be selected for the position.



CA 06-2149
Plaintiff Exhibit
24

b.    This is blatant discrimination and correction action should be taken, and internal controls within DOL should also be modified to prevent a reoccurrence.

c.    Ms. Snook's one year experience as a trainee vs my four years as a warranted contracting officer and contract specialist, plus my documented contract course completions clearly document why I should have been rated higher than Ms. Snook. My five-point preference earned as a 24-year Army veteran should mean something.

d.    Defense Acquisition University (DAU), Appendix B - Career Field Certification Requirements --

    a.    Level 1 Education

Mandatory standard of a baccalaureate degree or at least 24 semester hours in accounting, law, etc.

    b.    Ms. Snook's degree is in liberal arts and she should be commended for her outstanding grades; however, there are not any business-related courses on the transcript provided at Tab F-4, Pg 31.

    c.    I have completed 75 semester hours in business-related courses such as accounting, business law, and marketing (Tab F-4, Pg 23).

    d.    Based on the guidance of the American Council on Education, I have completed 45 semester hours in business, contracting, and personnel management (Tab F-4, Pg 24).

    e.    Federal Contracting Answer Book

        The context highlights of this book are very similar to the four-week Management of Defense Acquisition Course (Basic) I completed in 1992.

    f.    The course title has changed to "Contracting Fundamentals" (CON 101), but the recommended credit hours are still valid.

    g.    Selecting Appropriate Courses

        Management Concepts, Inc. training sequence follows the guidance of the Federal Acquisition Institute. Specialized courses such as Construction and A-E contracting should be taken after basic-level courses have been completed. These courses are limited in scope and do not address the full realm of contracting from "cradle to grave".
//////////////////////////END OF COMMENTS--NOTHING FOLLOWS//////////////////////////



CA 06-2149
Plaintiff Exhibit
2Q

# REQUEST FOR A FINAL AGENCY DECISION

I request that the Civil Rights Center (CRC) issue an immediate Final Agency Decision on the Investigative Report on my complaint(s). W/MY COMMENTS AND

With this request for a Final Agency Decision, I understand that I may seek to have my complaint resolved through mediation. (If I elect to request a hearing from the Equal Employment Opportunity Commission (EEOC), rather than a Final Agency Decision, I understand that I may not seek mediation from the CRC at this time.)

_____ I would like my complaint to be considered for mediation.

Signature:

Edward Washington

Edward Washington, Complainant

15 OCT 05

Date

CRC COMPLAINT NO. 04-11-116

Please mail this request to:      Annabelle T. Lockhart, Director
                                  U.S. Department of Labor
                                  Civil Rights Center, Room N4123
                                  200 Constitution Avenue, NW
                                  Washington, DC 20210

MR. RODERICK FAULKNER

CA 06-2149
Plaintiff Exhibit
24

March 20, 2006

Edward D. Washington



Mr. Robert Barnhardt
Office of Federal Operations
U.S. Equal Employment Opportunity Commission
1801 L Street, N.W.
Washington, DC  20507

Re:  Dept. of Labor Case No. 04-11-116

Dear Mr. Barnhardt:

1.    EEOC Form 573                                                    1
       This form, along with the Final Agency Decision (FAD) are attached.

2.    After reviewing the FAD, I have concluded and am still convinced that the actions taken by officials at the Department of Labor had a pretext for discriminatory action to insure that Ms. Snook would be rated number one on the list.

        a.    Possible Motives

              (1)   Ms. Snook was employed by a contractor with duty location at DOL.  She states in her application that she had not previously been employed in federal civil service.

              (2)   The minimum experience required is one year.  It could be purely coincidental, but the vacancy was announced at her one-year anniversary of on-the-job training (OJT) as a contract specialist.

              (3)   OPM Qualification Standards for GS Positions                 2
              The  vacancy announcement cited five evaluation factors that applicants, who have the experience, could be rated in the "High" category.  None of these factors, nor any other data in the vacancy announcement states that applicants must have architect-engineering or construction contract experience.  The option of doing so is clearly allowed, and even encouraged by Part E.3.(q).  Ambiguities or omissions of critical data give reason to cause an agency problems.

              (4)   Competition is not full, open, or transparent when applicants are required to respond to one set of criteria and evaluated using other factors, known only to the selecting official and the evaluators.

25

    b.    It Does not Pass the "Smell Test"

        (1)   McDonnell Douglas Corp. v. Green          3
              U.S. Supreme Court 792 (1973)

The agency's legal analysis cited this case to articulate that I must prove its actions were a pretext for discrimination. Throughout this document I will provide evidence to support this claim. This case states in part that:

"What is required by Congress is the removal of artificial, arbitrary, and unnecessary barriers to employment ... and that it is abundantly clear that Title VII tolerates no racial discrimination, subtle or otherwise."

        (2)   CFR 1607.3          4
Defines discrimination, as the use of any selection process which has an adverse impact on the hiring, promotion...will be considered discriminatory. If further states that the user should use the procedure that has been demonstrated to have the lesser adverse impact.

        (3)   Qualification Evaluation Sheet (QES)          5
The QES lists the five factors stated in the vacancy announcement. *Not one* of these factors cite A-E or construction contracts, yet one of the evaluators cite that I lack this type of experience.

        (4)   Reeves v. Sanderson Plumbing Products, Inc.          6
              U.S. Supreme Court 133 (99-536) 2000

On page 3, it states in part that "the plaintiff may attempt to establish that he was the victim of intentional discrimination..."

        (5)   CFR 1607.16          7
I was adversely affected because a substantially different rate of selection criteria were used by the selection official and the evaluators.

        (6)   Experience and Performance Reports          8
Ms. Snook has one year OJT experience, and a note/email for a mid term review. By reviewing two of my evaluation reports (contract related); Aug 91-Jul 92 and Mar-Sep 85, they clearly state my superior experience over Ms. Snook. Also note on the 1985 report, my rater and indorser are contract attorneys. They certainly would not sign their name to any document that was not true, nor accurate.

3.    Conflict of Interest

    a.    The FAD claims no conflict of interest between the evaluators and the selecting official.

    b.    On page 5 of the Reeves v. Sanderson decision, it states in part that "Further petitioner introduced evidence that Chestnut was the actual decision maker behind the firing..."

    c.    EEOC Management Directive 110, Chapter 6                               9

        (1)    Item C.3. -- in some situations an agency is prohibited from using its own immediate investigative resources to prevent potential conflict of interest.  Mr. Bond's comments, the evaluators' comments, and the FAD repeatedly cite my lack of A-E and construction contract experience.  One of the evaluators supervises Ms. Snook, and both evaluators are supervised by Mr. Bond, the selecting official.  Selective application of the rules to obtain a desired outcome is clearly a pretext for discriminatory intent.

        (2)    Item VII Evidence, MD 110 Chapter 6
            This reference states that evidence is material when it relates to one or more of the issues raised in the complaint.  It also states relevancy if it tends to prove or disprove a material issue raised by a complaint.

    d.    Request Affidavits from Evaluators                               10
            In my response to the Investigative Report, I requested that affidavits be obtained from both evaluators.  The FAD denied this request, claiming that it was unnecessary based on the selecting official's statement.  This denial conflicts with (2) above.

    e.    Of all the employees who stress transparency, the Government stands out even among private enterprises.  Headline news of Congressman Cunningham pleading guilty for accepting bribes and kickbacks is one example.  Debates in the Congress to modify lobbyists' behavior because of appearances or actual conflicts of interest is another example.

    f.    James L. Puppe v. Dept. of Veterans Affairs                               11
            EEOC 05A40427, 13 Dec 04

            This decision states in part "We find that the complainant has presented no evidence showing that the selectee was given different questions or more opportunities to answer said questions."  The documents provided herein substantiate my claim that I was adversely impacted because the evaluators work for the selecting official.



g.    U.S. Office of Government Ethics                                    12

(1)    Executive Order 12674 and C.F.R. 306-311
Provide direction and guidance for executive branch employees.  It states that employees must strive to avoid any action that would *create the appearance* that they are violating the law or ethical standards.

(2)    Impartiality in Performing Official Duties
Employees are *required* to consider whether their impartiality may be questioned whenever their involvement in a particular matter involving specific parties might affect certain personal or business relationships.  I add the emphasis for the selecting official and the evaluators because they should certainly know better serving in contract positions.  Their actions at all times should be above reproach.

(3)    Recusal
One remedy to avoid potential conflict of interest is recusal or disqualification.  This simply means that the employer does not participate in a matter that poses a conflict of interest, or inquire if a waiver is appropriate.

h.    Based on the selecting official and the evaluators actions, they did not seek a recusal or a waiver, which points directly to the possible motives -- a pretext for discriminatory action to ensure that Ms. Snook would be hired.  I write this not in any mean-spirited manner, but to simply point our other options that were available and they chose none.

4.    Federal Acquisition Regulation 1.602                                13

a.    I had authority as Contracting Officer to sign and award purchase orders not to exceed $25,000 and sign and issue delivery orders *without monetary limitations.*

b.    Training Courses

Defense Small Purchase Course, 1985
Contracting Officer's Representative Course, 29 Mar 85
Management of Defense Acquisition Course (Basic-4 weeks), 1 May 92
Federal Contract Law Course, 8 Oct 93

(1)    The selecting official stated that my contract experience is 10 years past.  This is a true statement.  However, OMB Policy Letter 05-01 states that retraining     14 in previously completed courses is not required.

(2)    Management Concept Courses
Ms. Snook did complete A-E and Construction courses.  Note that they are function specific and do not provide the full realm of contracting from "cradle to grave"; such as the four-week course I did complete with a score of 92.

25

5.    Other Case Citations in the FAD                                    15

    a.    Texas Dept. of Community Affairs v. Burdine
       U.S. Supreme Court 450 U.S. 248 (1981)

    "When the plaintiff has proved a prima facie case of discrimination, the defendant bears only the burden of explaining clearly the nondiscriminatory reasons for its actions."

    b.    St. Mary's Honor Center v. Hicks
       U.S. Supreme Court 113 S. Ct. 2742 (1993)

    "The fact that its hiring officer was of the same minority group as the plaintiff will be *irrelevant* because the plaintiff's case can be proved indirectly by showing that the employer's proffered explanation is unworthy of ..."

    c.    Responses to these cases

    (1)    Mr. Bond, the Selecting Official is African American just as I am.  Race does not matter.  His actions clearly prove that Ms. Snook would be hired regardless of qualifications.  Had he researched directives, he would have discovered (if he did not already know) that my courses are still valid, or that he should not have used evaluators who are in his direct line of supervision.  I am certain that as a senior contracting officer, he is aware of ethical directives.  He chose to ignore them.

    (2)    EEO Counselor's Summary Report                              16
    Mr. Reeves Informal Report dated 15 Jul 04 provides additional insight into Mr. Bond's motives.  When asked about his basis for selecting Ms. Snook, he responded that she was the first applicant on the list; he had worked with her and was familiar with her abilities.  Mr. Bond is her supervisor.  That is the reason he should have chosen evaluators other than those who work for him.  Just because he is aware of her abilities does not give him the right to ignore all applicant's qualifications.  It is impossible for me to believe that a senior contracting officer would ignore ethical directives; even after reviewing applicants' documents and still select Ms. Snook with only one year of OJT.

6.    I could not locate any reference to my receiving the 5-point preference.  I retired from the U.S. Army at the highest enlisted rank, Sergeant Major.  The law states that I earned it and entitled to it.



7.    I initiated this action only after receiving the anonymous telephone call.  In fact, when I first spoke to Mr. Reeves, I told him Ms. Snook's name, her background, race and one year OJT experience.  I would have no way of finding out this information even had I attempted to do so.

8.    ETA-004-006PN, HR Specialist (GS-13)                                    17

    a.    After receiving the anonymous telephone call, I recalled President Reagan's phrase, "trust but verify".

    b.    By letter dated 20 Sep 04, DOL denied to review this inquiry because of a 45-day limit to submit an action.  I did not do because I had no reason to suspect any type of funny business.

    c.    As reference, Jimmy J. Stewart v. Dept of Labor, 01A43082 dated 8 Sep 04, I request answers to the following:

        (1)    Was this vacancy announcement rescinded; if so, when?

        (2)    If the position was filled, I request to know if the person was an employee currently in federal civil service; or

        (3)    If the person was not, what basis was used to select the individual since I was informed that the announcement had been canceled.

9.    Please do not hesitate to contact me if additional information is required.


Edward D. Washington

April 6, 2006

Edward D. Washington



Mr. Robert Barnhardt
Office of Federal Operations
U.S. Equal Employment Opportunity Commission
1801 L Street, N.W.
Washington, DC 20507

Re:  Dept. of Labor Case No. 04-11-116    (Supplemental to 01A62627)

Dear Mr. Barnhardt:

1.     This correspondence is provided as a supplemental to my Appeal dated
March 20, 2006.  Also, I have provided the same data to the Director, Civil Rights
Center at the U.S. Department of Labor.

2.     Veteran's Preference                                                              24
       This case involves my status as a veteran of the U.S. Armed Forces.
It is directly connected to Case No. 04-11-116.  Under 1614.606, I request that this
claim be consolidated with the discrimination case.

3.     This supplemental material further demonstrates pretext for discrimination
by the intentional actions taken at the Department of Labor.  All references cited
herein are attached.

## Pretext via Deficient Vacancy Announcement                              18

4.     Position Duties and Responsibilities

       a.     This vacancy announcement details the position requirements.
It _does not_ specify architect-engineering (AE) or construction-type contracting.

       b.     Tab F-2, Investigative Report
       The Selecting Official stated in <u>Item 4 (3)</u> that I did not indicate any
knowledge of AE or construction-type contracting even though a **_significant_** amount
of the contracting work performed under this announcement is AE and construction-
type contracting.  Federal regulations provide that each employment practice of the
Federal Government generally, and of individual agencies, shall be based on a job
analysis to identify:    (See _Tab 23-1_, Conduct A Job Analysis and _Tab 23-2_, Rating
the Applicants)

           (1)    The basic duties and responsibilities;

           (2)    The knowledge, skills, and abilities required to perform the duties
and responsibilities; and

           (3)    The _factors that are important in evaluating candidates (5 CFR Part
300)._

Edward D. Washington                        - 1 -
EEOC No. 01A62627
CA-062149                                                                    25

c.    If this type of contracting experience is that significant to the position; then purposely exclude it from the position duties and responsibilities section, and the ranking factors ("H") lead to pretext to ensure a desired outcome.  In the subsequent evaluation of the applications, Ms. Snook was the only applicant to directly address AE and construction-type contracting.  At Tab F-4, Page 38 of the Investigative Report Ms. Beatrice Mosely does not address it either.  I cannot speak to the other applicants' qualifications.

d.    The Selecting Official omitted significant evaluation data and enhanced the assurance of this inside information because only he, Ms. Snook and the evaluation panel knew his true intentions.

5.    Method of Evaluation ("H" factors)

a.    Basic knowledge of procurement procedures, laws, regulations and techniques to effectively carry out a full range of procurement assignments.

b.    Knowledge of commonly applied procurement methods and types of contracts, such as fixed price or cost reimbursement contracts, formula-funded or discretionary grants, and the required clauses and special provisions to plan and carry out the procurement to recommend award.

c.    Knowledge of sources of supply and characteristics of assigned services sufficient to identify potential suppliers, assure adequate price competition, and evaluate bid responsiveness and responsibilities of the bidders.

d.    Knowledge of price analysis sufficient to review contractor proposals, and to perform analysis using previous history or other data sources to assure reasonableness of prices.

e.    Skill in oral and written communications to negotiate contract prices and terms with contractors.

f.    *Not one of the above five factors mention AE or construction-type contracts.*  (See Tab 23-3, Occupational Analysis Scales)

(1)    My training certificates and performance appraisals are included in the Investigative Report.

(2)    When comparing Ms. Snook's one year of on-the-job training with my four years of experience, it is clear that my qualifications are far superior to hers.

(3)    Two highly rated evaluation reports that I included in my application vs. an e-mail for 6 months of OJT experience by Ms. Snook substantiates my superior qualifications.

Edward D. Washington
EEOC No. 01A62627
CA-062149

- 2 -

25

6.    ETA Organizational Chart                                          19

    a.    The Employment and Training Organization Chart depicts the Office of Human Resources (HR) and Office of EEO. If the vacancy announcement did not specify significant "H" factors, the Selecting Official had or should have ample opportunity to correct it before being announced to the public.

    b.    Further, he could have consulted HR or EEO to discuss or seek a waiver to grant evaluators the authority to review applicants' applications or rescue them from the panel to avoid conflict of interest.

    c.    Acting in his official capacity at Grade 15, Supervisory Contract Specialist he cannot deny or plead ignorance to ethical directives that apply to all executive-branch employees. (See Tab 23-4, Ethics and Conduct of Department of Labor Employees)

    d.    By purposefully omitting significant evaluation factors known only to a select few, diluted and conflicts with standards of behavior and performance based on the Code of Federal Regulations, the Office of Ethics, and EEOC Management Directives.

## Pretext -- Prejudicial Evaluation of my Experience

7.    Tab F-2, SO's Written Comments
At Item 4 (4) the Selecting Official states that my experience appears to be in small purchases whereas his Division awards contracts from small purchases ($0 to $100,000) to large complex procurements over $20 million.

    a.    At Tab 13 of this appeal, I attached a copy of the Contracting Warrant. To further clarify the significance of this document:

    (1)    Only a Contracting Officer can bind the Government      20
contractually for goods and services. Every time he/she does sign a contract, it represents the independent judgment and law obligation on behalf of the United States of America.

    (2)    I do not know the number of people who are supervised by the Selecting Official, but I am certain if one were to ask the number of employees within his Division who possess a Contracting Warrant, it would be very small compared to the total number of people who perform GS1102 contracting duties.

    b.    Superior Training

The Federal Contracting Answer Book                              21
This extract highlights the "cradle to grave" topics that experienced contracting personnel should know or be able to perform. It is similar to the four-week Management of Defense Acquisitions Course that I completed and achieved a score of 92.

Edward D. Washington
EEOC No. 01A62627                    - 3 -                    25
CA-062149                                                          7

c.    Superior Experience

(1)    Evaluation Report -- Mar 85 thru Sep 85

a.    Description of Duties
Assist NGB directorates in developing and executing advertising plans... Prepare Government Estimates, Project Descriptions; perform technical evaluations; and assist *in the negotiation process with the contractor.*

b.    Demonstrated Performance (Rater, Staff Attorney)

(1)    Developed a computerized data base system for the $7 million dollar advertising contract.

(2)    Positive approach to solving complex issues.

(3)    Preparation of GE's, PD's, and *advice during negotiations with the contractor* have proved to be invaluable.

c.    Demonstrated Performance (Indorser, GM15 Chief Legal Advisor)

(1)    Adapts to stress very well by reacting in exemplary fashion.

(2)    Contributions to the Office of the Legal Advisor and others have been well received by superiors, peers, and subordinates alike.

(2)    Evaluation Report -- Aug 91 thru Jul 92

a.    Description of Duties
Uses the Federal Acquisition Regulation (FAR) and other directives; reviews purchase requests and statements of work. *Determines government negotiation strategies and negotiates price, terms, and conditions. Negotiates contractual changes and supplemental agreements.*

b.    Competence

(1)    *Executes* contract awards within 5 days vs. 30-day standard.

(2)    Completed $55 million dollar closeout in 4 months.

(3)    Audited 488 contract delivery orders (see Tab F-4, Page 21). This function is normally performed by the Contract Administrator, GS1102-11/12.

8.    Vacancy Announcement
      Candidate's experience, training, awards and performance appraisals will be considered in the evaluation process.

    a.    DD Form 214                                                                22

        (1)    Primary Specialty

           (a)    Personnel (HR) Senior Sergeant
           (b)    Recruiter
           (c)    Administrative Supervisor

        (2)    Age at Promotion

| | | |
|---|---|---|
| (a) | Year and month | 86 10 |
| (b) | Birth year and month | 50 11 |
| (c) | Age | 35 11 |

        (3)    Years of Service at Promotion

| | | |
|---|---|---|
| (a) | Year and month | 86 10 |
| (b) | Entry into military | 69 11 |
| (c) | Years of Service | 16 10 |

    b.    I highlight these facts because it is such a high achievement that should not be over-looked or taken lightly.  At the time I was promoted to Sergeant Major, the average years of service were 21 and the average of my peers was 42.  I earned it because I always sought the toughest or more complex assignments; performed those duties in an exemplary manner, and pursued civilian and military training at every opportunity (Tab F-4).

    c.    When comparing my training, experience, and awards to Ms. Snook's, it's obvious that there can be no dispute that mine is far superior to Ms. Snook's one year of OJT, and a degree in a non-business related field, French and International Studies.

9.    Overall Adverse Impact

    a.    Federal statues and directives provide detailed guidance on employment practices to executive branch agencies.  Their purposes are to insure that every one is treated in a fair and impartial manner; and they also include possible consequences when those standards are intentionally discarded, manipulated, or ignored for discriminatory purposes.

25

b.    This file presents statements of facts and documentary evidence that demonstrate a pretext for discrimination, and that the employer's preferred explanation is unworthy of credence because:

(1)    My qualifications, based on the standards in the vacancy announcement, are far superior to the selectee's.

(2)    Employees at the Department of Labor intentionally published a deficient vacancy announcement.

(3)    They used a different set of criteria to rate applicants.

(4)    Caused a conflict of interest by allowing Ms. Snook's supervisor to participate in the rating of applicants' applications; and they both are supervised/managed by the Selecting Official, Mr. Bond.

c.    These actions/practices are in direct violation of:

(1)    CFR 29, 1607.3 -- Discrimination Defined                    23-5

(2)    CFR 29, 300 -- Employment Practices                    23-6

10.    On a personal level, I conclude that these discriminatory actions bring discredit upon the agency responsible for safeguarding the rights of employees and veterans of the U.S. Armed Forces.  It's a sad commentary that the U.S. Department of Labor ignores statues and its own rules to protect those who obviously violated them.

Edward D. Washington

*25*

Edward D. Washington
EEOC No. 01A62627                    - 6 -
CA-062149



# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
### Office of Federal Operations
### P. O. Box 19848
### Washington, D.C. 20036

Edward D. Washington,
Complainant,

v.

Elaine Chao,
Secretary,
Department of Labor,
Agency.

Appeal No. 01A62627

Agency No. 04-11-116

## DECISION

Complainant appeals to the Commission from the agency's March 14, 2006 decision finding no discrimination. According to the agency's decision, complainant alleges discrimination on the basis of race (African-American) when, on May 12, 2004, complainant was informed that he was not selected for the Contract Specialist, GS-1102-09 position, advertised under Vacancy Announcement No. ETA-04-047PN.

We find that the agency articulated a legitimate, nondiscriminatory reason for the nonselection. The Chief of the Division of Contract Services was the Selecting Official (SO) for the position. As the SO explained, he "reviewed each candidate's application, compared their knowledge, skills and abilities with the evaluation factors" to select the best qualified candidate. In his affidavit, the SO contrasted complainant's qualifications with those of the selectee. For example, the SO cited the fact that complainant "had no current experience as a contract specialist," and that the Federal Acquisition Regulations had changed significantly since 1994 when complainant demonstrated his last experience as a Contract Specialist. The SO found that complainant's description of his qualifications only demonstrated his knowledge of the terminology, rather than an explanation of how he performed certain functions. Moreover, the SO stated that he had no personal knowledge of complainant's work.

In comparison, the SO had personal knowledge of the selectee's work based on the fact that she had worked for a year as a Contract Specialist Trainee in the Division. During that time, the selectee participated in a number of training courses on topics, including Federal Contract Law, Federal Contract Negotiation Techniques, Architect-Engineer Services Contracting and


CA 06-2149
Plaintiff Exhibit
26

2                                                              01A62627

Construction Contracting.    In addition, the SO found that the selectee described her
knowledge, skills and abilities in greater detail than complainant.  The SO also noted that the
selectee was ranked as the best qualified candidate by the applications review panel, while
complainant was ranked second.

The Commission finds that complainant failed to rebut the agency's articulated legitimate,
nondiscriminatory reason for the selection decision.  Furthermore, complainant failed to show
that his qualifications for the Contract Specialist position were plainly superior to the selectee's
qualifications or that the agency's actions were motivated by discrimination.    Complainant
failed to show, by a preponderance of the evidence, that he was subjected to discrimination on
the basis of race.

The agency's decision finding no discrimination is AFFIRMED.

### STATEMENT OF RIGHTS - ON APPEAL

### RECONSIDERATION (M0701)

The Commission may, in its discretion, reconsider the decision in this case if the complainant
or the agency submits a written request containing arguments or evidence which tend to
establish that:

1.    The appellate decision involved a clearly erroneous interpretation of material
      fact or law; or

2.    The appellate decision will have a substantial impact on the policies, practices,
      or operations of the agency.

Requests to reconsider, with supporting statement or brief, must be filed with the Office of
Federal Operations (OFO) **within thirty (30) calendar days** of receipt of this decision or
**within twenty (20) calendar days** of receipt of another party's timely request for
reconsideration.  See 29 C.F.R. § 1614.405; Equal Employment Opportunity Management
Directive for 29 C.F.R. Part 1614 (EEO MD-110), 9-18 (November 9, 1999).  All requests
and arguments must be submitted to the Director, Office of Federal Operations, Equal
Employment Opportunity Commission, P.O. Box 19848, Washington, D.C. 20036.  In the
absence of a legible postmark, the request to reconsider shall be deemed timely filed if it is
received by mail within five days of the expiration of the applicable filing period.  See 29
C.F.R. § 1614.604.  The request or opposition must also include proof of service on the other
party.

Failure to file within the time period will result in dismissal of your request for reconsideration
as untimely, unless extenuating circumstances prevented the timely filing of the request.  Any


CA 06-2149
Plaintiff Exhibit
26

3                                    01A62627

supporting documentation must be submitted with your request for reconsideration. The Commission will consider requests for reconsideration filed after the deadline only in very limited circumstances. *See* 29 C.F.R. § 1614.604(c).

## COMPLAINANT'S RIGHT TO FILE A CIVIL ACTION (S0900)

You have the right to file a civil action in an appropriate United States District Court **within ninety (90) calendar days** from the date that you receive this decision. If you file a civil action, you must name as the defendant in the complaint the person who is the official agency head or department head, identifying that person by his or her full name and official title. Failure to do so may result in the dismissal of your case in court. "Agency" or "department" means the national organization, and not the local office, facility or department in which you work. If you file a request to reconsider and also file a civil action, **filing a civil action will terminate the administrative processing of your complaint.**

## RIGHT TO REQUEST COUNSEL (Z1199)

If you decide to file a civil action, and if you do not have or cannot afford the services of an attorney, you may request that the Court appoint an attorney to represent you and that the Court permit you to file the action without payment of fees, costs, or other security. *See* Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*; the Rehabilitation Act of 1973, as amended, 29 U.S.C. §§ 791, 794(c). **The grant or denial of the request is within the sole discretion of the Court.** Filing a request for an attorney does not extend your time in which to file a civil action. Both the request and the civil action must be filed within the time limits as stated in the paragraph above ("Right to File A Civil Action").

FOR THE COMMISSION:

Carlton M. Hadden

Carlton M. Hadden, Director
Office of Federal Operations

AUG 1 0 2006

Date

August 14, 2006

Mr. Carlton M. Hadden
Director of Federal Operations
U.S. Equal Employment Opportunity Commission
1801 L Street, N.W.
Washington, DC 20507

Re: Appeal No. 01A62627

Dear Mr. Hadden:

1.  I respectfully request Reconsideration of this Appeal for the following reasons:

    a.  It appears to me, in both DOL's Final Agency Decision and EEOC's Decision, both agencies relied predominately on the statement of the Selecting Official (SO) and disregarded other potential evidence.

    b.  Neither DOL nor EEOC addressed my Veterans Preference.

    c.  Neither DOL nor EEOC addressed my inquiry concerning Vacancy Announcement ETA-004-006PN.

    d.  Pretext for Discrimination

2.  My detailed comments on each item are enclosed as attachments.

3.  Thanks for reconsidering this case. If you need additional information, contact me.


Sincerely,


Edward D. Washington

Cf:
Ms. Annabelle T. Lockhart
Director, Civil Rights Center
U.S. Department of Labor
Room N4123 FPB
200 Constitution Ave., N.W.
Washington, DC 20210



CA 06-2149
Plaintiff Exhibit
20

### Attachment 1-A
### Other Potential Evidence

1.    In Note 3 of DOL's FAD, my request for members of the evaluation panel to be interviewed and sign statements regarding their comments pertaining to A-E experience was ___denied___.

a.    By denying this request, a person could reasonably conclude and I do, that this is an adverse inference which would have reflected unfavorably on the SO's statement and provide evidence of pretext for his discriminatory actions.  See CFR 1614.108 (C) (3) (i).

b.    By excluding statements of the evaluators, DOL and EEOC used incomplete data to make its determinations.  An appropriate factual record is one that allows a reasonable fact finder to draw conclusions as to whether discrimination occurred.  See CFR 1614.108 (b).

c.    I knew, by name, the candidate who would be selected for the vacancy.

(1)    In my correspondence to DOL dated 10 June 04 (Tab B-1, Pg 3) I stated that I had received an anonymous telephone call from someone who is employed at DOL.  I talked to this person on two or three different dates when _she_ called my business phone, (703) 521-2100.

(2)    The applicant's name is Ms. Jennifer Snook.

(3)    Note in Mr. Gregory W. Reeves Summary Report (Tab B) dated 15 Jul 04, he mentions Ms. Snook's name; more than one month after I had submitted my correspondence.

(4)    This is also documented at Item 4-d (2) in my correspondence to DOL dated 5 Oct 05.

d.    In a civil court action, Federal Rules of Evidence (http://www.dcd.uscourts.gov) would consider:

(1)    Rule 104 (b)
When the relevancy of evidence depends upon the fulfillment of a condition of fact, the court shall admit it...

(2)    Rule 401
"Relevant evidence" means evidence having any tendency to make existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.

(3)    Rule 404 (b)
Evidence of other acts may be admissible, such as proof of motive, intent...

(4)    Rule 901 (b) (6)
By way of illustration, an example of authentication or identification includes telephone conversations...

e.    The lady who called me stated that this was not the first time Mr. Bond had "pressured" them to select the person he wanted to hire in the 15 months or so he has served in his current position. This statement can be verified only by obtaining a deposition from the panel members.  She also indicated that she would comply with the rules while the other panel member would do as Mr. Bond desired, regardless of the applicant best qualified for the position.


06-2149
ff Exhibit
26

### Attachment 1-A
### Other Potential Evidence

f.    These are my principal reasons for requesting, again, that Ms. Marissa Delacerna and Ms. Chari Magruder provide a sworn statement/deposition that answers, at a minimum, the following questions:

(1)  Did Mr. Bond at any time either directly or indirectly infer his preference that Ms. Snook be selected to fill the vacancy?

(2)  Ms. Magruder supervises Ms. Snook (Tab F-4, Pgs 29 and 30).  In what manner, if any did this employee-supervisor relationship affect her rating all applicants equally for the position?  For example, on the Qualification Evaluation Sheet (QES), Evaluation Factor (High) No. 2 does not mention A-E experience, yet in the "Reasons" column it states that I lack A-E experience.  On Ms. Snook's QES, she is rated as Very Good because she does have A-E experience.

(3)  What rationale, criteria, or influence was used to rate any applicant on standards not listed in the Vacancy Announcement?

(4)  The  QES indicates a "Composite Rating," with hand-written reasons for the evaluation factors.  On the Certificate of Eligibles (Tab F-6), numerical scores were used as the rating.

(aa) Why the difference in rating evaluations?

(bb) What method, if any, was used to provide veteran preference points, i.e., the points added before the final evaluation, after the final evaluation, or not at all?

(cc) Which rating procedure, under 5 CFR Part 300 did the evaluators use as a basis for their ratings?

(dd) Has either applicant been trained-on, briefed-on, or has knowledge of OPM guidelines to rate applicants seeking employment?

(ee) I have been reluctant to ask this question because I would not want the person who called me to encounter retaliation; but I must to obtain facts pertaining to my case.  Did either Ms. Delacerna or Ms. Magruder call my office and provide me the details on the outcome of the selection process?  The lady's voice inflection appeared to me to be either Asian or Hispanic origin.



CA 06-2149
Plaintiff Exhibit

Edward D. Washington                                    - 3 -
Agency No. 01A62627
CA-062149

### Attachment 1-B
### Veterans Preference

1.    In my letter dated 6 Apr 06 to EEOC, Item 2, I requested that this claim be consolidated with the discrimination case.

    a.    CFR 1614.302 addresses Mixed case complaints.  It states that a person **may not** file both a mixed case complaint and an appeal on the same matter.

    b.    Under 5 U.S.C. @ 330 and 7702 (Merit Systems Protection Board), I have the right to redress when adverse actions affected me as a veteran.

    c.    Under 38 U.S.C. @ 4322, DOL did not comply with the provisions of the chapter.

### Attachment 1-C
### Vacancy Announcement ETA-004-006PN

1.    At DOL's Tab B-1, Page 4 (dated 10 Jun 04) Ms. Valerie Sails did not send a written response stating the status of this application for employment, while I was notified in writing, by Mr. Bond that he had selected another position to fill the vacancy.

2.    My letter to EEOC dated 20 Mar 06, Item 8 is another attempt to obtain a response.

### Attachment 1-D
### Pretext for Discriminatory Actions

1.    DOL did not comply with the Office of Government Ethics directives because of the employer-supervisor relationship among the SO, the evaluation panel, and Ms. Snook.

2.    DOL failed to faithfully consider my 30 + years of work experience, which include 10 years as a business owner, compared to Ms. Snook's one year of on-the-job training experience.

3.    DOL issued a deficient Vacancy Announcement by excluding **significant** rating factors, for which Mr. Bond writes in his Response.  See Tabs 23-1 and 23-2 in my letter to EEOC dated 6 Apr 06.

4.    I am confident that depositions from the panel evaluators, and documents previously submitted will meet legal sufficiency requirements to prove actions taken by DOL were pretexts for discriminatory actions; meaning that Ms. Snook would be selected regardless of other applicants' qualifications.



Edward D. Washington                            - 4 -
Agency No. 01A62627
CA-062149



# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
## Office of Federal Operations
### P. O. Box 19848
### Washington, D.C. 20036

Edward D. Washington,
Complainant,

v.

Elaine Chao,
Secretary,
Department of Labor,
Agency.

Request No. 05A60972



Appeal No. 01A62627
Agency No. 04-11-116

## DENIAL

Complainant timely requested reconsideration of the decision in *Edward D. Washington v. [Department] of Labor*, EEOC Appeal No. 01A62627 (August 10, 2006). EEOC Regulations provide that the Commission may, in its discretion, grant a request to reconsider any previous [Commission] decision where the requesting party demonstrates that: (1) the appellate decision [involved a] clearly erroneous interpretation of material fact or law; or (2) the appellate decision [will have a] substantial impact on the policies, practices, or operations of the agency. *See* 29 [C.F.R.] § 1514.405(b).

After reconsidering the previous decision and the entire record, the Commission finds that the [request fails] to meet the criteria of 29 C.F.R. § 1614.405(b), and it is the decision of the [Commission] to deny the request. The decision in EEOC Appeal No. 01A62627 remains the [Commission's] final decision. There is no further right of administrative appeal on the decision [of the Commission] on this request.

## COMPLAINANT'S RIGHT TO FILE A CIVIL ACTION (P0900)

This decision of the Commission is final, and there is no further right of administrative appeal [from the] Commission's decision. You have the right to file a civil action in an appropriate [United States] District Court **within ninety (90) calendar days** from the date that you receive [this decision.] If you file a civil action, you must name as the defendant in the complaint the


CA 06-2149
Plaintiff Exhibit
26

2                                                      05A60972

person who is the official agency head or department head, identifying that person by his or her full name and official title.  Failure to do so may result in the dismissal of your case in court.  "Agency" or "department" means the national organization, and not the local office, facility or department in which you work.

## RIGHT TO REQUEST COUNSEL (Z1199)

If you decide to file a civil action, and if you do not have or cannot afford the services of an attorney, you may request that the Court appoint an attorney to represent you and that the Court permit you to file the action without payment of fees, costs, or other security.  *See* Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*; the Rehabilitation Act of 1973, as amended, 29 U.S.C. §§ 791, 794(c).  **The grant or denial of the request is within the sole discretion of the Court.**  Filing a request for an attorney does not extend your time in which to file a civil action.  Both the request and the civil action must be filed within the time limits as stated in the paragraph above ("Right to File a Civil Action").

FOR THE COMMISSION:

_____
Carlton M. Hadden, Director
Office of Federal Operations

_____     22 Sep 06


CA 06-2149
Plaintiff Exhibit
26

**U.S. Department of Labor**

Office of the Assistant Secretary
for Administration and Management
Washington, D.C. 20210



DATE: JUL 14 2004

MEMORANDUM TO: Mr. Edward D. Washington

GREGORY REEVES

FROM:                    EEO COUNSELOR

SUBJECT :                Notice of Right To File a Discrimination Complaint

This is to inform you that because the dispute you brought to my attention has not been resolved to your satisfaction, you are now entitled to file an individual or class-based discrimination complaint based on race, color, religion, sex, national origin, physical or mental disability, age, and/or reprisal (because of filing a previous EEO complaint, participating in the EEO process, or opposing a discriminatory employment practice).

The attached form is to be used for filing your complaint. You must complete it, sign and date it, and file it either in person or by mail *within fifteen (15) calendar days of receiving this notice* with:

> Director, Civil Rights Center
> U.S. Department of Labor
> 200 Constitution Avenue, NW, Room N4123
> Washington, DC 20210

You may also file your complaint with the Secretary of Labor. However, since your complaint will only be forwarded to the CRC, filing with the Secretary may result in some delay in processing your complaint. A complaint shall be deemed timely if it is received or postmarked before the expiration of the 15-day filing period, or, in the absence of a legible postmark, if it is received by mail within 5 days of the expiration of the filing period.

The complaint must be specific and contain *only those issues either specifically discussed with me in counseling or like or related to those issues*. It must also state whether you have filed a grievance under a negotiated grievance procedure or an appeal to the Merit Systems Protection Board on the same claims.

If you retain an attorney or any other person to represent you, you or your representative must immediately notify the Director, CRC, in writing. You and/or your representative will receive a written acknowledgment of your discrimination complaint from the appropriate agency official.

Attachment

FORMAL COMPLAINT FORM

CRC–5, revised 11/99

Tab b-2

## EEO COUNSELOR'S SUMMARY REPORT

1. **Complainant's Name:** EDWARD D. WASHINGTON
   Job title/Series/Grade: NONE

   Place of Employment: 944 S. Wakefield Street, #304/Arlington, VA 22204

   Work Phone: (703)521-2100          Home Phone:(703) 204-1510
                                      Cell Phone: (703)926-0034

   Home address: 7124 Strathmore Street, Falls Church, Virginia 22042

2. **Chronology of EEO Counseling**

   Complainant initially contacted: Ms. Lillian Winstead

   Date complaint assigned to counselor: 06/30/04

   Date of Initial interview: 06/30/04

   Date of alleged discriminatory event:05/12/04

   45th day after event:

   Reason for delayed contact beyond 45th day:

   Date counseling report requested: 07/1 /04

   Date counseling report submitted: 07/15/04

3. **Basis(es) for alleged discrimination** (check as appropriate and specify in the blank provided)

   X **Race** (African American) Disability(Physical/Mental):
   Color
   National Origin                    Sex:
   Religion                           Sexual Harassment
   Age (Date of Birth)                Equal Pay Act
   Reprisal (date & subject)          Sexual Orientation*
   Comments on standards              Other:

27

Page 2

## 4. Description of the issue(s) counseled

Whether Employment & Training Administration discriminated against Edward D. Washington on the basis of race when a letter dated May 3, 2004 was received by the complainant informing him he was not selected for the Contract Specialist, GS-9 position in announcement ETA-04-047 nor confirmation on a previous announcement, ETA-04-006PN.

## 5. Remedy(ies) requested:

## 6. EEO counselor's checklist (CRC-2, Rights and Responsibilities Letter)
- Rights and Responsibilty letter Mailed 6/30/04 (certified)
- Notice of Right to File, etc. mailed 07/15/04

## 7. Summary of Interviews (Name, title, organization of interviewee, date of interview & facts conveyed)

- Keith A. Bond, ETA/OFFICE OF GRANTS & CONTRACT MANAGEMENT/DIV. OF CONTRACT SERVICES, PH X3-3316; RM.N-5425
- 7/14/04 Met with Mr. Bond, the selection official for the vacancy announcement for a Contract Specialist, GS-9. I asked Mr. Bond what was the basis for his selection of Ms. Snook, the applicant? Mr. Bond responded, because she was the first applicant on the certificate, had the experience that was needed for the job, had the qualifications and was familiar with her abilities because I was working with her. Did you interview any of the applicants? Mr. Bond stated, no. The selection was based on the documentation furnished by each applicant.

I reviewed the documentation submitted by the selectee and the complainant for the vacancy announcement and the information reflect the following:

- The complainant, Mr. Washington is a black male and Veteran with 4 years of job experience as a Contract Specialist. Performance Evaluation reflects highly successful in contract duties both in military and in private employment. Currently owns business. Received certificate and training in Purchases ('85), Contracting ('85), Acquisitions ('92) and Federal Law. Had post-high school education.

- The selectee, Ms. Jennifer Snook is a 20-25, white female with no previous job experience as a Contract Specialist or anything related. Just completed 1 (one) year job

Tab B pg. 2

Page 3

experience as a Contract worker employed by firm *ETA hired for contract work. There is no performance evaluation but an e-mail dated 3/04 describing her performance during a meeting. Received training in Intro. to Federal Contracting; Federal Contracting Negotiation; Federal Contract Law and Architect-Engineer Services and provided with cross-training during employment as contract worker. Had post-high school education. Courses were paid by Company ETA hired, per Mr. Bond.

Vacancy announcement open during same month Ms. Snook completed 1 year employment.

- 07/14/04 **Talked to Edward Washington, the complainant** regarding my interview with Mr. Keith Bond, the selecting official and review of the personnel documentation. Mr. Washington reiterated that on April 26, 2004 someone from the Dept. of Labor left a message on his phone to inform him that he was found highly qualified but the position was going to be filled by another person.

* ETA hired contracting firm.
**Summary of informal resolution attempts where complainant elected traditional couseling**

1. List personal contacts

2. Documents reviewed: personnel documentation submitted by each applicant;

3. Summary of informal resolution attempt: No resolution at this time.

GA 06-0749
CONFIDENTIAL
27

Page 4

_Gregory W. Reeves_

GREGORY W. REEVES
**EEO Counselor's Name and Signature**

FRANCIS PERKINS BLDG.
US. DEPT. OF LABOR
WASHINGTON, D.C.   20210
**Counselor's Office Address**

(202) 693-0961/0048
**Counselor's Telephone #**

JUL 15 2004  JUL 15 2004

**Date report completed & signed**

**Attachments:**
1. Informal complaint w/ documentation;
2. Copy of Rights & Responsibility ltr;
3. Copy of Final Interview letter

27

**Tab B pg. 4**

**U.S. Department of Labor**    Office of the Assistant Secretary
for Administration and Management
Washington, D.C. 20210



OCT 19 2004

Mr. Keith Bond
Supervisor
Department of Labor
Office of Grants and Contact Management
Room C4310 FPB
200 Constitution Avenue, N.W.
Washington, DC 20210

RE: Complainant: Edward Washington
CRC No. 04-11-116

Dear Mr. Bond:

I have been assigned to conduct an investigation on the above referenced complaint. I am authorized to require all agency personnel to cooperate and to provide testimony, unless such testimony would result in self-incrimination. The accepted issue under investigation is:

> Whether the Employment and Training Administration (ETA) discriminated against Mr. Edward Washington on the basis of race (Black) when he was not selected for the position of Contract Specialist, Series/Grade GS-1102-09, advertised under Vacancy Announcement number ETA-04-047PN.

The purpose of this investigation is to obtain facts concerning this discrimination complaint so that a factual Investigative Report may be compiled. It is not the purpose of my investigation to determine the culpability of any individual. I will not make any finding on whether any individual is or is not guilty of discrimination or whether you have been discriminated against in this case. My role in this matter is that of an impartial fact finder.

You are entitled to representation by a person of your choice so long as your choice does not result in a conflict of interest. The testimony that you will provide will be under oath or affirmation taken by affidavit. Your testimony will be made part of the Investigative Report, which will constitute the only official record of this fact-finding. No other record is authorized or may be made. The Investigative Report may be used for official purposes only. There is no pledge of confidentiality and your affidavit may also be shown to other parties for the purpose of this discrimination complaint adjudication. However, please be advised that the affidavit is a personal statement, which should be completed on your own, independent of influence from other individuals. Your affidavit should not be reviewed by your supervisor or other management official. However, management witnesses are able to seek legal advice from the Office of the Solicitor,

CA 06-2149
Plaintiff Exhibit
28

Tab F-2 pg. 8

Counsel for Labor Relations.[1]  Exercising this option will not extend the timeline indicated for submission of your affidavit.

Your testimony and exhibits (if offered by you) must pertain to the aforementioned issue(s) accepted for investigation.  I may exclude from the Investigative Report irrelevant exhibits not pertinent to the accepted issue.  You may also propose any additional witnesses to be included in this investigation.  If there are any witnesses you wish to propose, please include a written statement as to how you believe these proposed witnesses may provide information relevant to the issue(s) in this case.  I will then decide whether any of the witnesses you have proposed would provide relevant testimony or information that should be included in the investigation.

To begin your statement, please respond to the questions posed on the enclosed questionnaire.  Forms are provided for your written affidavit response to this investigation.  Should you need additional pages, you may make copies of the enclosed forms.  You may type your statement directly on the forms or follow the format of the forms.  Please send your finalized statement with any documents you would like to submit as exhibits to me within fifteen (15) calendar days from the date you received this letter.  I have also provided an affidavit form for your completion and signature.

You are also advised that retaliation against persons who participate in the EEO process (including participation by complainants and witnesses) is prohibited.  If you have any questions regarding this matter, please feel free to contact me at (202) 693-6552.

Sincerely,

Roderick Faulkner
EEO Specialist

Attachments

Letter of Authorization
EEO Counselor Summary
Witness Affidavit Form
Witness Questionnaire

CA 06-2149
Plaintiff Exhibit
28

---

[1] Pursuant to the Secretary's March 29, 2004 Order on Internal EEO Programs.

Witness Questionnaire
Witness: Keith Bond
EEO Complaint of Edward Washington Case No. 04-11-116

Please respond to the following request for information relative to this formal complaint of discrimination. Provide your response to the following questions on the affidavit forms enclosed. Number and initial each page and initial any corrections made to any items in your affidavit. Prepare your response in narrative form to best relate what occurred in this complaint. As you describe circumstances and facts in a time sensitive chronology, give specific and detailed information so that someone who is not familiar with the situation can understand what it is you are trying to explain/demonstrate. In other words, your affidavit should paint a picture for the person who will make the decision relative to the issue raised in this complaint.

Please provide your response to the following:

1.  Please state for the record your name, race, position, location, and duties of your work with the Department of Labor.

2.  Please describe your role/responsibilities pertaining to the vacancy announcement at issue.

3.  Please explain the merit staffing process employed to select a candidate for the position of Contract Specialist, Series/Grade GS-1102-09, advertised under Vacancy Announcement No. ETA-04-047PN.

4.  Please explain in detail why Mr. Washington was not selected for the position of Contract Specialist, Series/Grade GS-1102-09, advertised under Vacancy Announcement No. ETA-04-047PN.



CA 06-2149
Plaintiff Exhibit
25

Tab F-2 pg. 10

5. Please contrast your response to number four (4) with your detailed reasons for selecting the Selectee. Your response here must be sufficiently detailed.

6. Were you aware of the Complainant's race at the time of the selection?

7. Were you aware of the Selectee's race at the time of the selection?

8. Please state the name and race of the Selectee for the position of Contract Specialist, Series/Grade GS-1102-09, advertised under Vacancy Announcement No. ETA-04-047PN.

9. Was the selection for the Contract Specialist, Series/Grade GS-1102-09, advertised under Vacancy Announcement No. ETA-04-047PN based on race?

10. During the past two years have you made other selections in your organization? If yes, please indicate the names and the race of the selectees.

11. The Complainant alleged that an ~~employee at DOL~~ panel member informed him after reviewing the applications he was one of the best qualified, but you selected another candidate for the position. Please respond to this assertion.

12. Please provide any other relevant information that you wish to add.



CA 06-2149
Plaintiff Exhibit
24

Tab F-2 pg. 11

## WITNESS' AFFIDAVIT

I, (name) **KEITH A. BOND**

am an **X** employee of ___ applicant to ___ former employee of the U.S. Department of Labor's:

(Agency) **Employment AND TRAINING Administration**

(Office) **Office of Financial AND Admin. Management**

(Division) **DIVISION OF Contract Services**

(Branch) _____

Located in (city and state) **Washington, DC**

In the capacity of (show both your organization title and the classification of your job, if different):

**SUPERVISORY CONTRACT Specialist (1102)**

Grade **15** between (date) **5/2001** and (date) **Present**

My telephone number during working hours is: **(202) 693-3816**

**I HAVE BEEN ADVISED OF THE FOLLOWING:**

I am required by Federal regulations and Department of Labor policy to cooperate fully and promptly with the investigator who has been assigned to conduct a thorough and impartial investigation into a complaint of discrimination against the Department of Labor. I must provide a statement for the investigative report which is true and complete to the best of my knowledge and which discloses all of my firsthand knowledge having a bearing on the merits of the complaint. My statement is provided under oath (or affirmation), without a pledge of confidentiality, in accordance with Equal Employment Opportunity Commission rules and regulations and Department of Labor policy. This means that any employee(s) whom I accuse of discrimination or other acts of impropriety may be shown relevant portions of my affidavit and be provided an opportunity to respond for the record. In addition, the complainant and the appropriate Departmental officials involved in the EEO complaint process will receive the entire investigative file. I have the right to review my statement prior to signing it and may make initialized corrections if it is incomplete or inaccurate. I have the right to receive a copy of the signed statement.

I am entitled to representation by a person of my choice during my participation in the EEO process, so long as my choice does not result in a conflict of interest. I ___ have **X** have not chosen a personal representative at this time.

EEO regulations specifically protect participants in the EEO complaint process from any acts of reprisal, discrimination, coercion, harassment, restraint, or interference as a result of their participation in the complaint process.

Having been advised of the above information about my role as a witness in the investigative process, I solemnly ✓ swear ✓ affirm that the statement which follows is true and complete to the best of my knowledge and belief, and addresses the issues and concerns raised with me by the investigator.

CRC Form 10
(Rev. 9/01)



CA 06-2149
Plaintiff Exhibit
28

**KAB**
(Initials)

Tab F-2 pg. 1

Witness Questionnaire
Witness: Keith Bond
EEO Complaint of Edward Washington Case No. 04-11-116

Please respond to the following request for information relative to this formal complaint of discrimination. Provide your response to the following questions on the affidavit forms enclosed. Number and initial each page and initial any corrections made to any items in your affidavit. Prepare your response in narrative form to best relate what occurred in this complaint. As you describe circumstances and facts in a time sensitive chronology, give specific and detailed information so that someone who is not familiar with the situation can understand what it is you are trying to explain/demonstrate. In other words, your affidavit should paint a picture for the person who will make the decision relative to the issue raised in this complaint.

Please provide your response to the following:

1. Please state for the record your name, race, position, location, and duties of your work with the Department of Labor.

   My name is Keith A. Bond. I am an African-American. I am a Supervisory Contract Specialist, Contracting Officer, and Chief, Division of Contract Services, ETA/DOL. I am responsible for managing the Division of Contract Services. This Division includes the Research Contracting Unit and the Architect-Engineer (A&E) and Construction Contracting Unit.

2. Please describe your role/responsibilities pertaining to the vacancy announcement at issue.

   I was the selecting official. I reviewed each candidate's application, compared their knowledge, skills and abilities with the evaluation factors to each other and selected the best qualified applicant based on the method of evaluation stated in Job Announcement No: ETA-04-047PN.

3. Please explain the merit staffing process employed to select a candidate for the position of Contract Specialist, Series/Grade GS-1102-09, advertised under Vacancy Announcement No. ETA-04-047PN.



CA 06-2149
Plaintiff Exhibit
28

Tab F-2 pg. 2

KAB

See Announcement ETA-04-047PN for a complete description of the merit staffing process. Since there were no bargaining unit employees on the certification list, interviews of applicants were not required.

4. Please explain in detail why Mr. Washington was not selected for the position of Contract Specialist, Series/Grade GS-1102-09, advertised under Vacancy Announcement No. ETA-04-047PN.

Mr. Washington was not selected for the position of Contract Specialist, Series/Grade GS-1102-09, advertised under Vacancy Announcement No. ETA-04-047PN for the following reasons:

(1) Mr. Washington was not the most highly qualified applicant based on comparison of his application with the other eligible candidates. The application review panel ranked Mr. Washington number two on the list of applicants.

(2) Mr. Washington had no current experience as a contract specialist. In his application he cites the last time that he did contract specialist work was April 1994, ten year ago. The Federal Acquisition Regulation in which knowledge of is critical for this job has changed significantly since 1994. There was no indication in Mr. Washington's application of his knowledge best value, past performance, competitive range or recommendation for award, which are familiar terms used in the procurement profession. Mr. Washington has served as Managing Director of a multi-faceted company that provides limousine services, contract consulting services and food safety training. There is no description of work Mr. Washington performed as a contract specialist from 1994 to present.

(3) There is no indication in Mr. Washington's application that he has knowledge of A&E and Construction type contracting (Sealed Bidding). A significant amount of the contracting work performed under this announcement is A&E and Construction type contracting.

(4) Mr. Washington experience appears to be in the small purchase procurement area (he has a $25,000 contracting officer's warrant). The Division of Contract Services awards contracts from small purchases ($0 to $100,000) to large complex procurements over $20 million. The only indication in Mr. Washington's application that he worked on procurements over $100,000 is the statement "Procures supplies and services for small and large purchases".

(5) Under the evaluation factors, the majority of Mr. Washington's responses are more definitions of procurement terms rather than explanation of how he performed the specific tasks of the job i.e.

Acquisition planning assures that the Government meets its needs in an economic and timely manner;



CA 06-2149
Plaintiff Exhibit
24

Tab F-2 pg. 3

KAB

Complex procurements, especially those unique to the government, increase risk;

Price analysis evaluates a total sum, without analyzing its separate cost elements; and

Armed with this data, a price objective meeting is scheduled with the contracting officer, and the briefing conducted.

(6) Other than my reviewing of Mr. Washington's performance evaluation reports dating from 1985 to 1992, I had no personal knowledge of Mr. Washington's work performance. Mr. Washington has not had a performance appraisal since 1992.

6. Please contrast your response to number four (4) with your detailed reasons for selecting the Selectee. Your response here must be sufficiently detailed.

Ms. Snook was selected for the position of Contract Specialist, Series/Grade GS-1102-09, advertised under Vacancy Announcement No. ETA-04-047PN for the following reasons:

(1) Ms. Snook was ranked number one on the eligibility certification list by the application review panel. Mr. Washington was ranked number two. The ranking was based on comparing Ms. Snook's knowledge, skill and abilities against those of the other eligible candidates for each of the evaluation factors.

(2) Ms. Snook had experience processing A&E and Construction and Contracting by Negotiated procurements. For example, Ms. Snook has participated in sealed bid openings, A&E competitive contract selections, A&E sole source contract selections, and numerous contract modifications under A&E and Construction contracting. Ms. Snook has prepared cost reimbursement type solicitations and contracts, purchase orders, firm fixed price contracts and numerous contract modifications under Contracting by Negotiation.

(3) Ms. Snook' described her responsibilities and duties in more detail than Mr. Washington. Her duties and responsibilities were as follows:.

Responsible for all contractual functions from start to finish relating to A&E and Construction contracting actions for fifteen Job Corps centers;

Prepare solicitation documents including Requests for Proposals, Invitation for Bids, Requests for Qualifications, for competitive procurements posted at the Government point of entry;



CA 06-2149
Plaintiff Exhibit
28

**Tab F-2 pg. 4**

KAB

Analyzes competitive and sole source proposals to determine if they
responded fully to Department of Labor requirements including regulations,
policies, and procedures;

Prepare contracts, purchase orders, and contract modifications in accordance
with the Federal Acquisition Regulation and agency procedures for signature
by contractors and the Contracting Officer.

In addition, I had personal knowledge of how Ms. Snook performed the duties and
responsibilities described in the job announcement. This knowledge is based on my
observation of her performance in the Division of Contract Services for the period
January 2003 through March 2004. Ms. Snook is bright, articulate, and an extremely
hard worker with excellent oral and written communication skills. She is able to
grasp the Federal procurement procedures, laws, regulations and techniques
effectively with very little direct supervision conversely. She worked on both small
purchases and large more complex procurements. I had no personal knowledge of
how Mr. Washington performed on the job.

5. Were you aware of the Complainant's race at the time of the selection?

   No.

6. Were you aware of the Selectee's race at the time of the selection?

   Yes.

7. Please state the name and race of the Selectee for the position of Contract
   Specialist, Series/Grade GS-1102-09, advertised under Vacancy Announcement
   No. ETA-04-047PN.

   The selectee's name is Jennifer Snook. Her race is white.

8. Was the selection for the Contract Specialist, Series/Grade GS-1102-09,
   advertised under Vacancy Announcement No. ETA-04-047PN based on race?

   The selection for the Contract Specialist, Series/Grade GS-1102-09, advertised
   under Vacancy Announcement No. ETA-04-047PN position was not based on
   race.

9. During the past two years have you made other selections in your organization?
   If yes, please indicate the names and the race of the selectees.

   Lance Purvis to a GS-09 contract specialist position. Mr. Purvis was an African-
   American. Dayle White and Vera Montague to GS-12 contract specialist
   positions. Ms. White and Ms. Montague are both African-Americans. Harry B.

CA 06-2149
Plaintiff Exhibit
21

**Tab F-2 pg. 5**



Ladson Jr. to a GS-14 contract specialist position. Mr. Ladson is African-American.

10. The complainant alleged that an employee on the selection panel informed him after reviewing the application he was one of the best qualified, but you selected another candidate for the position. Please respond to this assertion.

I have no knowledge of this allegation. The selection was made to the number one applicant on the eligibility certification list who I felt was the best qualified.

11. Please provide any other relevant information that you wish to add.

I would like to clarify item 7. (documentation submitted by the complainant for the vacancy ) Summary of Interviews of the EEO Counselor's Summary Report. Jennifer Snook is a 20-25 year old white female. She had worked a year prior to the job announcement in the A&E/Construction Unit, Division of Contract Services/ETA as a contract specialist trainee. During that one year period, Ms. Snook took courses in Introduction to Federal Contracting, Federal Contract Negotiation Techniques, Federal Contract Law, Best Value Source Selection, Architect-Engineer Services Contracting, and Construction Contracting. Ms Snook also cross trained with the Research Contracting Unit to learn Contracting by Negotiation. She has a BA in French from Penn State University. The courses were paid for indirectly by the Government through Coffey Communications, LLC. Coffey Communications, LLC is a task order contractor with ETA/DOL.

12. Have you received any assistance in preparing this statement and/or has your statement been reviewed by anyone other than an attorney from the office of the Solicitor or a private legal representative? If yes, please provide the name, title, and contact information for any such individual(s).

This statement has been reviewed by an attorney (s) from the DOL Office of the Solicitor.

CA 06-2149
Plaintiff Exhibit
28



I have reviewed this statement, which consists of __7__ pages, and hereby solemnly ✓ swear ✓ affirm that it is true and complete to the best of my knowledge and belief. I understand that the information I have given will not be held confidential and may be shown to the interested parties as well as made a permanent part of the record of investigation.

_Keith A. Bauc_
(Signature of Deponent)

_11/29/04_
(Date)

Signed before me at (Street and City) _____

on this ____ day of _____, 20_____

_Roderick Dawber 11/29/04_
(Signature of Investigator/Witness)

CA 06-2143
Plaintiff Exhibit
28

CRC Form 10
(Rev. 9/01)

_KAB_
(Initials)

Tab F-2 pg. 7

Interrogatories to Marissa Dela Cerna.

1. Please cite with specificity the authority for evaluating applicants' qualifications on Construction and Architect-Engineering experience.

RESPONSE:

As of April - 2004:
Series/Grade: Contract Specialist, GS-402-13
Title of Position: Team Leader/Senior Contract Specialist
Organization: U.S. Department of Labor
Location: ETA/OFAM/Office of Grants and Contracts (OGCM)
Division of Contract Services (DCS)
200 Constitution Avenue, N.W., Room N-4655
Washington, DC 20210

Years of Experience:     Total = 20 years, with DCS = 9 years

EDUCATION:
The George Washington University, Master's Certificate in Government Contracting, 11130/2001 The University of the East, Bachelor of Science in Business, Administration (B.S.B.A.), Major: Accounting, 10/25/1979

Contracting Experience:

1) Served as Team Leader, Senior Contract Specialist, GS 1 102 -13, at the Division of Contract Services (DCS), OGCM/OFAM. I was responsible for the procurement of major and complex Architectural and Engineering (AiE) Services and Construction Services for 48 Job Corps Centers nationwide. I reviewed requests for procurement and analyzes the requirements, recommending revisions to the statement of work or specifications necessary; and determines and recommends, as necessary to the Contracting Officer the type of contract, the proposed milestones and the procurement plan that best fit the requirements of the acquisition being procured. I was commended for outstanding performance of duties and responsibilities as a leader in our division.

2) Responsible for managing the DCS Procurement Actions for 48 Job Corps Centers nationwide.

Under my leadership, my team has processed over fifty percent of total procurement actions for Fiscal Year - 04 (worth $83,218,527.55). As the result show, collectively the A&E and Construction Unit were able to maximize available funding, exceed our small business utilization expectations, and initiate 52 projects, while also technically and administratively supporting current active projects.

1A5

3) Pioneered. the Electronic Procurement System (EPS) system in ETA. I have trained and assisted a few Contract Specialists in processing procurement actions via EPS. Last year, ETA has transitioned into a new Electronic system of processing procurement actions. I took initiative to learn how the new system works and I have trained my staff on new developments on the system.

4) Guided the Division of Contract Services through the procurement management system, from solicitation to the award of contract. Approximately fifty (50) percent of acquisitions are difficult and complex involving services, which address new organizational needs and programs. Occasionally, requests involve sole source procurement.

5) Served as advisor to new Contract Specialists in managing complex situation such as interpretation of the Federal Acquisition Regulations, various simple and complex procurement actions, negotiations, cost and price analyses and reviewing Solicitation Packages to be submitted to the Contracting Officer.

6) Maintained good working relationship with co-workers and various agency officials in order to .promote cooperation and work efficiency.

7) Provided program officials with expertise in contract administration concerning matters of program monitoring which may subsequently require contractual actions.

8) Reviewed requests for the procurement of major and complex architectural, engineering and construction services.

## CERTIFICATE OF TRAINING COMPLETED:

1. DOL E-Procurement System Requisition Module & Contracting Module Training, U.S. DOL E Procurement, 24 hours
2. PRODOC - Complex FAR Documentation Generation, Distributed Solutions, Inc., 24 hours
3. Contract Claims, Management Concepts, 40 hours, 3.0 CEU
4. Construction Claims, Management Concepts, 24 hours, 1.8 CEU
5. Appropriations Law Seminar, Management Concepts, 32 hours, 2.4 CEU
6. Negotiation Strategies and Techniques, George Washington    University, 2.8 CEU
7. Design/Build Contracting, George Washington   University, 1.3   CEU
8. Federal Contracting Basics, George   Washington University, 2.8   CEU
9. Federal Procurement of A-E  Services, George Washington   University, 2.8 CEU
10. Operating Practices in Contract Administration, George Washington University. 2.8 CEU
11. Contract Pricing, George Washington University, 2.8 CEU
12. How Owners Prevent & Defend Construction Claims, Federal Publications & DOL/DMJiM/HTB, 8 hours
13. COTR-GOTR Training, U.S. DOL, 40 hours





14. JTPA Amendments Training, U.S. DOL, 16 hours
15. Federal Appropriations Law Seminar, U.S.
     DOL, 40 hours 16. Ethics Training (yearly
     basis), U.S. DOL, 8 hours every year

Leadership - Certificate of Training Completed:

1. Effective Supervision (Management Concepts),
     24  hours, 1.8 CEU
2. Resolving Conflict (Management Concepts), 16
     hours, 1.2 CEU
3. Leadership & Management Skills for Non-Managers (Management Concepts),
     16 hours, I .2 CEU
4. Interpersonal Skills: Developing Effective Relationships (Management
     Concepts), 24  hours, 1.8 CEU
5. Supporting Empowerment (U.S. Dept. Of Labor) 24 hours
6. SMUT-Supervisors, Managers & Union Pair Training, (U.S. Dept. Of Labor) 8
     hours

2. Please describe in detail the method you used to assign numerical scores to each
applicant's qualifications, to include veteran's preference points.

RESPONSE:

The "Rating Schedule" for Job Announcement No: ETA-04-047PN, Contract
Specialist GS-1 102-09, had five (5) Evaluation Factors. These three (3) sheets of
paper indicates with an explanation as to how the raters would rate as follows: (VG),
(G), and (MR). I was told by the Office of Personnel that the rating meant Very Good
for (VG), Good for (G), and Meets Requirements for (MR).

The "Qualification Evaluation Sheet" for the above-mentioned Announcement
contained the following: 1) Applicant's name, 2) Title/Grade of Position and
Announcement No., 3) Organization Location, 4) Date of Evaluation, 5) Typed Name
and Signature of Rater(s) Completing this Sheet. The rest is the table of: Evaluation
Factors, Reasons, and the Evaluation.

As one of the two raters, I completed my narratives and the ratings. I indicated the
ratings with a narrative for the "Reasons Column" and I was instructed to put a check
mark on the appropriate quality level in the Evaluation Column where I rated their
qualifications as VG, G or MR accordingly. At the beginning, we were told to write
in pencil. I personally do not want to write in pencil because I wanted my ratings to
be more readable and permanent. It took me roughly one week to rate all the
applicants.

My rating does not include any numerical rating at all. We were instructed by Valerie
Sails (Personnel Staff) to sign the sheets and. leave the **"Composite Rating"** and the

DELA CERNA
3 A 5

**"Individual Rating"** blank. THERE WAS ABSOLUTELY NOTHING ON ALL THE EVALUATION SHEETS THAT WOULD INDICATE FOR THE RATERS TO INCLUDE: **"VETERAN'S PREFERENCE POINTS"**

3. Please provide the date(s), times and purpose you were at the Department of Labor on either a Saturday in April 2004 and May 2004.

RESPONSE: I do not recall my whereabouts on April 2004 and May 2004.

4. Please explain in detail a summary of the telephone calls you place from the Department of Labor to the Plaintiff at the telephone number (703)521-2100, during the period April 2004 through May 2004.

RESPONSE: I do not recall all my phone calls during the period April 2004 through May 2004. 1 do not recognize the above telephone number.

5. Do you have any knowledge or reason to believe that Mr. Keith Bond preferred Ms. Snook's selection to any of the other applicants for Vacancy Announcement ETA-04-047PN?

RESPONSE:

Yes, I have knowledge and reason to believe that Mr. Keith Bond preferred Ms. Snook's selection to any of the other applicants for Vacancy Announcement ETA-04-047N. I have reason to believe that this position was created because Jennifer Snook was originally hired as a Contractor (Contract Specialist) in the same Division and somehow was probably offered a full time job because according to Mr. Keith Bond (the Selecting Official.), *"They are excellent employees and are the future of DCS ".* Also from Mr. Keith Bond's official Email to me, dated October 6, 2004, Mr. Bond indicated to me that *"Jillian, Jennifer, Lance, or Chanta did not have a thorough knowledge of procurement processes and regulations when they were hired ".* This E-mail started when I voiced out my opinion regarding the cross-training of new hires having little or minimal experience as a Contract Specialist.

Mr. Keith Bond has planned and intended Ms. Jennifer Snook to cross-train in Chari Magruder's section once she was hired. So, I had a strong feeling that Jennifer's spot for that position was a done deal. *Also, soon* after that, Ms. Jennifer Snook admitted to us (after our Standard of Ethics Training) that she was the one who referred Sarah Folino (Ms. Snook's friend from the same University) to Mr. Keith Bond. She was concerned because during our Standard of Ethics Class, the Solicitor's Office indicated that it is a violation of the Standard of Ethics to hand-in someone's application (SF 171) to a hiring official (which in this case was Mr. Bond).

Nevertheless, in no time, Mr. Keith Bond hired Ms. Sarah Folino. At the beginning (just like Ms. Snook), Sarah Folino was hired as a contractor Contract Specialist and later Ms. Folino was hired as a full time Government Employee. Like Ms. Snook, Ms. Sarah Folino has very minimal experience for the Contract Specialist's job. This created a pattern of Mr. Bond's hiring style and technique which everyone knew in the

25

DelA CernA
4 of 5

whole Division and Ms. Magruder among other people was also very aware of these questionable if not unfair hiring practices of Mr. Bond. If you look further and investigate further, the rest of the new hires such as Jillian Matz, Chanta Ferrell, Beatrice Moseley, Lance Purvis were hired at almost similar pattern and all without thorough knowledge of procurement processes and regulations when they were hired.

*# 3 on the QES*

## **CERTIFICATION**

I, Marissa Dela Cerna, declare under penalty of perjury under the laws of the United States that the foregoing Defendant's responses to plaintiff's Requests for Interrogatories are true and correct based upon my knowledge, information and belief.

*Marissa P. dela Cerna*
Marissa Dela Cerna

Dated: *6/20/07*

*29*

*DELA CERNA*
*5 A5*

Interrogatories directed to Chari Magruder

## INTERROGATORY NO. 1

Please cite with specificity, the authority for evaluating applicants' qualifications on Construction and Architect-Engineering experience.

## RESPONSE TO INERROGATORY NO. 1

Ms. Magruder did not evaluate applicants' qualifications or experience in Construction and Architect-Engineering. Specifically, she was charged with the responsibility of reviewing applicants' qualifications against the evaluation factors only.

## INTERROGATORY NO. 2

Please describe in detail the methodology and calculations you used to arrive at the numerical score for each applicant, to include veteran's preference points.

## RESPONSE TO INERROGATORY NO. 2

Ms. Magruder was not instructed to give numerical scores for the applicants. As a panel member, she gave applicants ratings of "Very Good," "Good" and/ or "Meets Requirements."

## INTERROGATORY NO. 3

Do you have any knowledge or reason to believe that Mr. Keith Bond preferred Ms. Snook's selection to any of the other applicants for Vacancy Announcement ETA-04-047PN?

## RESPONSE TO INERROGATORY NO. 3

No.

## INTERROGATORY NO. 4

Please explain in detail, a summary of the telephone calls you placed from the Department of Labor to the Plaintiff at telephone number (703) 521-2100, during the period April 2004 through May 2004.

## RESPONSE TO INERROGATORY NO. 4

Ms. Magruder did not place any phone calls to Plaintiff or to the cited number.

30

## INTERROGATORY NO. 5

Please describe in detail any advice or assistance you provided to Ms. Snook in the preparation of her application for Vacancy Announcement ETA-04-047PN.

## RESPONSE TO INERROGATORY NO. 5

Ms. Magruder did not provide any advice or assistance to Ms. Snook in the preparation of her application for Vacancy Announcement ETA-04-047PN.

## CERTIFICATION

I, Chari Magruder, declare under penalty of perjury under the laws of the United States that the foregoing Defendant's responses to plaintiff's Requests for Interrogatories are true and correct based upon my knowledge, information and belief.

Dated: 6/20/07

Chari Magruder

## U. S. Department of Labor

## Qualification Evaluation Sheet

| 1. Candidate Name:<br>Snook, Jennifer | 2. Title, Grade of Position and Announcement No.:<br>Contract Specialist, Gs-1102-09, ETA-04-047PN |
|---|---|

| 3. Organizational Location:<br>Employment & Training Administration<br>Office of Financial and Administrative Management<br>Office of Grants and Contract Management<br>Division of Contracts Services | 4. Date of Evaluation: April 15, 2004 |
|---|---|

™ X Composite Rating

™ Individual Rating

5. Typed Name and Signature of Rater(s) Completing this Sheet:
Marissa Delacerna
Chari Magruder

| Evaluation Factors<br><br>(H) Designates the most important factors | Reasons | Evaluation | | |
|---|---|---|---|---|
| | | VG | G | MR |
| 1. Basic knowledge of procurement procedures, laws, regulations and techniques to effectively carry out a full range of procurement assignments. (H) | Candidate demonstrates work experience dealing directly with source selection & procurement methods involving simplified acquisitions to carry out a full range of procurement assignments. | ✓ | | |
| 2. Knowledge of commonly applied procurement methods and types of contracts, such as, fixed price or cost reimbursement contracts, formula-funded or discretionary grants, and the required clauses and special provisions to plan and carry out the procurement to recommend award. (H) | Candidate demonstrates work experience in negotiated acquisitions and sealed bidding. Candidate has knowledge of the construction type contracting. Candidate has knowledge of the commonly applied procurement methods. | ✓ | | |
| 3. Knowledge of source of supply and characteristics of assigned services sufficient to identify potential suppliers, assure adequate competition, and evaluate bid responsiveness and responsibilities of the bidders. (H) | Candidate has knowledge of source of supply and characteristics of assigned services to identify suppliers. Candidate has experience in evaluating financial + non-financial data. | ✓ | | |
| 4. Knowledge of price analysis sufficient to review contractor proposals, and to perform analysis using previous history or other data sources to assure reasonableness of prices. (H) | Candidate has experience in conducting price analysis. Shows knowledge in reviewing proposals using price analysis techniques. | ✓ | | |
| 5. Skill in oral and written communications to negotiate contract prices and terms with contractors. (H) | Candidate has skill in oral and written communications to negotiate contract prices and terms with contractors. | ✓ | | |

Identify Rating Group and Subgroup:

Certification

™ Certify

™ Don't Certify

DL Form 1-38


CA 06-2149<br>Plaintiff Exhibit<br>31

**Tab F-5 pg. 2**

## U. S. Department of Labor

## Qualification Evaluation Sheet

| 1. Candidate Name:<br>Washington, Edward | 2. Title, Grade of Position and Announcement No.:<br>Contract Specialist, Gs-1102-09, ETA-04-047PN |
|---|---|

3. Organizational Location:
Employment & Training Administration
Office of Financial and Administrative Management
Office of Grants and Contract Management
Division of Contracts Services

4. Date of Evaluation:  April 15, 2004

™ X Composite Rating

™ Individual Rating

5. Typed Name and Signature of Rater(s) Completing this Sheet:
Marissa Delacerna  *Marissa S. dela Cerna*
Chari Magruder  *Chari M.*

| Evaluation Factors<br><br>(H) Designates the most important factors | Reasons | Evaluation | | |
|---|---|---|---|---|
| | | VG | G | MR |
| 1. Basic knowledge of procurement procedures, laws, regulations and techniques to effectively carry out a full range of procurement assignments. (H) | - contracting officer<br>- PAGE 7, 10, 11, 3 | ✓ | | |
| 2. Knowledge of commonly applied procurement methods and types of contracts, such as, fixed price or cost reimbursement contracts, formula-funded or discretionary grants, and the required clauses and special provisions to plan and carry out the procurement to recommend award. (H) | LACKS IN A/E experience, otherwise has other experiences and knowledge on this. | | ✓ | |
| 3. Knowledge of source of supply and characteristics of assigned services sufficient to identify potential suppliers, assure adequate competition, and evaluate bid responsiveness and responsibilities of the bidders. (H) | shows knowledge and experience on this. PAGE 3 | ✓ | | |
| 4. Knowledge of price analysis sufficient to review contractor proposals, and to perform analysis using previous history or other data sources to assure reasonableness of prices. (H) | shows educational background on price analysis PAGE 2, PAGE 22 | | ✓ | |
| 5. Skill in oral and written communications to negotiate contract prices and terms with contractors. (H) | shows experience in oral/written communication PAGES 2, 4, 10, 22 | | ✓ | |

Identify Rating Group and Subgroup:

Certification

™ Certify  *Magc*

™ Don't Certify
DL Form 1-38

CA 06-2149
Plaintiff Exhibit
37

Tab F-5 pg. 1

Notwithstanding the foregoing objection regarding the form of Plaintiff's interrogatories, Defendant responds to each, save the interrogatory addressed to Mr. Faulkner, as follows.

Interrogatories to Jennifer Snook:

## INTERROGATORY NO. 1

Please identify by name, position title, department and grade of the person(s) within the Department of Labor who assisted you in any manner in the preparation of your application.

## RESPONSE TO INERROGATORY NO. 1

Ms. Snook was not assisted in the preparation of her application.

## INTERROGATORY NO. 2

Did any employee at the Department of Labor or Coffee Communications, LLC inform, indicate, or promise you that you would be hired as a permanent employee at any time prior to you receiving the official notification of your selection for the position?

## RESPONSE TO INERROGATORY NO. 2

No.

## INTERROGATORY NO. 3

Please specify the date and the name(s), position title, department, and grade of the person who made you aware that a vacancy announcement for a Contract Specialist position in ETA/DOL would be advertised.

## RESPONSE TO INERROGATORY NO. 3

Ms. Snook has no recollection of how she was informed of the subject position's availability. She does not recall any person at Department of Labor specifically informing her that a position was available.



CA 06-2149
Plaintiff Exhibit
33

## CERTIFICATION

I, Jennifer Snook, declare under penalty of perjury under the laws of the United States that the foregoing Defendant's responses to plaintiff's Requests for Interrogatories are true and correct based upon my knowledge, information and belief.

_Jennifer A. Snook_
Jennifer Snook

Dated: 6/20/2007