UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **EDWARD D. WASHINGTON,** )  )  Plaintiff, )  )  v. )  )  **ELAINE L. CHAO, Secretary,** )  **U.S. Department of Labor,** )  )  Defendant. ) | Civil Action No. 06-2149 (CKK) |

### DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT

Defendant, Elaine L. Chao, Secretary, U.S. Department of Labor, respectfully submits this reply in support of her motion to dismiss or in the alternative for summary judgment. Neither the facts nor the law allow for Plaintiff *pro se* to recover his requested relief. Plaintiff states that he does not dispute any of the **material** facts set forth in Defendant's Statement of Material Facts Not in Genuine Dispute. See Plaintiff's Response to Defendant's Statement of Material Facts ("Plff. Resp. DSMF") at 1 ("Although Plaintiff disputes certain assertions contained in Defendant's Statement, Plaintiff does not believe that those disputes present any genuine issues of fact that are material to the resolution of this case."). Although Plaintiff disputes whether Defendant's selecting official, Keith Bond, knew that he was African-American, Plaintiff admits that he has no evidence to create a material dispute. Id. at ¶ 11 ("Plaintiff disputes this statement [that Mr. Bond was unaware of Plaintiff's race at the time of selection]. Plaintiff does not have sufficient information and belief to verify the contents of this statement."). He does not cite any controlling legal precedent which would allow him to recover on his claim of race discrimination in the absence of any evidence that Defendant knew of his

race. Plaintiff has thus, failed to establish a prima facie case of discrimination. It is clear that race was not a motive in the hiring decision at issue. Accordingly, this Court should grant Defendant's Motion to Dismiss or in the alternative, Motion for Summary Judgment and dismiss this case with prejudice.

## ARGUMENT

I. **PLAINTIFF'S DISCRIMINATION CLAIM FAILS BECAUSE DISCRIMINATION PLAYED NO PART IN DEFENDANT'S DECISION NOT TO HIRE PLAINTIFF.**

Plaintiff alleges that he "suffered disparate treatment" because Defendant violated 42 U.S.C. § 2000e-2 (a) when she did not hire him because of his race. Plaintiff's Response to Defendant's Motion to Dismiss Or, In the Alternative, for Summary Judgment ("Plff. Opp.") at 3. In support of this assertion, Plaintiff offers nothing more than a flimsy denial of clear record evidence and cites noncontrolling precedent.

Plaintiff asserts that he "did not admit that racial animus was absent from Defendant's motivation." Plff. Opp. at 4. Plaintiff supports this assertion with a small deposition excerpt. Id. (citing Plaintiff's Deposition at pages 49-50, "Why do you think he wanted to hire her?" "I can only give you the reasons he stated in the investigative file . . . ." This excerpt is ambiguous and incomplete. If anything, it contradicts his assertion of racial discrimination. In that excerpt, Plaintiff stated that he did not know what motivated selecting official Keith Bond to hire Jennifer Snook for the Contract Specialist position and that he could only cite Bond's reasons for that decision. Plaintiff effectively admitted that he had no evidence that Bond selected Snook over him because of racial animus.

2

Furthermore, Plaintiff's deposition testimony shows that he himself never believed that race motivated Bond's selection of Snook. He simply maintained that this selection was based on favoritism. See Plaintiff. Deposition ("Plff. Depo.") at 41:19 ("[S]he's his favorite."). Plaintiff testified that Bond selected Snook over him because he preferred Snook. Id. at 49:16-19. Importantly, Plaintiff stated that even if Bond had reason to believe that Plaintiff was white, Defendant would have selected Bond over Plaintiff. Id. at 54:16-24.

Plaintiff attempts to counter his own admissions by alleging procedural irregularities in the administrative process. He cites White v. Secretary of the Interior, EEOC 0192110 (1993) for his assertion that procedural irregularities can support a finding of discrimination. Plff. Opp. at 3. His argument is not legally sound. First, decisions of the Equal Employment Opportunity Commission ("EEOC") are not controlling precedent in federal courts. Tewelde v. Albright, 89 F.Supp.2d 12, 17 n. 4 (D.D.C. 2000) ("It is well established that EEOC decisions and precedents do not have controlling precedent in federal courts." ). Second, Plaintiff asserts that Defendant's denial of his request to obtain sworn affidavits during the administrative process is evidence that Defendant discriminated against him when it did not hire him for the Contract Specialist position. Bond's decision to hire Snook and the administrative process that followed that decision were two different processes in which decisions were made by different officials who operated under different procedures at distinct points in time. It is comparing apples and oranges to suggest that actions of the later process (adjudication) constitute evidence that the action of the earlier process (hiring) is discriminatory.

A plaintiff in a Title VII case can avoid summary judgment by presenting "evidence, direct or circumstantial that permits an inference of discrimination." Holcomb v. Powell, 433

F.3d 889, 899 (D.C. Cir. 2006) (internal citations omitted). Plaintiff has not met this burden, and, in fact, he is the Defendant's best witness. In his own deposition testimony, Plaintiff admitted that racial animus did not motivate Defendant's decision not to select him for the Contracts Specialist position. Plaintiff's Response to Defendant's Motion to Dismiss, Or in the Alternative, Motion for Summary Judgment provides no facts and no law that suggest his claim of racial discrimination should not be dismissed.

## II.    PLAINTIFF HAS NOT ESTABLISHED A PRIMA FACIE CASE OF RACE DISCRIMINATION.

Plaintiff has the initial burden of proving a prima facie case of discrimination. McDonnell Douglas v. Green, 411 U.S. 792, 802, 93 S.Ct. 1817, 1824 (1973). He has not done so. Instead, he has conveniently ignored a crucial element of the four prong test for establishing a prima case of racial discrimination based on refusal to hire. Plaintiff did not establish that Bond knew that he was African-American.

To establish a prima facie case of racial discrimination based on a refusal to hire, plaintiff must show that (1) he belongs to a protected class and that *employment decision-makers were aware of this*; (2) that he applied and was qualified for an available position; (3) that he was rejected despite his qualifications; and (4) that a similarly situated individual outside his protected class filled the position or the position remained vacant and the employer continued to seek applicants. Morgan v. Federal Home Loan Mortg. Corp., 172 F.Supp.2d 98, 108 (D.D.C. 2001) (citing Cones v. Shalala, 199 F.3d 512, 516 (D.C.Cir.2000)).

Plaintiff has not made a prima facie case of race discrimination. He addressed three prongs of the four prong test but ignored one. Plff. Opp. at 5. Plaintiff has shown that he was a

member of a protected class (African American) and that he was not selected for the position at issue.  Compl. at ¶ 2; Plff. Depo. at 42:9 ("She [the anonymous caller] knew I was black"); Defendant's Exhibit 5[1], Certificate of Eligibles (showing Plaintiff not selected for job).  He was qualified for the job because he made the best qualified list.  Certificate of Eligibles; Defendant's Exhibit 8, May 3, 2004 Letter from Bond to Plaintiff ("After reviewing the resumes of the best qualified applicants, of whom you were one . . . .").  Jennifer Snook, a white female (not a member of the protected group), was selected for the position instead of Plaintiff.  Defendant's Exhibit 6, Declaration of Keith A. Bond, executed on November 16, 2007 ("Bond Decl.")  Bond Decl. at ¶ 2.  Plaintiff has satisfied all of the elements of a prima facie case except one: he has not shown that Defendant was aware that he was a member of a protected class.

      Plaintiff does not address the issue of Bond's knowledge in the body of his Opposition and only makes fleeting reference to it in his Response to Defendant's Statement of Material Facts.  Defendant's Statement of Fact ¶ 11 stated that "Mr. Bond was not aware of the race of Plaintiff at the time of the selection.  He did not become aware of Plaintiff's race until after Plaintiff had filed his administrative complaint and the EEO counselor contacted him in July 2004." (internal citations omitted).  Plaintiff disputes that statement but asserts that he "does not

---

[1] All Exhibits referenced in this reply are either attached to either one of two documents: (1) Defendant's Motion to Dismiss, Or In the Alternative, for Summary Judgment or (2) Plaintiff's Response to Defendant's Motion to Dismiss, Or In the Alternative, for Summary Judgment.  If an exhibit is attached to the former, it will be referred to as "Defendant's Exhibit."  If it is attached to the latter, it will be referred to as "Plaintiff's Exhibit."

have sufficient information and belief to verify the contents of this statement."[2]  Plff. Resp. DSMF at ¶ 11.

Once again Plaintiff has been unable to confront the harsh reality that there is no evidence that the selecting official knew of Plaintiff's race when he did not select him for the Contract Specialist position.  His inartful attempts to dodge this neccessary element of his prima facie case doom his claims for relief.

Plaintiff has not provided any evidence to rebut the substantial evidence that Bond did not know of Plaintiff's race at the time of the non-hiring decision.  Furthermore, substantial, unrebutted evidence contradicts any indication that Bond knew of Plaintiff's race.  Bond's two affidavits strongly supports Bond's lack of knowledge on this point. Bond Decl. at ¶ 4 ("[A]t no time during the selection process for that position was I aware of the race of the Plaintiff."); Bond Aff. at p. 5.  Bond did not become aware of Plaintiff's race until after Plaintiff had filed his administrative complaint and the EEO counselor contacted him in July 2004.  Bond Decl. at ¶ 4.  As part of the selection process for ETA-04-047PN, Bond reviewed each candidates's application thoroughly, including that of Plaintiff.  Id. at ¶ 5.  These applications contained no information or documentation that indicated the race of the applicants.  Id.   Plaintiff has not identified any document stating his race.  Although Bond knew Snook's race from his past contact with her at the agency, no one advised Bond of the race of the candidates before he

---

[2] As previously stated, Plaintiff "disputes certain assertions contained in Defendant's Statement, [but] Plaintiff does not believe that those disputes present any genuine issues of fact that are material to the resolution of this case."  P. Resp. DSMF at 1.  Given that Plaintiff disputes Bond's lack of knowledge of his race (P. Resp. DSMF at ¶ 11), it would appear that Plaintiff believes this lack of knowledge to be immaterial to the resolution of this case.  Plaintiff cites no legal authority for this proposition.

selected Snook. Bond Decl. at ¶ 5. No interviews were conducted for the position at issue. See Bond EEO Aff. at 2; Defendant's Exhibit 9, Plaintiff's EEO Affidavit, April 24, 2005 (Plff. Aff. at 2) ("I was not interviewed by anyone at DOL concerning this vacancy announcement.").

Plaintiff has failed to establish a prima facie case of discrimination because he could not show that Defendant was aware that he was a member of a protected class. Accordingly, his claims under Title VII should be dismissed.

**III.     In the Alternative, Defendant Has A Legitimate Reason for Plaintiff's Non-Selection and There is No Evidence that Race Played Any Role in this Non-Selection.**

Even if Plaintiff has established a prima facie case under Title VII (which he has not), Defendant has a legitimate, non-discriminatory reason for its non-selection of Plaintiff for Vacancy Announcement ETA-04-047PN which Plaintiff has failed to rebut. Mr. Bond, who like Plaintiff is African-American (Defendant's Exhibit 3, Bond EEO Affidavit ("Bond Aff.") at p. 2), did not consider race as a factor when he selected Snook over Plaintiff, but rather based his decision on the significant differences in experience between these candidates. Bond Aff. at pp. 3-5. The applications review panel ranked the selectee as the best qualified candidate and ranked Plaintiff next best qualified. Id. at pp. 3-4; see also Defendant's Exhibit 5, Certificate of Eligibles. Also, the Selecting Official found that Selectee described her knowledge, skills, and abilities in greater detail than Plaintiff. Bond Aff. at p. 4. Bond noted that "[a] significant amount of the contracting work performed under this announcement is A & E and Construction type contracting." Id. at 3. He also observed that Ms. Snook had experience with A & E contracting (Bond Aff.at p. 4) while there was "no indication in Mr. Washington's application that he has knowledge of A&E and Construction type contacting (Sealed Bidding)." Id. at pp. 3, 4.

7

Plaintiff argues that "Defendant masked his real reasons for hiring the selectee rather than the Plaintiff." Plff. Opp. At 5. He has offered no admissible evidence showing that race motivated Bond's decision.

Plaintiff filed this lawsuit because of an anonymous telephone call that informed him of his nonselection (Plff. Depo.at 51:20-23) yet he has conceded that this telephone call is hearsay. He offers no argument rebutting Defendant's assertion that the call was hearsay. Instead, Plaintiff merely cites his lack of "legal acumen" and explains why the Court should believe his account of the call. See Plff. Opp. at 6-7.

Plaintiff notes that Bond stated that he chose Snook over him because his application did not indicate that he had knowledge of Architect-Engineering ("A& E") and Construction type contracting (Sealed Bidding). Id. Plaintiff asserts that this factor (Sealed Bidding) was not published in the vacancy announcement. This fact is not relevant. Although A & E contract experience is not specifically listed in the Vacancy Announcement ETA-04-047PN, it is subsumed within several evaluation factors listed in that announcement. See Vacancy Announcement, ETA-04-047PN (Knowledge of commonly applied procurement methods and **types of contracts** and Knowledge of source of supply and characteristics of assigned **services**) (emphasis added). A decision to hire an individual based on a factor not expressly included in the vacancy announcement does not constitute discrimination. See Jackson v. Gonzales, 496 F.3d 703, 709 (D.C. Cir. 2007) ("[W]e are aware of no previous case from this or any other circuit suggesting that an employee gets past summary judgment simply by showing that a factor in the hiring decision was not expressly listed in the job description when the factor was encompassed by the job description.").

Some of the qualifications relevant to the position may be realized only after the vacancy announcement has been issued and applications have been received. Indeed, a persuasive application may cause a selecting official to gain an appreciation for a skill that an applicant possesses even though that official had not recognized the value of that skill to the position when the announcement was issued. If the judiciary declared such applicant evaluations to be "discrimination," it would be unduly interfering with a selecting official's duty to hire the best qualified person for a position. See Fischbach v. D.C. Dep't of Corr., 86 F.3d 1180, 1183 (D.C.Cir.1996) ("Once the employer has articulated a nondiscriminatory explanation for its action, ... the issue is not the correctness or desirability of [the] reasons offered ... [but] whether the employer honestly believes in the reasons it offers."). (internal quotations and citations omitted).

Plaintiff also argues that summary judgment is not appropriate because Marissa Dela Cerna stated that she has "knowledge and reason to believe that Mr. Bond used discriminatory hiring practices" in her Interrogatory Response. Plff. Opp. at 10. Ms. Dela Cerna made no such assertion. Instead, she characterized Bond's hiring practices as "questionable if not unfair." Plaintiff's Exhibit 29 at p. 5. Ms. Dela Cerna does not characterize Bond's acts as discriminatory. Rather, she takes issue with his practice of "cross-training of new hires having little or minimal experience as a Contract Specialist." Id. at 4. Her disagreement with the soundness of Bond's personnel decisions cannot form the basis of Plaintiff's discrimination claim.

In a final attempt to prove that discrimination was a motivating factor for his non-hiring, Plaintiff reprises his criticism of the administrative process and again supports his assertions with

inapplicable EEOC decisions. Plff. Opp. at 7-8. Plaintiff is grasping for straws. See Plff. Opp. at 7 ("Both DOL and EEOC had ample opportunities to fairly investigate the Plaintiff's complaint during the administrative phase. The Plaintiff provided documentation that articulated his qualifications, and rebuted the SO's undermining of his qualifications.") However, the administrative process is unreveiwable and inapplicable to this case. Because Plaintiff failed to establish either that race was a motivating factor in the non-selection or that defendant's reasons for the non-selection are pretext for racial discrimination, Plaintiff's claims must be dismissed.

**IV.    Plaintiff Has Failed to Establish the "Even Tougher" Background Circumstances Necessary when the Alleged Discriminating Official is the Same Race as the Plaintiff.**

Plaintiff has also failed to establish the background circumstances necessary when alleging discrimination by an official who is the same race as himself. Because Plaintiff's race is the same as that of the alleged discriminating official, Mr. Bond (Bond Aff. at p.1 (Bond states that he is an African-American)), he must overcome an inference against discrimination. See Hammond v. Chao, 383 F.Supp.2d 47, 58 n.2 (D.D.C. 2005)(noting that it "weigh[ed] against an inference of discrimination when both the Plaintiff and the selecting official were African-American."); Schmidt v. Chao, No. 04-892, 2006 WL 1663389, at *5 (D.D.C. June 13, 2006) (stating that it "weigh[ed] against an inference of discrimination" when both the Plaintiff and the selecting official are Caucasian); Horvath v. Thompson, 329 F.Supp.2d 1, 5(D.D.C. 2004) (citing Fairchild v. Forma Scientific, Inc., 147 F.3d 567, 573 (7th Cir. 1998)) (applying principle where plaintiff's gender was same as that of the selecting official).

Plaintiff has not overcome this inference against discrimination. He merely states that his shared racial background with Bond is irrelevant "because the plaintiff's case can be proven

'indirectly by showing that employer's proffered explanation is unworthy of credence.'" Plff. Opp. at 8-9.  As noted above, however, Plaintiff has not shown that Defendant's explanations are unworthy of credence.  Plaintiff only cites analysis of pretext in disparate impact cases.  Plff. Opp. at 9.  However, the instant case does not concern disparate impact but rather is a disparate treatment case alleging intentional discrimination.  See Plff. Opp. at 3 (Plaintiff alleges that he "suffered racially disparate treatment.").  Once again, Plaintiff has neglected to establish necessary facts and has cited inapplicable precedent.

As shown above, there is nothing racially motivated about Bond's non-selection of Plaintiff.  Plaintiff has admitted this fact in his sworn testimony.  Bond did not know Plaintiff's race when he made the selection.  Furthermore, there is no evidence suggesting that Bond has an aversion to hiring African-American employees.  Indeed, in the two years preceding Plaintiff's complaint, Bond selected four (4) African-Americans for positions ranging from GS-9 to GS-14.  Defendant's Exhibit 3, Bond EEO Affidavit at 5-6.  The facts of this case and Bond's recent hiring history all show that he did not have a racial bias against selecting African Americans for employment.  Therefore, one should infer that Bond did not discriminate against Plaintiff on the basis of race because he is the same race as Plaintiff.

## CONCLUSION

Wherefore Defendant respectfully submits that her Motion to Dismiss or, in the Alternative, Motion for Summary Judgment, should be granted and this matter should be dismissed with prejudice.

Respectfully submitted,

/s/
JEFFREY A. TAYLOR, DC Bar #489610
United States Attorney

/s/
RUDOLPH CONTRERAS, DC Bar #434122
Assistant United States Attorney

/s/
ALEXANDER D. SHOAIBI, DC Bar #423587
Assistant United States Attorney
Judiciary Center Building – Civil Division
555 Fourth Street, N.W. – Room E-4218
Washington, D.C. 20530
(202) 514-7236

Counsel for the Defendant

OF COUNSEL:
David Peña
Office of the Solicitor
Department of Labor

January 24, 2008

## TABLE OF AUTHORITIES

### FEDERAL CASES

Cones v. Shalala, 199 F.3d 512 (D.C.Cir.2000). . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  4

Fairchild v. Forma Scientific, Inc., 147 F.3d 567 (7th Cir. 1998). . . . . . . . . . . . . . . . . . 10

Fischbach v. D.C. Department of Correction, 86 F.3d 1180 (D.C.Cir.1996). . . . . . . . . .  9

Hammond v. Chao, 383 F. Supp. 2d 47 (D.D.C. 2005). . . . . . . . . . . . . . . . . . . . . . . . . 10

Holcomb v. Powell, 433 F.3d 889 (D.C. Cir. 2006). . . . . . . . . . . . . . . . . . . . . . . . . . . .  3

Horvath v. Thompson, 329 F.Supp.2d 1 (D.D.C. 2004). . . . . . . . . . . . . . . . . . . . . . . . . . 10

Jackson v. Gonzales, 496 F.3d 703 (D.C. Cir. 2007). . . . . . . . . . . . . . . . . . . . . . . . . . .  8

McDonnell Douglas v. Green, 411 U.S. 792, 93 S. Ct. 1817 (1973). . . . . . . . . . . . . . . .  4

Morgan v. Federal Home Loan Mortg. Corp., 172 F. Supp. 2d 98 (D.D.C. 2001). . . . . .  4

Schmidt v. Chao, No. 04-892, 2006 WL 166389 (D.D.C. June 13, 2006). . . . . . . . . . . . 10

Tewelde v. Albright, 89 F. Supp. 2d 12 (D.D.C. 2000). . . . . . . . . . . . . . . . . . . . . . . . . .  3

### ADMINISTRATIVE DECISIONS

White v. Secretary of the Interior, EEOC 0192110 (1993). . . . . . . . . . . . . . . . . . . . . . . . 3

### FEDERAL STATUTES

42 U.S.C. 2000e-2 (a). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

## CERTIFICATE OF SERVICE

I hereby certify that, on this 24th day of January, 2008, I caused the foregoing **Defendant's Reply to Plaintiff's Opposition to Defendant's Motion to Dismiss, or in the Alternative for Summary Judgment** to be served on Plaintiff *pro se* by U.S. mail, postage prepaid, addressed as follows:

**Edward D. Washington**
**7124 Strathmore Street**
**Falls Church, VA 22042**

/s/
ALEXANDER D. SHOAIBI, DC Bar #423587
Assistant United States Attorney
Judiciary Center Building – Civil Division
555 Fourth Street, N.W. – Room E-4218
Washington, D.C. 20530
(202) 514-7236

Counsel for the Defendant